**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**GATEGUARD, INC.,**

**Plaintiff,**

**vs.**

**GOLDMONT REALTY CORP., LEON**
**GOLDENBERG and ABI GOLDENBERG,**

**Defendant.**

---

**Civ. No. 1:20-cv-1609**

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that defendants  GOLDMONT REALTY CORP.

("Goldmont"), LEON GOLDENBERG ("Leon") and ABI GOLDENBERG ("Abi") (referred

to collectively as "Defendants), by and through their attorneys Koss & Schonfeld, LLP, hereby

removes this action, pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, from the Supreme

Court of the State of New York, County of New York, to the United States District Court for

the Southern District of New York. In support of this Notice of Removal, Defendants state the

following:

1.      On December 4, 2019, plaintiff commenced an action in the Supreme Court

of the State of New York, New York County, captioned *GateGuard, Inc. v. Goldmont Realty*

*Corp. et al*, Index No. 657197/19. Defendant Abi was not a named defendant in that action.

A true and correct copy of the Summons and Complaint is attached as Exhibit A.

2.      An affidavit of (non-personal) service was filed on December 18, 2019

(Exhibit B).

3.      The Summons and Complaint asserts claims against Defendants Goldmont and

Leon alleged breach of contract.

4.      On January 12, 2020, the undersigned moved to dismiss the Complaint for failure to state a claim insofar as it related to Defendant Leon.

5.      Plaintiff did not oppose the motion.

6.      Also on January 12, 2020, the undersigned filed an answer with discovery demands on Plaintiff Gateguard, a copy of which is annexed hereto as Exhibit C.

7.      To date, no responses has been provided.

8.      Following the return date of the motion to dismiss, on February 1, 2020, Plaintiff filed an amended Complaint, a copy of which is annexed hereto as Exhibit D.

9.      The Amended Compliant added a party (Abi) but was filed without leave of Court.

10.     Following the filing of the Amended Compliant, the Court *sua sponte* denied the motion to dismiss as moot (Exhibit E).

11.     As of this wring, Abi has not been served with the Amended Complaint.

12.     DEFENDANTS believe that plaintiff's claims are without merit.

13.     DEFENDANTS have not made any filings in the state court action other than those set forth above.

14.     This Notice of Removal is being filed in the United States District Court for the Southern District of New York, the district in which the case is pending.

15.     This Notice of Removal is being filed within thirty days of defendant's receipt of service of the Amended Summons and Complaint, as required by 28 U.S.C. § 1446(b).

16.     This Court has original jurisdiction over this action under 28 U.S.C. §

1332(a)(1), because this is an action between citizens of different States, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

17.     The Complaint alleges that plaintiff's is a Delaware citizen.

18.     Plaintiff is a Delaware citizen while Goldmont and Leon are Citizens of New York and Abi is a citizen of New Jersey (despite the false allegation in the Amended Complaint that he resides in Brooklyn). As a result, the parties are completely diverse pursuant to 28 U.S.C. § 1332(a).

## AMOUNT IN CONTROVERSY

19.     Diversity jurisdiction under 28 U.S.C. § 1332 also requires that the amount in controversy, exclusive of interest and costs, be in excess of $75,000.

20.     The Complaint demands $369,000 in monetary damages.  Compl. ¶ A and well as additional unspecified monetary damages.

## CONCLUSION

21.     Complete diversity exists between plaintiff, a citizen of Delaware, and DEFENDANTS, citizens of New York and New Jersey and the amount in controversy exceeds $75,000. Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a).

22.     DEFENDANTS will provide plaintiff with prompt written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d) and will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of

New York, where the Complaint was originally filed.

WHEREFORE, DEFENDANTS requests that this action be removed from the

Supreme Court of the State of New York, New York, to the United States District Court for the

Southern District of New York.

Dated: February 24, 2020
        New York, New York

Respectfully submitted,

Simcha D. Schonfeld, Esq.
**KOSS & SCHONFELD, LLP**
*Attorneys for Defendants*
90 John Street, Suite 503
New York, NY 10038
(212) 796-8916

TO:

       Ariel Reinitz, Esq.
       Fisher Broyles, LLP
       445 Park Avenue, Ninth Floor
       New York, NY 10022
       Attorneys for Plaintiff

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x
GATEGUARD, INC.,

        *Plaintiff*,                                Index No.

    v.                                 **SUMMONS**

GOLDMONT REALTY CORP.,
LEON GOLDENBERG,
                                      VENUE: CPLR §§ 503 & 507

        *Defendants*.

