# FisherBroyles

**Ariel Reinitz**
*Partner*
FisherBroyles, LLP
445 Park Avenue
Ninth Floor
New York, NY 10022

Ariel.Reinitz@fisherbroyles.com
Direct: 646.494.6909

July 20, 2020

**VIA ECF**

Honorable Alison Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *GateGuard, Inc. v. Goldmont Realty Corp., et al.*
                Case No.: 1:20-cv-01609-AJN

Dear Judge Nathan:

      We represent Plaintiff GateGuard, Inc. ("Plaintiff") in the referenced action. We write on behalf of all parties in response to the Court's June 19, 2020 Notice of Initial Conference (Dkt. 7).

    **1. Brief Nature of the Action and Principal Defenses**

<u>Plaintiff's Position:</u>
      Plaintiff is a technology startup company that provides intercom devices and related services for multi-tenant apartment buildings. Defendant Goldmont Realty Corp. ("Goldmont") is a real estate owner/manager and has been a customer of Plaintiff's products and services since at least 2018. Defendants Leon Goldenberg ("L. Goldenberg") and Abi Goldenberg ("A. Goldenberg") are executives of Goldmont.

      In early 2019, L. Goldenberg and A. Goldenberg informed Ari Teman ("Teman"), Plaintiff's CEO, that they would invest no less than $1 million into Plaintiff. In connection with their forthcoming investment, these Defendants instructed Plaintiff to undertake specific business activities (including hiring, manufacturing, and promotional activities). Plaintiff did so in reliance on L. Goldenberg and A. Goldenberg's representations.

      Beginning in July 2019, the U.S. Attorney's Office for the Southern District of New York ("USAO SDNY") brought criminal charges in this District against Teman, alleging certain

Fisher Broyles

July 20, 2020 | Page 2 of 4

transactions involving other GateGuard customers (*not* Goldmont) constituted bank and/or wire fraud. *See U.S. v. Teman*, No. 19-cr-00696 (PAE) (S.D.N.Y. 2019).[1]

Shortly thereafter, Teman notified A. Goldenberg of the referenced criminal charges. A. Goldenberg expressed his sympathy for Teman and his desire to support Plaintiff's business. In this context, Plaintiff and Goldmont negotiated an Equipment Purchase Agreement (the "Agreement") to benefit both parties (providing intercom devices at a substantial discount to Goldmont and supporting Plaintiff while its business was vulnerable due to the charges against Teman). Goldmont executed the Agreement in August 2019, thereby purchasing 41 intercom devices from Plaintiff.

The 41 purchased devices were delivered to Goldmont in October 2019. Under the Agreement, as of November 2019 Goldmont was obligated to make a purchase payment of $369,000.00 to Plaintiff. After Goldmont refused to make the required payment, in December 2019 Plaintiff initiated this action, bringing claims of breach of contract (against Goldmont) and fraud (against L. Goldenberg and A. Goldenberg).

Defendants have gone to great lengths to avoid making the required purchase payment to Plaintiff. Goldmont has asserted that the Agreement's terms are "irrelevant" and attempted to intimidate Plaintiff by noting Defendants have "lots of money" and will "drag this [dispute] out forever" before paying what they owe under the Agreement. A. Goldenberg has also contacted representatives of USAO SDNY in an apparent attempt to intimidate Plaintiff from collecting under the Agreement.

Defendants' Position:
In this action, Plaintiff seeks recovery for breach of an alleged contract and originally filed its Verified Complaint in December 2019 before the Supreme Court.[2] The Complaint was verified by Ari Teman, who identifies himself as the CEO of GateGuard and was convicted of four counts of bank fraud in the action *U.S. v. Teman* (No. 19-cr-00696 (PAE) (S.D.N.Y. 2019). He is awaiting sentencing.

