UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/30/2020

GateGuard, Inc.,

                Plaintiff,

–v–

Avi Goldenberg, *et al.*,

                Defendants.

20-cv-1609 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    The Court has an independent duty to ensure that subject-matter jurisdiction exists in each case before it. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction sua sponte.").

    The parties in this matter premise subject-matter jurisdiction upon diversity of citizenship. Complete diversity must have existed both at the time the state court complaint was filed and at the time of removal. *See United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)) (The "usual rule is that removability is determined from the record as of the time the petition for removal is filed but where [the] basis of removal is diversity then diversity of citizenship must exist at [the] time [the] action was filed in state court as well as at [the] time of removal."). As the removing party, Defendants bear the burden of establishing subject-matter jurisdiction. *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F.Supp.2d 177, 179 (S.D.N.Y. 2003).

    In Plaintiff's Amended Complaint, Dkt. No. 1, it avers that Plaintiff is a "Delaware corporation having a place of business in New York City." One of the Defendants, Leon

Goldenberg, is a citizen of New York.  Dkt. No. 1.  Therefore, if Plaintiff has a principal place of business in New York, complete diversity is lacking.  Yet the Amended Complaint does not aver the location of Plaintiff's principal place of business.  And at the initial pretrial conference in this matter, Plaintiff's counsel expressed uncertainty about GateGuard's principal place of business at the time this action was filed and at the time this action was removed.

In addition, a "civil action . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  As noted, at least one of the Defendants is alleged to be a citizen of New York, so removal may also be improper for this reason.  *See Shapiro v. Logistec USA Inc.*, 412 F.3d 307, 315 (2d Cir. 2005).

No later than August 7, 2020, Defendants must provide "competent proof," *Stan Winston*, 314 F.Supp.2d at 179, that removal is proper in this matter and that the Court has subject-matter jurisdiction.

SO ORDERED.

Dated: July 29, 2020
       New York, New York

_____
ALISON J. NATHAN
United States District Judge