

# KOSS & SCHONFELD, LLP
## ATTORNEYS AT LAW

Writer's email: simcha@kandsllp.com
Writer's direct dial: (212) 796-8916

June 1, 2021

**By Email Correspondence**
Hon. Gabriel W. Gorenstein
Magistrate Judge
United States Courthouse
500 Pearl St.
New York, NY 10007-1312
GorensteinSettlement@nysd.uscourts.gov

Re: *GateGuard, Inc. v. Goldmont Realty Corp., et al.*
Case No.: 1:20-cv-01609-AJN-GWG

Dear Judge Gorenstein:

This office represents defendants Goldmont Realty Corp. ("Goldmont"), Leon Goldenberg and Abi Goldenberg in the above referenced action (collectively, the "Defendants"). Plaintiff served various subpoenas upon my office by counsel for Plaintiff, Ariel Reinitz, seeking the production of documents addressed to various nonparties including Samuel "Shmuli" Taub, Jacob "Yanky" Litchfield and Joseph Soleimani (the "Subpoenas"). Copies of the Subpoenas are collectively annexed hereto as Exhibit A.

By service of this letter, I respectfully move this Court for an Order quashing the Subpoenas pursuant to FRCP 17(c)(2). In the alternative, I request a pre-motion conference for the same purpose.

The Subpoenas seek, *inter alia*, production of the following documents by Mr. Taub:

1. All Communications between You and Abi Goldenberg concerning GateGuard or Ari Teman, including:
    a. Communications transmitted via email, SMS (text messaging), or any messaging application/social media service (including WhatsApp, LinkedIn, Instagram, Facebook, Twitter, Snapchat, Telegram, Signal, WeChat, etc.); and
    b. All content (including image files, audio files, video files, document files, voice notes/recordings, screenshots, etc.) attached to or incorporated within any such Communications.

2. All Documents You provided to or received from Abi Goldenberg.

3. All Communications between You and Jacob Litchfield concerning GateGuard or Ari Teman, including:
    a. Communications transmitted via email, SMS (text messaging), or any messaging application/social media service (including WhatsApp, LinkedIn, Instagram, Facebook, Twitter, Snapchat, Telegram, Signal, WeChat, etc.); and
    b. All content (including image files, audio files, video files, document files, voice notes/recordings, screenshots, etc.) attached to or incorporated within any such Communications.

4. Documents sufficient to identify all instances in which You communicated with Abi Goldenberg (including via in-person meeting, phone, video call, audio call, WhatsApp, Skype, Zoom, WebEx, GotoMeeting, Google Meets, Google Hangouts, Facebook Messenger, Telegram, Signal, WeChat, Snapchat, etc.), including, for each communication instance:
   a. The date of the communication instance;
   b. The time of the communication instance;
   c. The duration of the communication instance; and
   d. All participants in the communication instance other than Samuel Taub and Abi Goldenberg. (Exhibit A).

On May 28, 2021, the parties have met and conferred at 1:00 p.m., for over half an hour, to discuss outstanding discovery and the subject Subpoenas before reaching an impasse. Both parties, the undersigned and Mr. Reinitz, agree that such impasse had been reached and the undersigned communicated that a conference would be requested with the Court.

Defendants' position is that Plaintiff's discovery demands are irrelevant to the issues framed in the instant matter. It is clear from the face of the Subpoenas and the requests contained therein, that the materials sought are demanded as a fishing expedition since communications between Defendants and others that have no bearing on the validity, enforceability or unconscionability of the contract.

In opposition, Mr. Reinitz opined that such communications speak to the intent of the parties and that if Defendants changed their position based on a communication, such discovery is relevant. In reply, the undersigned argued that the parties' communications as to whether they believe the contract is or is not enforceable does not make it so. Moreover, Defendants' intent or how they arrived at their present position does not assist in determining the contract's reasonableness. In like manner, Plaintiff demands communications relating to Plaintiff's "suicide note" (Exhibit A). Again, such communications have no bearing on the contract's enforceability or the issue present herein.

In light of the forgoing, it is respectfully submitted that the above subpoenas should be quashed in their entireties. Alternatively, Defendants respectfully request a pre-motion conference to discuss quashing the Subpoenas pursuant to FRCP 17(c)(2).

We thank the Court for its attention to the above.

Respectfully Submitted,

_____
Simcha D. Schonfeld, Esq.

cc: Ariel Reinitz, Esq (via email – ariel.Reinitz@fisherbroyles.com)