# THE ENGEL LAW GROUP, PLLC

280 Madison Avenue – Suite 705
New York, NY 10016
Telephone: (212) 665-8095    Email: aee@elgpllc.com    Facsimile: (888) 364-3564

June 1, 2021

**BY ECF**

Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *GateGuard, Inc. v. Goldmont Realty Corp.* (1:20-cv-01609-AJN-GWG)
      Pre-Motion Letter re: Motion to Quash Third-Party Subpoenas

Dear Judge Gorenstein,

I represent third parties Joseph Soleimani (and his company ABJ Properties) ("Soleimani/ABJ") and Samuel Taub (principal of MVII, a GateGuard competitor) in connection with subpoenas that GateGuard has issued in the above-referenced action (the "Third-Party Subpoenas") (Exhs. A-E, attached).  I write today to request a pre-motion conference in connection with my clients' intent to move to quash the Third-Party Subpoenas and/or to request that the Court quash them.

As an initial matter, I join in the letter motions submitted earlier today by Simcha Schonfeld as counsel for the Defendants in this action (Dkt. ##47-48).

Second, I also represent Samuel Taub and his company MVII in *GateGuard v. MVII, et al.*, pending here in the Southern District before Judge Cronan and Magistrate Judge Freeman (19-cv-2472) (the "MVII Case").  In that action, GateGuard issued subpoenas to Soleimani/ABJ substantially similar to those at issue here, and sought party discovery from Samuel Taub similar to what GateGuard seeks from him here.  Based upon my request to quash the Soleimani/ABJ subpoenas and stay party discovery (presented orally during a conference call with the Court, but laid out in written objections to GateGuard attached hereto as Exh. F), including because of the proprietary and confidential nature of the information sought, and pending MVII's motion to dismiss and/or compel arbitration in the MVII Case, Judge Freeman quashed the Soleimani subpoenas on April 22, 2021, and ordered that no discovery related to MVII's customers and/or potential customers could go forward at this time.

Rather than honoring Judge Freeman's ruling, GateGuard is attempting and end-run around Judge Freeman by simply seeking the very same improper discovery in this case.  For example, in the MVII Case, GateGuard subpoenaed Soleimani/ABJ for "All Communications between You and MVI [defined to include Samuel Taub] concerning GateGuard or Ari Teman." (Exh. G, at PDF p.7), while in this case GateGuard seeks "All Communications between You and Abi Goldenberg, Samuel Taub, MVI, or Jacob Litchfield, concerning GateGuard or Ari Teman."  This Court should reject the Third-Party Subpoenas issued here for the simple reason that

another Judge in this District has already found similar subpoenas improper and quashed them, and GateGuard should not be permitted to forum-shop its improper discovery demands from court to court until it gets its way.

Third, the Court should quash the Third-Party Subpoenas not only because they seek documents and information with no relevance to this action, but also because they were served for the improper purpose of attempting to gin up support for separate and unrelated claims against Soleimani/ABJ and/or additional claims against MVII/Taub, all based on nothing but the unfounded hope of finding something that GateGuard has no reason to believe exists.

By way of background, Joe Soleimani and ABJ, like Goldmont, are former customers of GateGuard, and Soleimani was called as a government witness in the federal criminal trial of Ari Teman for two counts of bank fraud and two counts of wire fraud arising out of his theft of GateGuard's client's funds.  *See, USA v. Teman*, 1:19-cr-00696-PAE-1 (including docket entry 157, referring to Soleimani as a "trial witness").  Mr. Teman was convicted in that trial, all of his post-trial motions have been denied, and he is currently awaiting a sentencing date.

Here, GateGuard has only two claims against Goldmont, *et al.*, arising out of Goldmont's customer relationship with GateGuard.  Both arise out of Goldmont's alleged breach of its purported promises to GateGuard, Goldmont's alleged failure to pay GateGuard for goods delivered and services rendered, and/or Goldmont's decision whether to invest in GateGuard.  These claims are as simple as they come – either the goods and services were provided, or they weren't, and either Goldmont paid for them, or it didn't, and either Goldmont's principals promised to invest in GateGuard, or they didn't.  There is nothing more to these claims.  As such, GateGuard's demand that third parties produce documents where those parties may have discussed GateGuard and/or Teman cannot possibly produce anything of relevance to GateGuard's claims in this action.  Rather, it is clear that GateGuard is engaged in a proverbial "fishing expedition" through which it hopes to find instances where others in the industry may have said something bad about GateGuard and/or Teman, and thereby generate additional potential claims against third parties with whom GateGuard and Teman have an axe to grind.