-----------------------------------------------------------------------x

        TO THE ABOVE-NAMED DEFENDANT(s):


        **YOU ARE HEREBY SUMMONED** and required to appear by serving an answer to the annexed Verified Complaint upon Plaintiff's attorney, at the address stated below, within twenty (20) days after service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you for the relief demanded in the Verified Complaint, together with the costs of this action.

Dated: New York, New York
       December 4, 2019

                                      **FISHERBROYLES, LLP**
                                      *Attorneys for Plaintiff*

                                      By: */s/ Ariel Reinitz*
                                          Ariel Reinitz
                                    445 Park Avenue, Ninth Floor
                                    New York, NY 10022
                                    (646)494-6909


To:    Goldmont Realty Corp.
        1360 East 14th Street Suite 101
        Brooklyn, NY 11230

        Leon Goldenberg
        255 E 27th St.
        Brooklyn, NY 11210

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------x

GATEGUARD, INC.,

        *Plaintiff*,

       v.

GOLDMONT REALTY CORP.,
LEON GOLDENBERG,

        *Defendants*.

-----------------------------------------------------------------------x

Index No.

**VERIFIED
COMPLAINT**

**JURY TRIAL
DEMANDED**

Plaintiff GateGuard, Inc. ("GateGuard" or "Plaintiff"), by its attorneys FisherBroyles,

LLP, alleges as follows:

## INTRODUCTION

1.     GateGuard is a startup company that provides intercom devices and related

services to hundreds of multi-tenant apartment buildings in New York and throughout the U.S.

2.     Defendant Goldmont Realty Corp. ("Goldmont") is a prominent real-estate owner

and management company based in Brooklyn, NY. Goldmont's CEO, Defendant Leon

Goldenberg ("Goldenberg") is a high-profile investor, community activist, and media

personality.

3.     On August 30, 2019, Goldmont and GateGuard entered into an Equipment

Purchase Agreement (the "Agreement"), whereby Goldmont purchased 41 GateGuard intercom

devices at a substantial discount from GateGuard's standard pricing.

4.     The 41 purchased devices were delivered to Goldmont on October 29, 2019.

5.     Pursuant to the Agreement, Goldmont must now make a purchase payment of

$369,000.00 to GateGuard.

6.      Over several phone calls and emails regarding the payment due to GateGuard, Goldmont's counsel asserted that "***the terms [of the Agreement] are <u>irrelevant</u>***."

7.      Goldmont's counsel further referenced Goldmont and Goldenberg's prominence in an attempt to intimidate GateGuard – a startup company with limited resources – from collecting the agreed-upon payment.

8.      Specifically, Goldmont's counsel noted that ***Goldmont and Goldenberg "have lots of money"*** and would ***"drag this [dispute] out forever,"*** sooner than pay GateGuard the amount due under the Agreement.

9.       Goldmont's failure to pay GateGuard the amount due, in addition to the intimidation tactics it has employed to dissuade GateGuard from collecting, have caused significant harm and disruption to GateGuard's business.

## THE PARTIES

10.     GateGuard is a Delaware corporation having a place of business at 5 Penn Plaza #2372, New York, NY 10001.

11.     Upon information and belief, Goldmont Realty Corp. ("Goldmont") is a domestic corporation having a principal place of business at 1360 East 14th Street Suite 101, Brooklyn, NY 11230.

12.     Leon Goldenberg is an individual residing at 1255 E 27th St., Brooklyn, NY 11210. Upon information and belief, Goldenberg is the Chief Executive Officer of Goldmont.

2

Case 1:20-cv-01609-AJN-GWG   Document 1   Filed 02/24/20   Page 10 of 32

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over Defendants pursuant to CPLR § 301 because each of them resides and conducts business in the State of New York.

14.     Venue is proper in New York County pursuant to CPLR § 503(a) because at least one of the parties currently resides in New York County and a substantial part of the events giving rise to Plaintiffs' claims occurred in New York County.

## FACTUAL BACKGROUND

15.     On August 30, 2019, Goldenberg, on behalf of Goldmont, entered into a written Equipment Purchase Agreement (the "Agreement") with GateGuard.

16.     Pursuant to the Agreement, Goldmont agreed to purchase 41 GateGuard "AI" Intercom Devices (the "Devices").

17.     The Agreement specifies that "[t]he total purchase price to GOLDMONT of the 41 Devices is $369,000."

18.     The Agreement further allows Goldmont to make payments towards the total purchase price to a third-party financer ("TPF"). If Goldmont elects to veto the involvement of the TPF, the Agreement requires Goldmont to pay GateGuard the total purchase price ($369,000.00) within 30 days of delivery of the Devices to Goldmont.