Here, GateGuard seeks to improperly extract monies from the Defendants. Specifically, GateGuard did not fully perform under the contract, merely installing seven (7) out of forty-one (41) devices (one of which was damaged) after one (1) year of purported work. Nonetheless,

---

[1] After USAO SDNY dismissed certain charges against Teman, he proceeded to trial in January 2020, after which the jury returned a guilty verdict as to the bank and wire fraud charges. Post-trial discovery revealed that USAO SDNY failed to disclose *Brady*, *Giglio*, and Jencks Act material to Teman and made misrepresentations to the Court and Teman regarding this undisclosed evidence. Teman anticipates raising these issues in his forthcoming appeal.

[2] On January 12, 2020, Defendants moved to dismiss Plaintiff's Complaint which was denied as moot in light of the filing of Plaintiff's Amended Complaint (NYSCEF Doc. No. 20) before the matter was removed by Defendants, on February 24, 2020, to this Court given the parties' complete diversity and amount in controversy.

FisherBroyles

July 20, 2020 | Page 3 of 4

Plaintiff still demands the full amount owed ($369,000.00) with interest for performing a fraction of its obligations under the contract.

The purported contract upon which this action is based, is unclear on its face insofar as it does not properly set forth payment terms. Moreover, the Plaintiff required the Defendants to utilize a third-party payment platform, at exorbitant cost, in contravention of the purported contract. The result was charges far in excess of the price previously discussed between the parties.

Based upon the unilateral amendment to the contact terms, Defendants directed Plaintiff not to proceed with the transaction. Moreover, while Plaintiff was explicitly told not to deliver devices until the Agreement was executed, they were delivered nonetheless. Plaintiff has also utilized various intimidation tactics in an attempt to extort money from Defendants threatening suicide at the hands of "Religious" "philanthropists" such as the Defendants. Curiously, Plaintiff repeatedly describes Defendant Leon Goldenberg as being wealthy.

Defendants are of the position that (1) the purported contract was unenforceable; (2) the purported contract was breached by the Plaintiff; and (3) there is no basis for personal liability against Defendant Leon Goldenberg.

Defendants are also of the position that Plaintiff's counsel is subject to disqualification based upon Rule 3.7(a) of 22 NYCRR 1200.0, in light of the fact that he will be a material witness in this case. Specifically, the Amended Complaint repeatedly references to discussions between Defendants and their [prior] counsel and Plaintiff and his counsel (see e.g. ¶¶ 6-9, 31-33). The terms of the negotiations and alleged repudiations set forth in the Complaint are material to this action. Indeed, Mr. Reinitz testified during Ari Teman's criminal trial.

2. **Jurisdiction and Venue**

Plaintiff initiated this action in the Supreme Court of the State of New York, New York County on December 4, 2019 (*GateGuard, Inc. v. Goldmont Realty Corp. et al.*, Index No. 657197/2019). On February 24, 2020, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446.

3. **Outstanding Motions/Requests**

None at this time.

4. **Discovery**

No formal or informal discovery has taken place.

The parties are not aware of any discovery that would be necessary to facilitate meaningful settlement negotiations.

5. **Settlement Discussions**

   <u>Plaintiff's Position:</u>
   The parties have not engaged in settlement discussions. Defendants' conduct has caused tremendous financial loss and damage to Plaintiff.

   <u>Defendants' Position:</u>
   The parties have not engaged in settlement discussions nor do they believe that settlement discussions would be fruitful in light of Plaintiff's conduct in this and other pending actions.

6. **Estimated Length of Trial**

   Trial is estimated to take one week.

7. **Any Other Relevant Information**

   None at this time.

**Initial Pretrial Conference Scheduling**

The Court scheduled the Initial Pretrial Conference for Friday, July 24, 2020 at 3:45pm (via telephone).

<u>Plaintiff's Position:</u>
Counsel for Plaintiff is available anytime on July 24, 2020.

<u>Defendants' Position:</u>
Counsel for Plaintiff is available anytime on July 24, 2020.

                                        Respectfully submitted,
                                        By: <u>/s/ Ariel Reinitz</u>
                                        Ariel Reinitz

cc:     Counsel of Record (via ECF)