Fourth, GateGuard's demands are grossly overbroad on their face, and GateGuard has made no attempt whatsoever to draft document demands that may – even arguably – have some relation to the claims in this action.

Fifth, GateGuard's demands plainly call for the production of documents that are more likely to involve conversations concerning proprietary information and other protectible subject matter than anything remotely related to this case, including GateGuard's impermissible "catch-all" request for "All Documents and Communications concerning Abi Goldenberg, Leon Goldenberg, or Goldmont" (directed to Soleimani/ABJ), and its demand that Samuel Taub, the principal of MVII (one of GateGuard's competitors), produce "All Documents You provided to or received from Abi Goldenberg."  These requests seek documents that have nothing to do with GateGuard, but that would give GateGuard unfair and improper insight into its competitors' conduct and methods of doing business, and should be quashed.

Sixth, GateGuard and its counsel Ariel Reinitz have been put on notice for several weeks that both Soleimani/ABJ and Taub object to the Third-Party Subpoenas, including because the discovery sought here is substantially similar to that already litigated in the MVII Case, and because the undersigned has informed them of same in writing, including by issuing formal objections to the Taub document and deposition subpoenas on May 27, 2021 (Exh. H). Rather than attempting to engage in a meaningful "meet and confer" process, GateGuard and Reinitz instead chose to engage in the charade of pretending that the depositions would move forward while ignoring the written objections entirely, jumping straight to alleging various improprieties and threatening sanctions and the like.

As it has done in the past in the MVII Case, however, GateGuard has ignored its own obligations and insisted on strict compliance with the rules only for others – never itself. Here, GateGuard purported to change the place and method of taking and recording the Taub deposition at 3pm the business day before the noticed date, stating in an email for the first time that Mr. Taub's third-party deposition "will be conducted remotely via Zoom," rather than as noticed in the deposition. The undersigned has never engaged in a "Zoom deposition," and GateGuard and its counsel provided nothing but a Zoom link – no details regarding how documents would be handled, including entry into the record and presentation to the witness and counsel, or how attorney-client conferences could be conducted, or any other procedures or protocols. This is not only unfair, but a clear violation of Rule 45(a)(1)(A)(iii) and, similarly, Rule 30(b)(4), which dictates that "[t]he parties may stipulate – or the court may on motion order – that a deposition be taken by telephone or other remote means." While both Mr. Taub and Mr. Soleimani, through the undersigned, would of course be open to negotiating dates, locations, and methods of recording in good faith with GateGuard and its counsel (and may in fact prefer Zoom), and would never waste the Court's time on such ordinary negotiations absent GateGuard's threats, the simple fact is that GateGuard never attempted to do so and cannot do so unilaterally.

Lastly, while the undersigned has not had the opportunity to personally meet and confer with Plaintiff's counsel on this particular issue, I have coordinated my response with Goldmont's counsel Simcha Schonfeld, who engaged with Plaintiff's counsel regarding, among other issues, third-party subpoenas on May 28 for approximately 40 minutes, after which he and Mr. Reinitz agreed that they had reached an impasse. In addition, as described above, I have discussed the issues concerning discovery into Soleimani/ABJ and Taub at length and on numerous occasions with Mr. Reinitz, and successfully litigated them in the MVII Case. Nevertheless, I would be happy to engage in further discussions with Mr. Reinitz if the Court believes that such is necessary to comply with Your Honor's Individual Practices or could otherwise be fruitful.

Respectfully Submitted,

Adam E. Engel
*Counsel for Third Parties Joseph Soleimani, ABJ Properties, and Samuel Taub*

Judge Gorenstein<br>
June 1, 2021<br>
Page 4 of 4

Cc: All Counsel of Record by ECF