19.     On October 29, 2019, the 41 Devices were delivered to Goldmont's offices at 1360 East 14th Street Suite 101, Brooklyn, NY 11230.

20.     On November 19, 2019, counsel for Goldmont contacted GateGuard's counsel by phone and conveyed that Goldmont had elected to veto the involvement of the TPF under the Agreement.

3

21.     When confronted with the fact that, by vetoing the TPF, Goldmont was obligated to pay $369,000.00 to GateGuard, counsel for Goldmont asserted that "*the terms are irrelevant*."

22.     Counsel for Goldmont further noted that "Goldmont's a large company. They have a lot of money and… can drag this out forever" in litigation, whereas "[GateGuard] does not."

23.     As 30 days have elapsed since the delivery of the Devices, Goldmont owes GateGuard $369,000.00 under the agreement.

24.     To date, Goldmont has failed and refused to make the payment to GateGuard.

## FIRST CAUSE OF ACTION

25.     GateGuard realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 24 above.

26.     At all relevant times, GateGuard had a valid and enforceable contract with Defendants.

27.     GateGuard fully performed under the contract and all conditions precedent to enforcement of the contract have been satisfied.

28.     By refusing to make a payment to GateGuard in the amount of $369,000.00, Defendants have materially breached their contractual obligations to GateGuard.

29.     GateGuard has been damaged as a result of Defendants' breach of contract.

**WHEREFORE** Plaintiff demands judgment against Defendants as follows:

A.     Judgment against Defendants, awarding Plaintiff damages in the amount of $369,000.00, with interest thereon;

4

B.     The costs and disbursements incurred in connection with this action;

C.     Incidental damages and consequential damages; and

D.     Such other and further relief as the Court may deem proper and just.

RESPECTFULLY SUBMITTED,

New York, NY
December 4, 2019

*/s/ Ariel Reinitz*
Ariel Reinitz
FISHERBROYLES, LLP
445 Park Avenue, Ninth Floor
New York, NY 10022
(646)494-6909
Ariel.Reinitz@FisherBroyles.com
*Attorneys for Plaintiff*

5

Case 1:20-cv-01609-AJN-GWG   Document 1   Filed 02/24/20   Page 13 of 32

## VERIFICATION

ARI TEMAN hereby affirms, deposes, and says:

1.      I am CEO of GateGuard, Inc., Plaintiffs in this action.

2.      I have read the forgoing Verified Complaint and know the contents thereof. Based
on my personal knowledge, together with the information reasonably available to me in the
ordinary course of business, I hereby verify that the contents of the Verified Complaint are true,
except those statements made upon information and belief, which, to the best of my knowledge,
information, and belief, are also true.

December ⁴⁄, 2019                                    _____
                                                              Ari Teman


SWORN TO AND SUBSCRIBED before
Me on December ___, 2019

                                    ┌─────────────────────────────┐
                                    │        LARITZA PEREZ         │
                                    │ Notary Public - State of Florida │
                                    │     Commission # GG 018728    │
                                    │   My Comm. Expires Aug 4, 2020 │
                                    └─────────────────────────────┘
_____
        Notary Public
Printed Name: Laritza Perez

My Commission Expires: Aug 4, 2020

6

Exhibit B

Case 1:20-cv-01609-AJN-GWG   Document 1   Filed 02/24/20   Page 15 of 32

INDEX #: 657197/2019
DATE FILED: 12/4/2019
ATTORNEY: **FISHERBROYLES, LLP**
    **445 PARK AVENUE 9TH FLOOR NEW YORK NY 10022 (212)679-6312**

---

**SUPREME** COURT OF THE STATE OF NEW YORK        NEW YORK COUNTY

---

**GATEGUARD, INC.,**
Plaintiff(s)
- against -
**GOLDMONT REALTY CORP.,**
**LEON GOLDENBERG,**
Defendant(s)

---

**STATE OF NEW YORK:**
**COUNTY OF ALBANY:    ss:**

STEF MARIE, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on **12/12/2019, 04:06PM** at **99 WASHINGTON AVENUE, 6TH FLOOR, ALBANY, NEW YORK 12231**, deponent served a  **SUMMONS, VERIFIED COMPLAINT AND NOTICE OF ELECTRONIC FILING** upon **GOLDMONT REALTY CORP.**, a defendant in the above captioned matter.

Deponent served **COLLEEN BANAHAN**, a person authorized by the **NEW YORK Secretary of State** to accept service of process, with **2 copies** of the above described papers and the statutory fee of **$40.00** pursuant to section **306** of the **NY BUSINESS CORPORATION LAW**.

DEPONENT DESCRIBES THE INDIVIDUAL SERVED AS FOLLOWS:
Sex **F**    Approximate age **40**    Approximate height **5'06"**    Approximate weight **285**    Color of skin **WHITE**    Color of hair **GRAY**    Other **GLASSES**

Sworn to before me on 12/13/2019
JILL DOCHERTY  NO. 01DO6373160
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ALBANY COUNTY
COMMISSION EXPIRES ON APRIL 2, 2022

X _S. marie_
STEF MARIE

**DAN HAMILTON- PROFESSIONAL PROCESS SERVER**
**7 MONTANA PLACE  HUNTINGTON STATION, NY 11746 (516)457-9797**

New York State Supreme Court          New York County          Index #: 657197-19

**GATEGUARD, INC.,**

|                          |                                    |
|--------------------------|------------------------------------|
| *Plaintiff,*             | **Affidavit of Service**           |
|                          | FisherBroyles LLP.                 |
| -against-                | 445 Park Ave. 9th Floor            |
|                          | New York, NY 10022                 |
| **GOLDMONT REALTY CORP., and LEON GOLDBERG,** | (646) 494-6909 |
|                          |                                    |
| *Defendants.*            |                                    |

Suffolk County, State of: New York, <u>Dan Hamilton</u>, being sworn says:
Deponent is not a party herein; is over the age of 18 years and resides in the State of <u>New York</u>
On **December 6, 2019** at **11:47 AM** at  **1360 East 14th St. Brooklyn, NY 11230 - Ste. 101**
Deponent completed corporate service of a true copy of the **Summons and Verified Complaint with E-filing Notice attached**
On: **Goldmont Realty Corp.** (herein after called the recipient) therein named.

     Deponent states that he handed a true copy of said papers to **Tamara "Doe"** (declined last name) who identified herself as an assistant at the business and confirmed that she is authorized to accept service. Tamara accepted said papers in hand and said she will give them to the owner when he arrives at the office. Tamara is described as a white Female, with blonde hair, approx. 5'7, 30 years old and 135 lbs.
    Deponent further states that on December 7, 2019 he deposited in the United States mail another true copy of the aforementioned documents properly enclosed and sealed in post-paid wrappers addressed to the recipient at the addresses above. Said copy was mailed via regular, first class mail and the envelope was marked "personal and confidential" and did not indicate on the outside that the communication concerns any legal action whatsoever.

Sworn to before me on _12/10/19_

_____
Dan Hamilton, NYC DCA #1131952

Michael Daniel Sharp
Notary Public, State of New York
No.02SH6261323
Qualified in New York County
Commission Expires 5/14/2020





UNITED STATES POSTAL SERVICE®

**Certificate Of Mailing**

To pay fee, affix stamps or meter postage here.

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.

From: DH
7 Montana Pl.
Hunt. St. NY 11746

To: LEON GOLDENBERG
1255 E. 27TH ST.
BROOKLYN, NY 11210

Postmark Here

HUNTINGTON STA, NY 11746 USPS DEC -7 2019

PS Form **3817**, April 2007 PSN 7530-02-000-9065

PERSONAL & CONFIDENTIAL

UNITED STATES POSTAL SERVICE®

**Certificate Of Mailing**

To pay fee, affix stamps or meter postage here.

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.

From: DH
7 Montana Pl.
Hunt. St. NY 11746

To: LEON GOLDENBERG
1360 EAST 14TH ST.
STE. 101
BROOKLYN, NY 11230

Postmark Here

HUNTINGTON STA, NY 11746 USPS DEC -7 2019

PS Form **3817**, April 2007 PSN 7530-02-000-9065

PERSONAL & CONFIDENTIAL

UNITED STATES POSTAL SERVICE®

**Certificate Of Mailing**

To pay fee, affix stamps or meter postage here.

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.

From: DH
7 Montana Pl.
Hunt. St. NY 11746

To: GOLDMONT REALTY CORP
1360 EAST 14TH ST
STE. 101
BROOKLYN, NY 11230

Postmark Here

HUNTINGTON STA, NY 11746 USPS DEC -7 2019

PS Form **3817**, April 2007 PSN 7530-02-000-9065

PERSONAL & CONFIDENTIAL

| New York State Supreme Court | New York County | Index #: 657197-19 |

**GATEGUARD, INC.,**

               *Plaintiff,*

-against-

**GOLDMONT REALTY CORP., and LEON GOLDBERG,**

               *Defendants.*

**Affidavit of Service**
FisherBroyles LLP.
445 Park Ave. 9th Floor
New York, NY 10022
(646) 494-6909

Suffolk County, State of: New York, <u>Dan Hamilton</u>, being sworn says:
Deponent is not a party herein; is over the age of 18 years and resides in the State of <u>New York</u>
On **December 6, 2019** at **11:25 AM** at **1255 East 27th St. Brooklyn, NY 11210**
Deponent completed substitute service of a true copy of the **Summons and Verified Complaint with E-filing Notice attached**
On: **Leon Goldberg** (herein after called the recipient) therein named.

    Deponent states that at the above address, date and time he served said papers upon the recipient by handing them to **Agnes Goldberg** personally, who identified herself as the recipient's spouse, confirmed that this is his actual place of residence and that he wasn't home at the time but she would make sure he receives said papers. Agnes, a person of suitable age and discretion also confirmed that the recipient is not in any active military service, is described as a white Female, approx. 60 years old, 5'6, 150 lbs. and was wearing a dark headdress which concealed her hair.

    Deponent further states that on the same day at **11:47 AM,** he also went to the recipient's actual place of business located at **1360 East 14th St. Brooklyn, NY 11230 - Ste. 101** and served a true copy of said papers there. At said time date and location, deponent handed said papers to a woman who identified herself as Tamara "Doe" (declined last name.) Tamara said she is an assistant at the recipient's business and confirmed this is the recipient's actual place of business and that she will give him said papers when he arrives. A person of suitable age and discretion, Tamara is described as a white Female, with blonde hair, approx. 5'7, 30 years old and 135 lbs.

    Deponent further states that on December 7, 2019 he deposited in the United States mail another true copy of the aforementioned documents properly enclosed and sealed in post-paid wrappers addressed to the recipient at each of the addresses above. Said copies were mailed via regular, first class mail and the envelopes were marked "personal and confidential" and did not indicate on the outside that the communications concern any legal action whatsoever.

Sworn to before me on   *12/10/19*

                                 Dan Hamilton, NYC DCA #1131952

Michael Daniel Sharp
Notary Public, State of New York
No.02SH6261323
Qualified in New York County
Commission Expires 5/14/2020





UNITED STATES POSTAL SERVICE®

**Certificate Of Mailing**

To pay fee, affix stamps or meter postage here.

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.

From: DH
7 Montana Pl.
Hunt. St. NY 11746

To: LEON GOLDENBERG
1255 E. 27TH ST.
BROOKLYN, NY 11229

USPS HUNTINGTON STA, NY 11746 DEC - 7 2019 Postmark Here

PS Form **3817**, April 2007 PSN 7530-02-000-9065

PERSONAL & CONFIDENTIAL

UNITED STATES POSTAL SERVICE®

**Certificate Of Mailing**

To pay fee, affix stamps or meter postage here.

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.

From: DH
7 Montana Pl.
Hunt. St. NY 11746

To: LEON GOLDENBERG
1360 EAST 14TH ST.
STE. 101
BROOKLYN, NY 11230

USPS HUNTINGTON STA, NY 11746 DEC - 7 2019 Postmark Here

PS Form **3817**, April 2007 PSN 7530-02-000-9065

PERSONAL & CONFIDENTIAL

UNITED STATES POSTAL SERVICE®

**Certificate Of Mailing**

To pay fee, affix stamps or meter postage here.

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.

From: DH
7 Montana Pl.
Hunt. St. NY 11746

To: GOLDMONT REALTY CORP
1360 EAST 14TH ST
STE. 101
BROOKLYN, NY 11230

USPS HUNTINGTON STA, NY 11746 DEC - 7 2019 Postmark Here

PS Form **3817**, April 2007 PSN 7530-02-000-9065

PERSONAL & CONFIDENTIAL

Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------x

GATEGUARD, INC.,

        *Plaintiff*,

        v.

GOLDMONT REALTY CORP.,
LEON GOLDENBERG, ABI
GOLDENBERG,

        *Defendants*.

-----------------------------------------------------------------------x

Index No.  657197/2019

**SUMMONS**

VENUE: CPLR §§ 503 & 507

TO THE ABOVE-NAMED DEFENDANT(s):

      **YOU ARE HEREBY SUMMONED** and required to appear by serving an answer to the annexed Verified Complaint upon Plaintiff's attorney, at the address stated below, within twenty (20) days after service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you for the relief demanded in the Verified Complaint, together with the costs of this action.

Dated: New York, New York
      February 1, 2020

                            **FISHERBROYLES, LLP**
                            *Attorneys for Plaintiff*

                            By: */s/ Ariel Reinitz*
                                Ariel Reinitz
                            445 Park Avenue, Ninth Floor
                            New York, NY 10022
                            (646)494-6909

To:    Abi Goldenberg
        1360 East 14th Street Suite 101
        Brooklyn, NY 11230

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------x

GATEGUARD, INC.,

        *Plaintiff*,

        v.

GOLDMONT REALTY CORP.,
LEON GOLDENBERG, ABI
GOLDENBERG,

        *Defendants*.

-----------------------------------------------------------------------x

Index No.  657197/2019

**VERIFIED FIRST
AMENDED COMPLAINT**

**JURY TRIAL
DEMANDED**

Plaintiff GateGuard, Inc. ("GateGuard" or "Plaintiff"), by its attorneys FisherBroyles, LLP, alleges as follows:

## <u>INTRODUCTION</u>

1.     GateGuard is a startup company that provides intercom devices and related services to hundreds of multi-tenant apartment buildings in New York and throughout the U.S.

2.     Defendant Goldmont Realty Corp. ("Goldmont") is a prominent real-estate owner and management company based in Brooklyn, NY. Goldmont's CEO, Defendant Leon Goldenberg ("L. Goldenberg") is a high-profile investor, community activist, and media personality.

3.     On August 30, 2019, Goldmont and GateGuard entered into an Equipment Purchase Agreement (the "Agreement"), whereby Goldmont purchased 41 GateGuard intercom devices at a substantial discount from GateGuard's standard pricing.

4.     The 41 purchased devices were delivered to Goldmont on October 29, 2019.

5.     Pursuant to the Agreement, Goldmont must now make a purchase payment of $369,000.00 to GateGuard.

6.     Over several phone calls and emails regarding the payment due to GateGuard, Goldmont's counsel asserted that "***the terms [of the Agreement] are <u>irrelevant</u>***."

7.     Goldmont's counsel further referenced Goldmont and L. Goldenberg's prominence in an attempt to intimidate GateGuard – a startup company with limited resources – from collecting the agreed-upon payment.

8.     Specifically, Goldmont's counsel noted that ***Goldmont and L. Goldenberg "have lots of money"*** and would ***"drag this [dispute] out forever,"*** sooner than pay GateGuard the amounts due under the Agreement.

9.      Goldmont's failure to pay GateGuard the amounts due, in addition to the intimidation tactics it has employed to dissuade GateGuard from collecting, have caused significant harm and disruption to GateGuard's business.

### THE PARTIES

10.     GateGuard is a Delaware corporation having a place of business at 5 Penn Plaza #2372, New York, NY 10001.

11.     Upon information and belief, Goldmont Realty Corp. ("Goldmont") is a domestic corporation having a principal place of business at 1360 East 14th Street Suite 101, Brooklyn, NY 11230.

12.     Leon Goldenberg ("L. Goldenberg") is an individual residing at 1255 E 27th St., Brooklyn, NY 11210. Upon information and belief, L. Goldenberg is the Chief Executive Officer of Goldmont.

13.     Abi Goldenberg ("A. Goldenberg") is an individual who, upon information and belief, resides in Brooklyn, NY and has a mailing address at 1360 East 14th Street Suite 101,

2

Brooklyn, NY 11230. Upon information and belief, A. Goldenberg is employed in an executive capacity in "Asset Management" at Goldmont.

## JURISDICTION AND VENUE

14.     This Court has jurisdiction over Defendants pursuant to CPLR § 301 because each of them resides and conducts business in the State of New York.

15.     Venue is proper in New York County pursuant to CPLR § 503(a) because at least one of the parties currently resides in New York County and a substantial part of the events giving rise to Plaintiffs' claims occurred in New York County.

## FACTUAL BACKGROUND

16.     In 2018, A. Goldenberg engaged GateGuard to provide intercom devices and related services at various properties owned and/or managed by Goldmont.

17.     In early 2019, L. Goldenberg and A. Goldenberg engaged in numerous communications and meetings with GateGuard's CEO, Ari Teman ("Teman").

18.      During these communications and meetings, L. Goldenberg, A. Goldenberg, and Teman discussed and negotiated an investment into GateGuard by L. Goldenberg and A. Goldenberg.

19.     On or about March 7, 2019, Teman met with L. Goldenberg and A. Goldenberg at 3877 Flatlands Ave. in Brooklyn, NY.

20.     At this meeting, both L. Goldenberg and A. Goldenberg represented to Teman that each of them would participate in making an investment into GateGuard, such investment totaling no less than $1 million dollars.

3

21.    On or about March 7, 2019, both L. Goldenberg and A. Goldenberg further instructed Teman to undertake specific business activities on behalf of GateGuard, including hiring staff, contracting for product manufacturing and office space, and promotional activities.

22.    In reasonable reliance on L. Goldenberg and A. Goldenberg's representations, GateGuard undertook the specific business activities referenced above, incurring substantial expense in doing so.

23.    However, upon information and belief, the foregoing representations by L. Goldenberg and A. Goldenberg were false and were known to be false by both L. Goldenberg and A. Goldenberg when made.

24.    Rather, upon information and belief, L. Goldenberg and A. Goldenberg each made their respective false representations with the intent to cause GateGuard to undertake the referenced activities and incur the referenced expenses in order to gain further leverage against GateGuard in subsequent business negotiations.

25.    Subsequently, in mid-2019, A. Goldenberg negotiated on behalf of Goldmont for the purchase of additional intercom devices from GateGuard.

26.    On August 30, 2019, Goldmont entered into a written Equipment Purchase Agreement (the "Agreement") with GateGuard.

27.    Pursuant to the Agreement, Goldmont agreed to purchase 41 GateGuard "AI" Intercom Devices (the "Devices").

28.    The Agreement specifies that "[t]he total purchase price to GOLDMONT of the 41 Devices is $369,000."

29.    The Agreement further allows Goldmont to make payments towards the total purchase price to a third-party financer ("TPF"). If Goldmont elects to veto the involvement of

4

the TPF, the Agreement requires Goldmont to pay GateGuard the total purchase price

($369,000.00) within 30 days of delivery of the Devices to Goldmont.

30.     On October 29, 2019, the 41 Devices were delivered to Goldmont's offices at

1360 East 14th Street Suite 101, Brooklyn, NY 11230.

31.     On November 19, 2019, counsel for Goldmont contacted GateGuard's counsel by

phone and conveyed that Goldmont had elected to veto the involvement of the TPF under the

Agreement.

32.     When confronted with the fact that, by vetoing the TPF, Goldmont was obligated

to pay $369,000.00 to GateGuard, counsel for Goldmont asserted that "*the terms are irrelevant*."

33.     Counsel for Goldmont further noted that "Goldmont's a large company. They

have a lot of money and… can drag this out forever" in litigation, whereas "[GateGuard] does

not."

34.     As 30 days have elapsed since the delivery of the Devices, Goldmont owes

GateGuard $369,000.00 under the agreement.

35.     To date, Goldmont has failed and refused to make the payment to GateGuard.


### FIRST CAUSE OF ACTION – BREACH OF CONTRACT
### (Against Defendant Goldmont)

36.     GateGuard realleges and incorporates by reference each and every allegation set

forth in paragraphs 1 through 35 above.

37.     At all relevant times, GateGuard had a valid and enforceable contract with

Goldmont.

38.     GateGuard fully performed under the contract and all conditions precedent to

enforcement of the contract have been satisfied.

5

39.     By refusing to make a payment to GateGuard in the amount of $369,000.00,

Goldmont has materially breached its contractual obligations to GateGuard.

40.     GateGuard has been damaged as a result of Goldmont's breach of contract.

### SECOND CAUSE OF ACTION - FRAUD
### (Against Defendants L. Goldenberg and A. Goldenberg)

41.     GateGuard realleges and incorporates by reference each and every allegation set

forth in paragraphs 1 through 40 above.

42.     Defendant L. Goldenberg represented to Teman, GateGuard's CEO, that he (L.

Goldenberg) would participate in making a substantial financial investment into GateGuard, such

investment totaling no less than $1 million dollars.

43.     Defendant A. Goldenberg also represented to Teman that he (A. Goldenberg)

would participate in making a substantial financial investment into GateGuard, such investment

totaling no less than $1 million dollars.

44.      Both L. Goldenberg and A. Goldenberg further instructed Teman that GateGuard

should undertake specific business activities including hiring staff, contracting for product

manufacturing and office space, and promotional activities.

45.     Upon information and belief, the foregoing representations by L. Goldenberg

were false and were known to be false by L. Goldenberg when made.

46.     Upon information and belief, the foregoing representations by A. Goldenberg

were false and were known to be false by A. Goldenberg when made.

47.     Upon information and belief, L. Goldenberg made the foregoing false

representations to Teman with intent to induce GateGuard's reliance on such representations,

including by causing GateGuard to undertake the specific business activities referenced above.

Case 1:20-cv-01609-AJN-GWG   Document 1   Filed 02/24/20   Page 28 of 32

48.     Upon information and belief, A. Goldenberg made the foregoing false representations to Teman with intent to induce GateGuard's reliance on such representations, including by causing GateGuard to undertake the specific business activities referenced above.

49.     In reasonable reliance upon L. Goldenberg's representations, GateGuard undertook the specific business activities referenced above, incurring substantial expense in doing so.

50.     In reasonable reliance upon A. Goldenberg's representations, GateGuard undertook the specific business activities referenced above, incurring substantial expense in doing so.

51.     GateGuard would not have undertaken the referenced activities, nor incurred their associated expenses, but for its reliance on Defendant L. Goldenberg and Defendant A. Goldenberg's material misrepresentations.

52.     As a direct and foreseeable result of the foregoing, GateGuard sustained damages in an amount to be proven at trial, for which Defendant L. Goldenberg and Defendant A. Goldenberg are jointly and severally liable.

**WHEREFORE** Plaintiff demands judgment against Defendants as follows:

A.     On the First Cause of Action, judgment against Defendant Goldmont, awarding Plaintiff damages in the amount to be determined at trial, but comprised of no less than $369,000.00, with interest thereon; punitive damages; the costs and disbursements incurred in connection with this action, including reasonable attorneys' fees; incidental damages and consequential damages; and such other and further relief as the Court may deem proper and just.

7

B.     On the Second Cause of Action, judgment against Defendants L. Goldenberg and

A. Goldenberg, awarding Plaintiff damages in the amount to be determined at trial, but

comprised of direct and consequential damages, with interest thereon; punitive damages; the

costs and disbursements incurred in connection with this action, including reasonable attorneys'

fees; and such other and further relief as the Court may deem proper and just.

RESPECTFULLY SUBMITTED,

New York, NY
February 1, 2020

*/s/ Ariel Reinitz*
Ariel Reinitz
FISHERBROYLES, LLP
445 Park Avenue, Ninth Floor
New York, NY 10022
(646)494-6909
Ariel.Reinitz@FisherBroyles.com
*Attorneys for Plaintiff*

8

## **VERIFICATION**

ARI TEMAN hereby affirms, deposes, and says:

1.      I am CEO of GateGuard, Inc., Plaintiffs in this action.

2.      I have read the forgoing Verified First Amended Complaint and know the

contents thereof. Based on my personal knowledge, together with the information reasonably

available to me in the ordinary course of business, I hereby verify that the contents of the

Verified Complaint are true, except those statements made upon information and belief, which,

to the best of my knowledge, information, and belief, are also true.


February 1, 2020

State of Virginia

County of Fairfax                                      _____
                                                             Ari Teman


SWORN TO AND SUBSCRIBED before
Me on February 1, 2020   by  Ari Teman


_____
        Notary Public

Printed Name:   Lakisha R Howard

My Commission Expires:   12/31/2020

                    Notarized online using audio-video communication

9

Exhibit D

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: _Hon. Tanya R. Kennedy_
*Justice*

PART _____

| | |
|---|---|
| Index Number : 657197/2019 | INDEX NO. _____ |
| GATEGUARD, INC. | |
| vs. | MOTION DATE _____ |
| GOLDMONT REALTY CORP. | MOTION SEQ. NO. _____ |
| SEQUENCE NUMBER : 001 | |
| DISMISS COMPLAINT | |

The following papers, numbered 1 to _____ , were read on this motion to/for _____

| | |
|---|---|
| Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____ | No(s). _____ |
| Answering Affidavits —  Exhibits _____ | No(s). _____ |
| Replying Affidavits _____ | No(s). _____ |

Upon the foregoing papers, it is ordered that this motion is _denied as moot in light of the filing of an amended complaint (see NYSCEF Doc. No. 20)._

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

Dated: _February 3, 2020_

_Hon. Tanya R. Kennedy_ J.S.C.

HON. TANYA R. KENNEDY
NON-FINAL DISPOSITION

1. CHECK ONE: ............................................... ☐ CASE DISPOSED

2. CHECK AS APPROPRIATE: ...........................MOTION IS: ☐ GRANTED ☒ DENIED ☐ GRANTED IN PART ☐ OTHER

3. CHECK IF APPROPRIATE: ............................................. ☐ SETTLE ORDER ☐ SUBMIT ORDER

☐ DO NOT POST ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

1 of 1