

## FW: More Teman Lawsuits

1 message

**A Goldenberg** <AGoldenberg@goldmontrealty.com>

---

**From:** Samuel Taub <samuel.t@mvisystems.com>
**Sent:** Tuesday, December 10, 2019 1:18 PM
**To:** A Goldenberg <AGoldenberg@goldmontrealty.com>
**Subject:** More Teman Lawsuits

See attached

**Samuel Taub**

*Chairman, CEO & Founder*

**MVI Industries, LLC**

2607 Nostrand Ave, 1st Flr

Brooklyn, NY 11210

Toll Free: 844-MVI-SYSTEMS

T: 347 960-4726

**Visit us at:** MVIsystems.com

*This email and any documents accompanying this transmittal may contain information that is confidential or legally privileged. The information is intended only for the use of the individuals or entities named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or taking of any action in reliance upon the contents of this transmittal is strictly prohibited, and any documents should be returned to the sender immediately. If you have received this transmittal in error, please notify the sender immediately by return email.*

---

**3 attachments**

000040

**2019-07-08USvTeman_Hearing (1).pdf**
42K

**Teman e-mails (02438801x7A3C1) (1).pdf**
778K

**6529x06 - AMENDED Notice of Criminal Transfer to Southern District of New York  (1).pdf**
1395K

# KOSS & SCHONFELD, LLP
### ATTORNEYS AT LAW

July 15, 2019

**By Email and Federal Express**
Ari Teman
teman
106 West 32nd St FL 2.
New York, NY 10001

     Re:   *Big City v. teman et al.*

### NOTICE TO CEASE AND DESIST

Dear Mr. Teman:

This office represents Big City Realty LLC ("BCR"). I have been made aware of certain actions taken by your company with respect to a number of properties that are managed (formally or informally) by BCR in which your company has unlawfully entered upon various premises, caused property damage and has threatened to continue to engage in such unlawful conduct. In particular, photographs and surveillance video confirm that representatives of your company, including one appearing to be Tom Orosz, entered upon 603 West 139th Street, 510 West 134th Street and 512 West 134th Street, destroyed existing intercom systems and attempted, unlawfully and without approval of the property owner or manager, to install unauthorized replacement systems. These actions must cease and desist immediately.

**By service of this letter, BCR and all properties with which it is associated, does hereby demand that teman, GateGuard and all other entities with which you are affiliated, cease and desist from entering upon any of the Premises[1]. Demand is further made that you replace and / or compensate my client for all damage caused to date to existing intercom systems located on any of the Premises. Finally, demand is hereby made that the intercom system wrongfully installed in 408 West 129th Street be removed and replaced with the original system or one of comparable cost. In the event that you do not confirm your acceptance of these demands by noon of Wednesday, July 17, 2019, my client reserves the right to take any and all legal actions necessary to protect its rights at law and in equity.**

Having reviewed various correspondences between yourself, purported members of your company and my client, it appears that you have taken the mistaken and legally untenable position that a request for a quote amounted to, in your words, "a binding contract for which you[2] personally guarantee [sic]". Having reviewed the document that you refer to as a "binding

---

[1] 555 West 151st Street, 3750 Broadway, 2363 Adam Clayton Powell Jr. Boulevard, 145 West 138th Street, 3440 Broadway, 600 West 140th Street, 605 West 151st Street, 633 West 152nd Street, 603 West 139th Street, 607 West 139th Street, 545 Edgecombe Avenue, 559 West 156th Street, 535 West 155th Street, 539 West 155th Street, 510 West 134th Street, 513 West 134th Street, 512 West 124th Street, 408 West 129th Street, 412 West 129th Street, 106 Convent Avenue, 110 Convent Avenue and 580 St. Nicholas.

[2] An apparent reference to Justin Graniero.

---

90 John Street, Suite 503  |  Telephone. 212 796-8914  |  Email. info@kandsllp.com
New York, N.Y. 10038  |  Fax. 212 401-4757  |  Website. www.kandsllp.com

000042

contract" it is clear that this poorly drafted and clumsily compiled online form, does not bind any individual or entity. You were repeatedly advised via email that BCR did not agree to purchase any equipment, nor did it authorize entry upon any of its Premises by your company or its agents.

With respect to the online form itself, I would note the following non-exclusive defects, all of which demonstrate that at no time did BCR enter into a binding agreement with teman or any company with which you are affiliated, with respect to the Premises. First, the online form requires a security deposit in the event that an order is placed. None was paid here, and none requested, because no order was actually placed. Second, nowhere on the form does BCR appear. Third, in your email dated April 23, 2019 – more than two months after the online form was completed – you asked if there was "any update" which clearly demonstrates that a binding contract had not been entered into. Fourth, you were advised repeatedly that your company was not authorized to install any devices yet your company nevertheless entered onto one or more of the Premises without the consent of the owner.

The actions taken by your company are unlawful. The damage sustained by my client is thoroughly documented. If my office does not receive written confirmation by noon on July 17, 2019 that the demands set forth herein will be complied with, my client will be compelled to take legal action.

I trust that you will afford this matter the prompt attention that it deserves and guide yourself accordingly.

Sincerely,

Simcha D. Schonfeld, Esq.

000043

BNDJJO,CLOSED

# U.S. District Court
## Southern District of Florida (Miami)
## CRIMINAL DOCKET FOR CASE #: <u>1:19−mj−03082−JJO</u> All Defendants
### *Internal Use Only*

Case title: USA v. Teman

Date Filed: 07/08/2019
Date Terminated: 07/08/2019

Assigned to: Ch. Magistrate Judge
John J. O'Sullivan

**Defendant (1)**

| | | |
|---|---|---|
| **Ari Teman** | represented by | **Sara Sharon Shulevitz** |
| 18244−104 | | 28 west flagler street suite #1001 |
| *YOB 1982 English* | | Miami, FL 33130 |
| *TERMINATED: 07/08/2019* | | 3057281936 |
| | | Fax: 3057795074 |
| | | Email: <u>dasarashul@aol.com</u> |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Temporary* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18:U.S.C.§1344 BANK FRAUD | |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Noticing AUSA CR TP/SR** |
| | | Email: <u>Usafls.transferprob@usdoj.gov</u> |

000044

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/03/2019 | | 9 | Arrest of Ari Teman (at) (Entered: 07/09/2019) |
| 07/08/2019 | 1 | 3 | Magistrate Removal of Complaint and Arrest Warrant from Southern District of New York Case number in the other District 19−MAG−5858 as to Ari Teman (1). (at) (Entered: 07/09/2019) |
| 07/08/2019 | 2 | 10 | Order to Unseal as to Ari Teman re 1 Magistrate Removal In. (Signed by Ch. Magistrate Judge John J. O'Sullivan on 7/8/19). (at) (Entered: 07/09/2019) |
| 07/08/2019 | 3 | 11 | Minute Order for proceedings held before Ch. Magistrate Judge John J. O'Sullivan: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Ari Teman held on 7/8/2019. Bond recommendation/set: Ari Teman (1) STIP $25,000 PSB. Attorney added: Sara Sharon Shulevitz for Ari Teman (Digital 13:53:21) (Signed by Ch. Magistrate Judge John J. O'Sullivan on 7/8/2019). (at) (Entered: 07/09/2019) |
| 07/08/2019 | 4 | 12 | NOTICE OF TEMPORARY ATTORNEY APPEARANCE: Sara Sharon Shulevitz appearing for Ari Teman (at) (Entered: 07/09/2019) |
| 07/08/2019 | 5 | 13 | WAIVER OF RULE 5 & 5.1 REMOVAL/IDENTITY HEARINGS by Ari Teman (at) (Entered: 07/09/2019) |
| 07/08/2019 | 6 | 14 | ORDER OF REMOVAL ISSUED to District of Southern District of New York as to Ari Teman. Closing Case for Defendant. Signed by Ch. Magistrate Judge John J. O'Sullivan on 7/8/2019. *See attached document for full details.* (dgj) (Entered: 07/09/2019) |
| 07/10/2019 | 7 | 15 | Notice of Criminal Transfer to Southern District of New York of a Rule 5 or Rule 32 Initial Appearance as to Ari Teman. Your case number is: 19−MAG−5858. Docket sheet and documents attached. If you require certified copies of any documents, please call our Records Section at 305−523−5210. *Attention Receiving Court*: If you wish to designate a different email address for future transfers, send your request to TXND at: InterDistrictTransfer_TXND@txnd.uscourts.gov. (dgj) (Entered: 07/10/2019) |
| 07/22/2019 | 8 | 29 | $25,000.00 PSB Bond Entered as to Ari Teman Approved by Ch. Magistrate Judge John J. O'Sullivan. *Please see bond image for conditions of release.* (cg1) (Entered: 07/23/2019) |

# 19-3082-MJ-O'SULLIVAN

Mod AO 442 (09/13) Arrest Warrant    AUSA Name & Telno:  Jacob H. Gutwillig, Tel: 212-637-2215

## UNITED STATES DISTRICT COURT

### for the

### Southern District of New York

United States of America
v.
Ari Teman

)
)
)
)
)
)

**Case No.** 19MAG 5858

_____
_Defendant_

## ARREST WARRANT

To:    Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
_(name of person to be arrested)_    Ari Teman                                                                              ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☑ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

Violations of 18 U.S.C. §§ 1344, 1 and 2

Date:  6/20/2019                                _____
                                                             _Issuing officer's signature_

City and state:    New York, NY                          Hon. Sarah Netburn, USMJ
                                                            _Printed name and title_

| Return | |
|---|---|
| This warrant was received on _(date)_ _____ , and the person was arrested on _(date)_ _____ <br> at _(city and state)_ _____ . | |
| Date: _____ | _____ <br> _Arresting officer's signature_ <br><br> _____ <br> _Printed name and title_ |

# 19-3082-MJ-O'SULLIVAN

FILED BY _____ YR _____ D.C.

**Jul 8, 2019**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

Approved: _____
JACOB H. GUTWILLIG
Assistant United States Attorney

Before:   THE HONORABLE SARAH NETBURN
          United States Magistrate Judge
          Southern District of New York

19MAG 5858

- - - - - - - - - - - - - - - - - -X
                                    :
UNITED STATES OF AMERICA            :
                                    :      SEALED COMPLAINT
     - v. -                         :
                                    :      Violations of
                                    :      18 U.S.C. §§
ARI TEMAN,                          :      1344, 1 and 2
                                    :
                         Defendant. :      COUNTY OF OFFENSE:
                                    :      NEW YORK
                                    :
- - - - - - - - - - - - - - - - - -X

SOUTHERN DISTRICT OF NEW YORK, ss.:

        DANIEL ALESSANDRINO, being duly sworn, deposes and
says that he is a Detective with the New York City Police
Department ("NYPD"), and charges as follows:

## COUNT ONE
(Bank Fraud)

        1.    From at least in or about April 2019 up to and
including at least in or about June 2019, in the Southern
District of New York and elsewhere, ARI TEMAN, the defendant,
knowingly and willfully would and did execute a scheme and
artifice to defraud a financial institution, the deposits of
which were then insured by the Federal Deposit Insurance
Corporation ("FDIC"), and to obtain moneys, funds, credits,
assets, securities, and other property owned by, and under the
custody and control of, a financial institution insured by the
Federal Deposit Insurance Corporation (the "FDIC"), by means of
false and fraudulent pretenses, representations, and promises,
to wit, TEMAN deposited counterfeit checks into a bank account
held at a particular financial institution.

        (Title 18, United States Code, Sections 1344, 1 and 2.)

## Overview

2.    I am a Detective with the NYPD.  I have been
personally involved in the investigation of this matter, and I
base this affidavit on that experience, on my conversations with
other law enforcement officials, and on my examination of
various reports and records.  Because this affidavit is being
submitted for the limited purpose of demonstrating probable
cause, it does not include all the facts I have learned during
the course of my investigation.  Where the contents of documents
and the actions, statements, and conversations of others are
reported herein, they are reported in substance and in part,
except where otherwise indicated.

3.    As set forth in greater detail below, I, and
other law enforcement officers, have been investigating a fraud
that has been undertaken in Manhattan, New York, and elsewhere,
between in or about April 2019 and in or about June 2019 (the
"Fraud").  Based on my involvement in this investigation, my
review of law enforcement reports, and my review of surveillance
videos and photographs, among other sources, I have learned that
the Fraud was perpetrated by ARI TEMAN, the defendant.  In
perpetrating this fraud, TEMAN deposited counterfeit checks into
an account held at a particular financial institution
("Financial Institution-1") in the name of a third party,
"GateGuard, Inc." (the "GateGuard Account").  GateGuard, Inc. is
a home security business operated by TEMAN that offers, among
other services, facial recognition software and remote access to
unlock doors to residences.  GateGuard is based in New York, New
York.

4.    From my review of publicly available materials,
as well as my training and experience and involvement with this
investigation, I know that Financial Institution-1 is insured by
the FDIC.

5.    In or about April 2019, TEMAN deposited
approximately 27 fraudulent checks (the "Counterfeit Checks")
into the GateGuard Account, defrauding Financial Institution-1
with a total loss amount of approximately $260,000.

### THE FRAUD

6.    Based on my participation in this investigation,
my conversations with other law enforcement officers and other
individuals (including personnel employed at Financial

2

000048

Institution-1), and my review of documents (including bank
records), I have learned the following, among other things:

      a.   On or about April 19, 2019, at approximately
2:37 p.m., ARI TEMAN, the defendant, entered a branch of
Financial Institution-1 located at the Lincoln Road Mall in
Miami Beach, Florida, and deposited a legitimate check, payable
to GateGuard Inc., valued at approximately $4,096.  TEMAN
deposited this check via Automated Teller Machine ("ATM").  A
contemporaneous surveillance photograph, depicting TEMAN
standing at the ATM, shows TEMAN holding numerous additional
checks that were not deposited at that time.

      b.   On or about April 19, 2019, at approximately
6:05 p.m., TEMAN reentered the same branch of Financial
Institution-1 and, at a bank teller window, deposited the
Counterfeit Checks into the GateGuard Account, totaling
approximately $297,000.

      c.   The Counterfeit checks were fraudulently
made to appear that they had been issued by three entities:
"Entity-1" and "Entity-2," two entities operated by the same
company; and "Entity-3".  Each of these is a legitimate company
that previously has engaged in business transactions with
GateGuard Inc.  Of the approximately 27 Counterfeit Checks:

         i.   Approximately 18 were fraudulently made to
            appear to have been issued by Entity-1,
            totaling approximately $198,000.

        ii.   Approximately 6 were fraudulently made to
            appear to have been issued by Entity-2,
            totaling approximately $66,000.

     iii.   Approximately 3 were fraudulently made to
            appear to have been issued by Entity-3,
            totaling approximately $33,000.

      d.   Each of the Counterfeit Checks included, on
the bottom right corner of the check, the following text: "DRAW
PER CONTRACT, NO SIGNATURE REQUIRED NOTE TO BANK: This is a
valid check.  You are required by law to honor it.  Contract at
gateguard.xyz/legal/terms.php accepted by above client.  Contact
us at 212-203-3714 with questions."  Based on my review of
publicly-available GateGuard records as well as other publicly-
available records, and my involvement in the investigation, I

3

have learned that the 212-203-3714 phone number is used by TEMAN and GateGuard Inc.

     e.    Based on my conversations with Entity-1, Entity-2, and Entity-3, and from my review of the Counterfeit Checks with them, I have learned that none of Entity-1, Entity-2, or Entity-3 issued any of the Counterfeit checks. Additionally, though my conversations with each of Entity-1, Entity-2, and Entity-3, I have learned that an authorized check must be signed by an official from the respective company, which was not completed for any of the Counterfeit Checks; rather, the Counterfeit checks included the text referenced in ¶ 6(d), *supra*, which each of Entity-1, Entity-2, and Entity-3 has confirmed does not appear on authorized checks issued by each, respectively.

     f.    Based on my review of wire transfer records for the GateGuard Account and from speaking with personnel employed at Financial Institution-1, I have learned that, subsequently, certain wire transfers were made from the GateGuard Account to another account held by TEMAN at Financial Institution-1 ("Account-2").

     g.    On or about April 26, 2019, approximately $225,000 was transferred from the GateGuard Account to Account-2.

     h.    On or about May 8, 2019, at approximately 3:04 p.m., TEMAN entered a branch of Financial Institution-1 located in Manhattan, New York and, at a bank teller window, withdrew approximately $4,000 from Bank Account-2.

4

000050

WHEREFORE, the deponent respectfully requests that a warrant be issued for the arrest of ARI TEMAN, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.


DANIEL ALESSANDRINO
Detective
New York City Police Department


Sworn to before me this
2?th day of June, 2019


THE HONORABLE SARAH NETBURN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

5

000051

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: Noticing AUSA CR TP/SR (usafls.transferprob@usdoj.gov), Ch.
Magistrate Judge John J. O'Sullivan (o'sullivan@flsd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:18987701@flsd.uscourts.gov
Subject:Activity in Case 1:19-mj-03082-JJO USA v. Teman Arrest
Content−Type: text/html
```

## U.S. District Court

## Southern District of Florida

## Notice of Electronic Filing

The following transaction was entered on 7/9/2019 at 8:37 AM EDT and filed on 7/3/2019

| | |
|---|---|
| **Case Name:** | USA v. Teman |
| **Case Number:** | 1:19−mj−03082−JJO |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **Arrest of Ari Teman (at)**


**1:19−mj−03082−JJO−1 Notice has been electronically mailed to:**

Noticing AUSA CR TP/SR &nbsp &nbsp Usafls.transferprob@usdoj.gov

**1:19−mj−03082−JJO−1 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1−888−318−2260.:**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 19-3082-MJ-O'SULLIVAN   (SEALED)


UNITED STATES OF AMERICA,
      Plaintiff,


V.


ARI TEMAN,
      Defendant(s).
_____/

## ORDER

**THIS CAUSE** came before the Court and pursuant to proceedings it is

thereupon, PURSUANT TO THE ARREST OF THE ABOVE NAMED

DEFENDANT, THIS CASE IS HEREBY UNSEALED.

**DONE AND ORDERED** at Miami, Florida.


Dated: 7/8/2019

John J. O'Sullivan
**UNITED STATES MAGISTRATE JUDGE**

000053

*A may be released*

# MINUTE ORDER

Page 8

## Chief Magistrate Judge John J. O'Sullivan

**Atkins Building Courthouse - 5th Floor**   Date: 7/8/2019   Time: 1:30 p.m.

Defendant: ARI TEMAN   J#: 18244-104   Case #: 19-3082-MJ-O'SULLIVAN SEALED

AUSA: Sharad Motiani   Attorney: Sara Shulevitz (Temp)

Violation: S/D/NY/WARR/COMP/BANK FRAUD   Surr/Arrest Date: 7/3/2019   YOB: 1982

Proceeding: Initial Appearance   CJA Appt: _____

Bond/PTD Held: ○ Yes  ○ No   Recommended Bond: _____

Bond Set at: Stip $25K PSB w/ cosigners   Co-signed by: _____

Language: English

Disposition: Def released
- D. advised rights/Charges
- Standing in for Ms. Shulevitz
- Grace Casas Rowe/Eric Irons
- Case unsealed
- Stip $25K PSB cosigned by either Levi Herman OR Joseph Nachumklar.
- Passport to be surrendered by 7/10 close of business.
- Df has 10 days to obtain cosigners signatures (7/18/19)
- Motion to seal by Df denied
- Counsel to keep bond until cosigners sign

- [✓] Surrender and/or do not obtain passports/travel docs  *48 hours by 7/10 COB.*
- [✓] Report to PTS as directed/or ___ x's a week/month by phone; ___ x's a week/month in person
- [✓] Random urine testing by Pretrial Services _____
- [ ] Treatment as deemed necessary
- [✓] Refrain from excessive use of alcohol
- [✓] Participate in mental health assessment & treatment
- [ ] Maintain or seek full-time employment/education
- [ ] No contact with victims/witnesses, except through counsel
- [ ] No firearms
- [ ] Not to encumber property
- [ ] May not visit transportation establishments
- [ ] Home Confinement/Electronic Monitoring and/or Curfew ___ pm to ___ am, paid by ___
- [ ] Allowances: Medical needs, court appearances, attorney visits, religious, employment
- [✓] Travel extended to: FLSD (lives) NYSD/NYED
- [✓] Other: reside at address of record

Time from today to _____ excluded from Speedy Trial Clock

| NEXT COURT APPEARANCE | Date: | Time: | Judge: | Place: |
|---|---|---|---|---|

Report RE Counsel: _____

PTD/Bond Hearing: _____

Prelim/Arraign or Removal: _____

Status Conference RE: _____

D.A.R. 13:53:21   Time in Court: 8 mins

s/John J. O'Sullivan   Chief Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-3062 MJ

UNITED STATES OF AMERICA,

v.

Ari Teman /

**NOTICE OF TEMPORARY**
**APPEARANCE AS COUNSEL**

S/2 el
Perm.
only

COMES NOW _Sara Shulevitz_ and

files this temporary appearance as counsel for the above-named

defendant at initial appearance.  This appearance is made with

the **understanding** that the undersigned counsel will fulfill any

**obligations imposed** by the Court such as **preparing and filing**

**documents** necessary to collateralize any personal surety bond

which may be set.

Counsel's Signature _Grace Cross Rawe for Sara Shulevitz_

Date: _July 8, 2019_

Counsel's Name **(Printed)** _Grace Cross Rawe Sara Shulevitz_

**Florida Bar Number (Required)** _64/06/1_

Address _28 W Flagler Street_

_Suite 900_ Zip Code: _33130_

Telephone _( 305 ) 728-1936_

4/26

000055

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No: 19-3082-MJ-O'SULLIVAN

United States of America
     Plaintiff,

   v.
                           Charging District's Case No.  19MAG5858

ARI TEMAN,
     Defendant.
_____/

## WAIVER OF RULE 5 & 5.1 REMOVAL/IDENTITY HEARINGS

I understand that I have been charged in another district, the **SOUTHERN DISTRICT OF NEW YORK.**

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;
(2)    an identity hearing to determine whether I am the person named in the charges;
(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;
(4)    a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;
(5)    a hearing on any motion by the government for detention;
(6)    request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my rights to: **(check those that apply)**

    [✓] An identity hearing and production of the warrant.

    [ ] A preliminary hearing.

    [ ] A detention hearing in the Southern District of Florida.

    [ ] An identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled to in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 7/8/2019

_____
Defendant's Signature

_____
John J. O'Sullivan
United States Chief Magistrate Judge

000056

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Case No. 19-3082-MJ-O'SULLIVAN

United States of America
        Plaintiff,

    v.

ARI TEMAN,
        Defendant.

_____/

## ORDER OF REMOVAL

    It appearing that in the **SOUTHERN DISTRICT OF NEW YORK**, a Criminal Complaint was filed against the above-named defendant on a charge of **BANK FRAUD**, and that the defendant was arrested in the Southern District of Florida and was given a hearing before United States Magistrate Judge John J. O'Sullivan at Miami, Florida, which officially committed the defendant for removal to the **SOUTHERN DISTRICT OF NEW YORK**, it is ORDERED AND ADJUDGED that the defendant be removed to the above-named district for trial on said charge.

    And it further appearing that the defendant waived further hearing in the said removal proceedings and was held by the Magistrate Judge John J. O'Sullivan for removal and posted bail in the amount of $ ___25,000 PSB___ which was approved by the United States Magistrate Judge John J. O'Sullivan, and it is further ORDERED that the defendant shall appear in the aforesaid district at such times and places as may be ordered by that District Court, in accordance with the terms and conditions of aforesaid bond furnished by the defendant, and it is further ORDERED that the funds, plus interest, which may have been deposited on behalf of this defendant with the Clerk of the Court under Bail Reform Act be transferred to the district where removed.

    DONE AND ORDERED at Miami, Florida on 7/8/2019.

                               _____
                               John J. O'Sullivan
                               United States  Chief Magistrate Judge

BNDJJO,CLOSED

# U.S. District Court
## Southern District of Florida (Miami)
## CRIMINAL DOCKET FOR CASE #: 1:19−mj−03082−JJO−1
### *Internal Use Only*

Case title: USA v. Teman

Date Filed: 07/08/2019
Date Terminated: 07/08/2019

Assigned to: Ch. Magistrate Judge
John J. O'Sullivan

**Defendant (1)**

| | | |
|---|---|---|
| **Ari Teman**<br>18244−104<br>*YOB 1982 English*<br>*TERMINATED: 07/08/2019* | represented by | **Sara Sharon Shulevitz**<br>28 west flagler street suite #1001<br>Miami, FL 33130<br>3057281936<br>Fax: 3057795074<br>Email: dasarashul@aol.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Temporary* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18:U.S.C.§1344 BANK FRAUD | |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Noticing AUSA CR TP/SR**<br>Email: Usafls.transferprob@usdoj.gov |

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/03/2019 | | 9 | Arrest of Ari Teman (at) (Entered: 07/09/2019) |
| 07/08/2019 | 1 | 3 | Magistrate Removal of Complaint and Arrest Warrant from Southern District of New York Case number in the other District 19−MAG−5858 as to Ari Teman (1). (at) (Entered: 07/09/2019) |
| 07/08/2019 | 2 | 10 | Order to Unseal as to Ari Teman re 1 Magistrate Removal In. (Signed by Ch. Magistrate Judge John J. O'Sullivan on 7/8/2019). (at) (Entered: 07/09/2019) |
| 07/08/2019 | 3 | 11 | Minute Order for proceedings held before Ch. Magistrate Judge John J. O'Sullivan: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Ari Teman held on 7/8/2019. Bond recommendation/set: Ari Teman (1) STIP $25,000 PSB. Attorney added: Sara Sharon Shulevitz for Ari Teman (Digital 13:53:21) (Signed by Ch. Magistrate Judge John J. O'Sullivan on 7/8/2019). (at) (Entered: 07/09/2019) |
| 07/08/2019 | 4 | 12 | NOTICE OF TEMPORARY ATTORNEY APPEARANCE: Sara Sharon Shulevitz appearing for Ari Teman (at) (Entered: 07/09/2019) |
| 07/08/2019 | 5 | 13 | WAIVER OF RULE 5 & 5.1 REMOVAL/IDENTITY HEARINGS by Ari Teman (at) (Entered: 07/09/2019) |
| 07/08/2019 | 6 | 14 | ORDER OF REMOVAL ISSUED to District of Southern District of New York as to Ari Teman. Closing Case for Defendant. Signed by Ch. Magistrate Judge John J. O'Sullivan on 7/8/2019. *See attached document for full details.* (dgj) (Entered: 07/09/2019) |

000059

# 19-3082-MJ-O'SULLIVAN

Mod AO 442 (09/13) Arrest Warrant     AUSA Name & Telno:  Jacob H. Gutwillig, Tel: 212-637-2215

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

| | |
|---|---|
| United States of America<br>v.<br>Ari Teman<br><br>_____<br>_Defendant_ | )<br>)<br>)<br>)<br>)<br>) |

Case No. **19MAG 5858**

## ARREST WARRANT

To:     Any authorized law enforcement officer

    **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
_(name of person to be arrested)_     Ari Teman                                                                ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☑ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

    Violations of 18 U.S.C. §§ 1344, 1 and 2

Date:  6/20/2019                                           _____
                                                       _Issuing officer's signature_

City and state:     New York, NY                                Hon. Sarah Netburn, USMJ
                                                            _Printed name and title_

| Return |
|---|
|     This warrant was received on _(date)_ _____ , and the person was arrested on _(date)_ _____<br>at _(city and state)_ _____ . |
| Date: _____          _____<br>                                            _Arresting officer's signature_<br><br>                                          _____<br>                                          _Printed name and title_ |

# 19-3082-MJ-O'SULLIVAN

FILED BY _____ YR ____ D.C.

**Jul 8, 2019**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

Approved: _____
JACOB R. GUTWILLIG
Assistant United States Attorney

Before:   THE HONORABLE SARAH NETBURN
          United States Magistrate Judge
          Southern District of New York

19 MAG 5858

- - - - - - - - - - - - - - - - - -X
                                    :
UNITED STATES OF AMERICA            :     SEALED COMPLAINT
                                    :
     - v. -                         :     Violations of
                                    :     18 U.S.C. §§
                                    :     1344, 1 and 2
ARI TEMAN,                          :
                                    :     COUNTY OF OFFENSE:
               Defendant.           :     NEW YORK
                                    :
- - - - - - - - - - - - - - - - - -X

SOUTHERN DISTRICT OF NEW YORK, ss.:

        DANIEL ALESSANDRINO, being duly sworn, deposes and
says that he is a Detective with the New York City Police
Department ("NYPD"), and charges as follows:

## COUNT ONE
### (Bank Fraud)

        1.    From at least in or about April 2019 up to and
including at least in or about June 2019, in the Southern
District of New York and elsewhere, ARI TEMAN, the defendant,
knowingly and willfully would and did execute a scheme and
artifice to defraud a financial institution, the deposits of
which were then insured by the Federal Deposit Insurance
Corporation ("FDIC"), and to obtain moneys, funds, credits,
assets, securities, and other property owned by, and under the
custody and control of, a financial institution insured by the
Federal Deposit Insurance Corporation (the "FDIC"), by means of
false and fraudulent pretenses, representations, and promises,
to wit, TEMAN deposited counterfeit checks into a bank account
held at a particular financial institution.

        (Title 18, United States Code, Sections 1344, 1 and 2.)

## Overview

2.   I am a Detective with the NYPD.  I have been
personally involved in the investigation of this matter, and I
base this affidavit on that experience, on my conversations with
other law enforcement officials, and on my examination of
various reports and records.  Because this affidavit is being
submitted for the limited purpose of demonstrating probable
cause, it does not include all the facts I have learned during
the course of my investigation.  Where the contents of documents
and the actions, statements, and conversations of others are
reported herein, they are reported in substance and in part,
except where otherwise indicated.

3.   As set forth in greater detail below, I, and
other law enforcement officers, have been investigating a fraud
that has been undertaken in Manhattan, New York, and elsewhere,
between in or about April 2019 and in or about June 2019 (the
"Fraud").  Based on my involvement in this investigation, my
review of law enforcement reports, and my review of surveillance
videos and photographs, among other sources, I have learned that
the Fraud was perpetrated by ARI TEMAN, the defendant.  In
perpetrating this fraud, TEMAN deposited counterfeit checks into
an account held at a particular financial institution
("Financial Institution-1") in the name of a third party,
"GateGuard, Inc." (the "GateGuard Account").  GateGuard, Inc. is
a home security business operated by TEMAN that offers, among
other services, facial recognition software and remote access to
unlock doors to residences.  GateGuard is based in New York, New
York.

4.   From my review of publicly available materials,
as well as my training and experience and involvement with this
investigation, I know that Financial Institution-1 is insured by
the FDIC.

5.   In or about April 2019, TEMAN deposited
approximately 27 fraudulent checks (the "Counterfeit Checks")
into the GateGuard Account, defrauding Financial Institution-1
with a total loss amount of approximately $260,000.

## THE FRAUD

6.   Based on my participation in this investigation,
my conversations with other law enforcement officers and other
individuals (including personnel employed at Financial

2

000062

Institution-1), and my review of documents (including bank records), I have learned the following, among other things:

       a.   On or about April 19, 2019, at approximately 2:37 p.m., ARI TEMAN, the defendant, entered a branch of Financial Institution-1 located at the Lincoln Road Mall in Miami Beach, Florida, and deposited a legitimate check, payable to GateGuard Inc., valued at approximately $4,096.  TEMAN deposited this check via Automated Teller Machine ("ATM").  A contemporaneous surveillance photograph, depicting TEMAN standing at the ATM, shows TEMAN holding numerous additional checks that were not deposited at that time.

       b.   On or about April 19, 2019, at approximately 6:05 p.m., TEMAN reentered the same branch of Financial Institution-1 and, at a bank teller window, deposited the Counterfeit Checks into the GateGuard Account, totaling approximately $297,000.

       c.   The Counterfeit checks were fraudulently made to appear that they had been issued by three entities: "Entity-1" and "Entity-2," two entities operated by the same company; and "Entity-3".  Each of these is a legitimate company that previously has engaged in business transactions with GateGuard Inc.  Of the approximately 27 Counterfeit Checks:

          i.   Approximately 18 were fraudulently made to appear to have been issued by Entity-1, totaling approximately $198,000.

         ii.   Approximately 6 were fraudulently made to appear to have been issued by Entity-2, totaling approximately $66,000.

       iii.   Approximately 3 were fraudulently made to appear to have been issued by Entity-3, totaling approximately $33,000.

       d.   Each of the Counterfeit Checks included, on the bottom right corner of the check, the following text: "DRAW PER CONTRACT, NO SIGNATURE REQUIRED NOTE TO BANK: This is a valid check.  You are required by law to honor it.  Contract at gateguard.xyz/legal/terms.php accepted by above client.  Contact us at 212-203-3714 with questions."  Based on my review of publicly-available GateGuard records as well as other publicly-available records, and my involvement in the investigation, I

3

000063

have learned that the 212-203-3714 phone number is used by TEMAN and GateGuard Inc.

   e. Based on my conversations with Entity-1, Entity-2, and Entity-3, and from my review of the Counterfeit Checks with them, I have learned that none of Entity-1, Entity-2, or Entity-3 issued any of the Counterfeit checks. Additionally, though my conversations with each of Entity-1, Entity-2, and Entity-3, I have learned that an authorized check must be signed by an official from the respective company, which was not completed for any of the Counterfeit Checks; rather, the Counterfeit checks included the text referenced in ¶ 6(d), *supra*, which each of Entity-1, Entity-2, and Entity-3 has confirmed does not appear on authorized checks issued by each, respectively.

   f. Based on my review of wire transfer records for the GateGuard Account and from speaking with personnel employed at Financial Institution-1, I have learned that, subsequently, certain wire transfers were made from the GateGuard Account to another account held by TEMAN at Financial Institution-1 ("Account-2").

   g. On or about April 26, 2019, approximately $225,000 was transferred from the GateGuard Account to Account-2.

   h. On or about May 8, 2019, at approximately 3:04 p.m., TEMAN entered a branch of Financial Institution-1 located in Manhattan, New York and, at a bank teller window, withdrew approximately $4,000 from Bank Account-2.

4

000064

WHEREFORE, the deponent respectfully requests that a warrant be issued for the arrest of ARI TEMAN, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.


DANIEL ALESSANDRINO
Detective
New York City Police Department


Sworn to before me this
___ day of June, 2019



THE HONORABLE SARAH NETBURN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

5

000065

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: Noticing AUSA CR TP/SR (usafls.transferprob@usdoj.gov), Ch.
Magistrate Judge John J. O'Sullivan (o'sullivan@flsd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:18987701@flsd.uscourts.gov
Subject:Activity in Case 1:19-mj-03082-JJO USA v. Teman Arrest
Content−Type: text/html
```

## U.S. District Court

## Southern District of Florida

## Notice of Electronic Filing

The following transaction was entered on 7/9/2019 at 8:37 AM EDT and filed on 7/3/2019

| | |
|---|---|
| **Case Name:** | USA v. Teman |
| **Case Number:** | 1:19−mj−03082−JJO |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **Arrest of Ari Teman (at)**

**1:19−mj−03082−JJO−1 Notice has been electronically mailed to:**

Noticing AUSA CR TP/SR &nbsp &nbsp Usafls.transferprob@usdoj.gov

**1:19−mj−03082−JJO−1 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1−888−318−2260.:**

000066

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### Case No. 19-3082-MJ-O'SULLIVAN   (SEALED)

UNITED STATES OF AMERICA,
          Plaintiff,

V.

ARI TEMAN,
          Defendant(s).
_____/

## ORDER

**THIS CAUSE** came before the Court and pursuant to proceedings it is thereupon, PURSUANT TO THE ARREST OF THE ABOVE NAMED DEFENDANT, THIS CASE IS HEREBY UNSEALED.

**DONE AND ORDERED** at Miami, Florida.

Dated: 7/8/2019

**John J. O'Sullivan**
**UNITED STATES MAGISTRATE JUDGE**

*May be released*

# MINUTE ORDER

Page 8

## Chief Magistrate Judge John J. O'Sullivan

**Atkins Building Courthouse - 5th Floor**    Date: 7/8/2019    Time: 1:30 p.m.

Defendant: ARI TEMAN    J#: 18244-104    Case #: 19-3082-MJ-O'SULLIVAN SEALED

AUSA: Sharad Motiani    Attorney: Sara Shulevitz (Temp)

Violation: S/D/NY/WARR/COMP/BANK FRAUD    Surr/Arrest Date: 7/3/2019    YOB: 1982

Proceeding: Initial Appearance    CJA Appt: _____

Bond/PTD Held: ○ Yes  ○ No    Recommended Bond: _____

Bond Set at: Stip $25K PSB w/ cosigners    Co-signed by: _____

☑ Surrender and/or do not obtain passports/travel docs  *48 hours by 7/10 COB.*

☑ Report to PTS as directed/or ____ x's a week/month by phone: ____ x's a week/month in person

☐ Random urine testing by Pretrial
☑ Services _____

☐ Treatment as deemed necessary

☑ Refrain from excessive use of alcohol

☑ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses, except through counsel

☐ No firearms

☐ Not to encumber property

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or Curfew ____ pm to ____ am, paid by ____

☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☑ Travel extended to: FLSD (lines) | NYSD | NYED

☑ Other: reside at address of record

Language: English

Disposition: Def released
- D. advised rights/Charges
- Standing in for Ms. Shulevitz
- Grace Casas Rowe | Eric Irons
- Case unsealed
- Stip $25K PSB
- cosigned by either Levi Herman
- OR Joseph Nachumklar
- Passport to be surrendered
- by 7/10 close of business.
- Def has 10 days to obtain cosigners signatures (7/18/19)
- Motion to seal by Def denied
- counsel to keep bond until cosigners sign

Time from today to ____ excluded from Speedy Trial Clock

| NEXT COURT APPEARANCE | Date: | Time: | Judge: | Place: |
|---|---|---|---|---|
| Report RE Counsel: | | | | |
| PTD/Bond Hearing: | | | | |
| Prelim/Arraign or Removal: | | | | |
| Status Conference RE: | | | | |

D.A.R. 13:53:21    Time in Court: 8 mins

s/John J. O'Sullivan    Chief Magistrate Judge

4/26    000068    **25**

Case 1:19-cr-00698-AJN-GWG Document 50-4 Filed 06/03/21 Page 26 of 32

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-3082 MJ

UNITED STATES OF AMERICA,

v.

Ari Teman                    /

**NOTICE OF TEMPORARY
APPEARANCE AS COUNSEL**

*S/2 el
Perm.
only*

COMES NOW _Sara Shulevitz_ and

files this temporary appearance as counsel for the above-named

defendant at initial appearance.  This appearance is made with

the **understanding** that the undersigned counsel will fulfill any

**obligations imposed** by the Court such as **preparing and filing**

**documents** necessary to collateralize any personal surety bond

which may be set.

Counsel's Signature _Grace Cross Pane for Sara Shulevitz_

Date: _July 8, 2019_

Counsel's Name **(Printed)** _Grace Cross Pane Sara Shulevitz_

**Florida Bar Number (Required)** _64061l_

Address _28 W Flagler Street_

_Suite 900_          Zip Code: _33130_

Telephone _( 305 ) 728-1936_

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No: 19-3082-MJ-O'SULLIVAN

United States of America
     Plaintiff,

v.

                        Charging District's Case No.  19MAG5858

ARI TEMAN,
     Defendant.
_____/

## WAIVER OF RULE 5 & 5.1 REMOVAL/IDENTITY HEARINGS

I understand that I have been charged in another district, the **SOUTHERN DISTRICT OF NEW YORK.**

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)    an identity hearing to determine whether I am the person named in the charges;

(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)    a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5)    a hearing on any motion by the government for detention;

(6)    request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my rights to: **(check those that apply)**

[✓]  An identity hearing and production of the warrant.

[ ]  A preliminary hearing.

[ ]  A detention hearing in the Southern District of Florida.

[ ]  An identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled to in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 7/8/2019

_____
Defendant's Signature

_____
John J. O'Sullivan
United States Chief Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Case No. 19-3082-MJ-O'SULLIVAN

United States of America
    Plaintiff,

    v.

ARI TEMAN,
    Defendant.

_____/

## ORDER OF REMOVAL

It appearing that in the **SOUTHERN DISTRICT OF NEW YORK**, a Criminal Complaint was filed against the above-named defendant on a charge of **BANK FRAUD**, and that the defendant was arrested in the Southern District of Florida and was given a hearing before United States Magistrate Judge John J. O'Sullivan at Miami, Florida, which officially committed the defendant for removal to the **SOUTHERN DISTRICT OF NEW YORK**, it is ORDERED AND ADJUDGED that the defendant be removed to the above-named district for trial on said charge.

And it further appearing that the defendant waived further hearing in the said removal proceedings and was held by the Magistrate Judge John J. O'Sullivan for removal and posted bail in the amount of $ 25,000 PSB which was approved by the United States Magistrate Judge John J. O'Sullivan, and it is further ORDERED that the defendant shall appear in the aforesaid district at such times and places as may be ordered by that District Court, in accordance with the terms and conditions of aforesaid bond furnished by the defendant, and it is further ORDERED that the funds, plus interest, which may have been deposited on behalf of this defendant with the Clerk of the Court under Bail Reform Act be transferred to the district where removed.

DONE AND ORDERED at Miami, Florida on 7/8/2019.

_____
John J. O'Sullivan
United States Chief Magistrate Judge

000071

(Rev. 03/2016)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### APPEARANCE BOND:

### CASE NO.: 19 - 3082 - JJO

UNITED STATES OF AMERICA:
                Plaintiff,

v.

Ari Teman

JAIL #: 18244-104

                Defendant,

_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ 25,000 Personal Surety Bond

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

3. May not change his or her present address as recorded on this bond without prior permission in writing from the court.

4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5. The defendant must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

6. Shall not commit any act in violation of state or federal laws.

4/26

DEFENDANT: Ari Teman

CASE NUMBER: 19-3082 MJ

PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓ a. Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case; *by c.o.b. 7/10/19*.

✓ b. Report to Pretrial Services as follows: (X) *as directed or__ time(s) a week in person and__ time(s) a week by telephone;*

✓ c. Submit to substance abuse testing and/or treatment;

✓ d. Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

✓ e. Participate in mental health assessment and/or treatment;

__ f. Participate and undergo a sex offense specific evaluation and treatment;

__ g. Maintain or actively seek full-time employment;

__ h. Maintain or begin an educational program;

__ i. Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;

__ j. Refrain from possessing a firearm, destructive device or other dangerous weapons;

__ k. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any property they own until the bond is discharged, or otherwise modified by the Court;

__ l. May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.*;

__ m. No access to the internet via any type of connectivity device (*i.e., computers, pda's, cellular phones, tv's*), and follow instructions as outlined in the agreement waiver provided to you by Pretrial Services;

__ n. **HOME CONFINEMENT PROGRAM** The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) **will not** or ( ) **will include electronic monitoring or other location verification system, paid for by the defendant based upon his/her ability to pay ( )** or **paid for by Pretrial Services ( ).**
   __ **Curfew:** You are restricted to your residence every day from___ to___, or as directed by the Court.
   __ **Home Detention:** You are restricted to your residence at all times except for: ( ) **medical needs or treatment, ( ) court appearances, ( ) attorney visits or court ordered obligations, and ( ) other** _____

__ o. **HALFWAY HOUSE PLACEMENT** The defendant shall reside at a halfway house or community corrections center and abide by all the rules and regulations of the program.
   You are restricted to the halfway house at all times except for: ( ) **employment; ( ) education; ( ) religious services; ( ) medical, substance abuse, or mental health treatment; ( ) attorney visits; ( ) court appearances, ( ) court ordered obligations; ( ) reporting to Pretrial Services; and ( ) other** _____

✓ p. May travel to and from: __, and must notify Pretrial Services of travel plans before leaving and upon return.

✓ q. Comply with the following additional conditions of bond: *n (Southern District) FL, SDI Defendant may travel to and from the State of Florida and the State of New York. May be released without signature of sureties. Defendant has 10 days to obtain sureties signatures by July 18/By July 10, 2019 he will surrender passport to the Trial Service. main. address on record. NY & EDI NY*

DEFENDANT: Ari Teman
CASE NUMBER: 19-3082 MJ
**PAGE THREE**

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: Ari Teman
CASE NUMBER: 19-3082 MJ
PAGE FOUR

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

**NOTE: Page 5 of this form MUST be completed before the bond will be accepted for filing.**

### DEFENDANT

Signed this 8th day of July, 20 19 at Miami, Florida

Signed and acknowledged before me:

_____ DEFENDANT: (Signature) _____

_____ Miami _____ Florida
Witness                              City                        State

### CORPORATE SURETY

Signed this _____ day of _____, 20 ___ at _____, Florida

SURETY: _____ AGENT: (Signature) _____

_____ PRINT NAME: _____
City          State

### INDIVIDUAL SURETIES

Signed this 12 day of July, 2019 at 4:59 PM, Florida    Signed this ___ day of _____, 20 ___ at _____, Florida

SURETY: (Signature) _____    SURETY: (Signature) _____

PRINT NAME: Levi Herman    PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: Co-Worker    RELATIONSHIP TO DEFENDANT: _____

New York          NY
City          State                                          City          State

Signed this ___ day of _____, 20 ___ at _____, Florida    Signed this ___ day of _____, 20 ___ at _____, Florida

SURETY: (Signature) _____    SURETY: (Signature) _____

PRINT NAME: _____    PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____    RELATIONSHIP TO DEFENDANT: _____

_____ _____    _____ _____
City          State                                          City          State

### APPROVAL BY THE COURT

Date: _____

**UNITED STATES MAGISTRATE JUDGE**

000075

1
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
2                 CASE NO.  19-3082-MJ-O'SULLIVAN

3


4
     UNITED STATES OF AMERICA,
5
                    Plaintiff,
6
          vs.
7
                                        Miami, Florida
8                                       July 8, 2019
     ARI TEMAN,                         Pages 1-9
9
                    Defendant.
10    _____

11
                    TRANSCRIPT OF INITIAL APPEARANCE
12            BEFORE THE HONORABLE JOHN J. O'SULLIVAN
                    UNITED STATES MAGISTRATE JUDGE
13

14    APPEARANCES:

15    FOR THE PLAINTIFF:
                              *United States Attorney's Office*
16                            BY:  SHARAD MOTIANI,  A.U.S.A.
                              99 Northeast Fourth Street
17                            Miami,  Florida 33132

18
      FOR THE DEFENDANT:
19
                              BY:  GRACE CASAS-ROWE, ESQ.
20                            BY:  ERIC IRONS, ESQ.

21

22


23    TRANSCRIBED BY:        DAWN M. SAVINO, RPR
                             Official Court Stenographer
24                           400 N. Miami Avenue, 10S03
                             Miami, Florida  33128
25                           Telephone:  305-523-5598

                PROCEEDINGS RECORDED BY DIGITAL AUDIO RECORDING
                  TRANSCRIPT PRODUCED BY MANUAL STENOGRAPHY
                    AND COMPUTER-AIDED TRANSCRIPTION

000076

```
1                    P-R-O-C-E-E-D-I-N-G-S
2          THE COURT:  Ari Teman.  Is there a motion to unseal?
3          MR. MOTIANI:  Make an ore tenus motion to unseal, Your
4     Honor.
5          THE COURT:  All right.  This is the complaint.
6          MS. CASAS-ROWE:  May it please the Court, good
7     afternoon.  Attorney Grace Casas-Rowe from Ms. Sara Shulevitz's
8     office.  I also have co-counsel present, Your Honor.
9          MR. IRONS:  Eric Irons.
10          THE COURT:  Tell me both your last names again, slowly.
11          MS. CASAS-ROWE:  Attorney grace Casas, C-A-S-A-S,
12     hyphen Rowe, R-O-W-E.
13          THE COURT:  And gentleman?
14          MR. IRONS:  Eric Irons.  E-R-I-C and the last name is
15     I-R-O-N-S.
16          THE COURT:  Okay.  All right.  You're both members of
17     the Bar here?  The District Court Bar?
18          MS. CASAS-ROWE:  Yes, Your Honor.
19          THE COURT:  Okay.  Good.  Let me talk to your client
20     for one moment.
21          Sir, tell me your name and age, please.
22          THE DEFENDANT:  Ari Teman, 37.
23          THE COURT:  Okay.  Sir, you're here for your initial
24     appearance on a complaint out of the Southern District of New
25     York that charges you with bank fraud.  Counsel Ms. Casas-Rowe
```

PROCEEDINGS RECORDED BY DIGITAL AUDIO RECORDING
TRANSCRIPT PRODUCED BY MANUAL STENOGRAPHY
AND COMPUTER-AIDED TRANSCRIPTION

4/26

000077

1   and Eric Irons indicate they're going to represent you, at least

2   -- are you making a temporary appearance or permanent

3   appearance?

4           MS. CASAS-ROWE:  Ms. Sara Shulevitz would be making a

5   temporary appearance, Your Honor.  I work with her office.

6           THE COURT:  Okay.  So a temporary appearance to

7   represent you at least for bond purposes in this case.  Are you

8   in agreement with that?

9           THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  Okay.  Good.  All right.

11          What's the Government's recommendation on bond?

12          MR. MOTIANI:  $25,000 personal surety bond.  It's to be

13   co-signed by a financially responsible co-signer.  Travel

14   restriction to the Southern District of Florida, Southern

15   District of New York, EDNY and points in between for travel

16   purposes, excuse me.  Surrender passports and travel --

17          THE COURT:  Well, I'm going to set the standard

18   conditions.  You can tell me unless there's something special

19   there.

20          MR. MOTIANI:  Nope.

21          THE COURT:  All right.

22          MS. CASAS-ROWE:  If I may, Your Honor?

23          THE COURT:  Who can co-sign on the bond for him?

24          MS. CASAS-ROWE:  Your Honor, he's given us the names of

25   two individuals.  The discussion was that he would have 48 hours

PROCEEDINGS RECORDED BY DIGITAL AUDIO RECORDING
TRANSCRIPT PRODUCED BY MANUAL STENOGRAPHY
AND COMPUTER-AIDED TRANSCRIPTION
4/26

000078

4

1    to surrender the passport and ten days to procure the signature

2    of the sureties because they are out of state.

3            THE COURT:  And tell me about the sureties, who are

4    they?

5            MS. CASAS-ROWE:  These sureties, your Honor, one

6    individual is a friend of the client and the other is a

7    coworker.

8            THE COURT:  And what are their names?

9            MS. CASAS-ROWE:  The coworker's name is Levi Herman,

10   H-E-R-M-A-N.  The name of his friend is Joseph Machumklar,

11   M-A-C-H-U-M-K-L-A-R.

12           THE COURT:  And what was the amount of the bond,

13   25,000?

14           MS. CASAS-ROWE:  Stipulated, yes.  Stipulated $25,000

15   personal surety bond.

16           THE COURT:  All right.  I'll enter the stipulated

17   $25,000 personal surety bond to be co-signed by Levi Herman or

18   Joseph Machumklar?  Is that how you say it?

19           MS. CASAS-ROWE:  Machumklar.

20           THE COURT:  Machumklar.  Okay.  My accent is not too

21   good.  But anyway, you got that?  Clerk's got the spelling of

22   it.

23           As conditions of bond, he needs to report to Pretrial

24   Services as directed.  Surrender all passport and travel

25   documents.  Submit to substance abuse testing and treatment as

PROCEEDINGS RECORDED BY DIGITAL AUDIO RECORDING
TRANSCRIPT PRODUCED BY MANUAL STENOGRAPHY
AND COMPUTER-AIDED TRANSCRIPTION

4/26

000079

1    directed.  Refrain from excessive use of alcohol or any narcotic

2    drugs.  Participate in mental health assessment.  And your

3    travel is -- he's going to continue to reside here in Miami?

4         MS. CASAS-ROWE:  Yes.  We have given an address on the

5    standard bond documentation of his address here in Miami.

6         THE COURT:  Is that 650 West Avenue, Number 505?

7         MS. CASAS-ROWE:  Yes, Your Honor.

8         THE COURT:  All right.  So he's to reside at that

9    address and not move from that address without further order of

10   the court.

11        You said the Eastern District.  This is out of the

12   Southern District of New York.

13        MR. MOTIANI:  Yes, Your Honor.  My notes here show

14   travel restrictions between our district, Southern District of

15   New York and Eastern District of New York.

16        THE COURT:  Okay.  He's permitted to travel to New

17   York, the Southern and Eastern Districts of New York for court

18   purposes and to meet with counsel only, not for other reasons.

19        Any other conditions requested by the Government?

20        MR. MOTIANI:  No, Your Honor.

21        THE COURT:  Anything else for Mr. Teman?

22        MS. CASAS-ROWE:  Your Honor, the agreement was that his

23   release would be processed -- would be processed at this time

24   without obligating an immediate signature of the sureties.  That

25   he has 10 days in order to have them signed.

PROCEEDINGS RECORDED BY DIGITAL AUDIO RECORDING
TRANSCRIPT PRODUCED BY MANUAL STENOGRAPHY
AND COMPUTER-AIDED TRANSCRIPTION

4/26

000080

```
 1          THE COURT:  All right.  So within 10 days of today,
 2     today's July 8th, he's to have -- by July 18th he is to have the
 3     signatures on the bond forwarded to the clerk's office.  You
 4     fail to do that, you're going to be in violation of your release
 5     and you'll need to surrender yourself to the United States
 6     Marshals.  Do you understand?
 7          THE DEFENDANT:  Yes, Your Honor.
 8          THE COURT:  Okay.  And then how long do you want to
 9     give the passport over?
10          MS. CASAS-ROWE:  48 hours from the time that the client
11     is released, if it please the Honor.
12          THE COURT:  So by the end of business on July 10th,
13     that's Wednesday, you're to have your passport surrendered to
14     Pretrial Services.
15          What about removal?  Does he want to waive removal?  Is
16     he going to go by himself to New York or do you want to have a
17     removal hearing?
18          MS. CASAS-ROWE:  Your Honor, the client is advising he
19     will go by himself.
20          THE COURT:  Okay.  Can you give her the form for the
21     waiver of removal so she can review it with her client?
22          Sir, you understand you're entitled to a removal
23     hearing, at which time the Government would have to present
24     evidence to demonstrate to the Court that you are the same
25     person who's named in the warrant out of the Southern District
```

PROCEEDINGS RECORDED BY DIGITAL AUDIO RECORDING
TRANSCRIPT PRODUCED BY MANUAL STENOGRAPHY
AND COMPUTER-AIDED TRANSCRIPTION

4/26

000081

1    of Florida.  By waiving that, you agree to travel on your own to

2    the Southern District of New York.  Your attorneys as well as

3    Probation will advise you when you need to be there.  Do you

4    understand?

5            THE DEFENDANT:  Yes, Your Honor.

6            THE COURT:  Okay.  The clerk is going to give you a

7    form which you can look at, and if you would like to sign it.

8            THE CLERK:  Judge, if I may have the spelling of the

9    counsel who is making the temporary appearance?

10           THE COURT:  It's Casas, C-A-S-A-S.  Oh, the other one?

11   Yeah.  What's the other one, the one you're standing in for?

12           MS. CASAS-ROWE:  Ms. Sara Shulevitz.

13           THE COURT:  Spell that please.

14           MS. CASAS-ROWE:  S as in Sam, C-H-U-E-L, V as in

15   Victor, I, T as in Tom, Z as in zebra.

16           THE COURT:  Usual spelling.  Do you want to review that

17   form with him?

18           MS. CASAS-ROWE:  Yes.

19           THE COURT:  Go ahead and have him sign it if he would

20   like to.

21           MS. CASAS-ROWE:  Your Honor, having reviewed the

22   waiver, he is signing it at this time.

23           THE COURT:  Okay.  Can you hand it up to me please?

24           MS. CASAS-ROWE:  Yes, Your Honor.

25           THE COURT:  All right.  Mr. Teman, do you have any

PROCEEDINGS RECORDED BY DIGITAL AUDIO RECORDING
TRANSCRIPT PRODUCED BY MANUAL STENOGRAPHY
AND COMPUTER-AIDED TRANSCRIPTION

4/26                                                    000082

1      questions about waiving your right to a removal hearing?

2              THE DEFENDANT:  No, Your Honor.

3              THE COURT:  Thank you.  All right.  I find the

4      Defendant has knowingly and voluntarily waived his right to an

5      identity hearing, and I'm going to order that he be removed to

6      the Southern District of Florida -- of New York, I'm sorry.  And

7      you're to stay in touch with counsel and Pretrial Services to

8      determine when you need to be there.  If you fail to appear

9      there, a warrant will be issued for your arrest and your bond

10     will be revoked.  Do you understand?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  Okay.  Good.  All right.  Anything else for

13     this gentleman?

14             MS. CASAS-ROWE:  Your Honor, we would ask for the

15     indictment to remain sealed at this time until.

16             THE COURT:  Well, there is no indictment.  There's --

17     it's an information -- I mean, it's a complaint.  It's already

18     been unsealed and I'm not inclined to seal it unless you give me

19     some special reasons.

20             MR. IRONS:  Your Honor can the Defendant speak?

21             THE COURT:  Sure.

22             THE DEFENDANT:  Your Honor, the company name, my

23     company name, it's my last name.  Were this case, which I'm sure

24     I'll be found not guilty or dropped, were that to be made public

25     it would be devastating to the -- the case.  My customers

PROCEEDINGS RECORDED BY DIGITAL AUDIO RECORDING
TRANSCRIPT PRODUCED BY MANUAL STENOGRAPHY
AND COMPUTER-AIDED TRANSCRIPTION
4/26

000083

1   wouldn't pay me, nobody would hire us.

2           THE COURT:  Okay.  Well, your motion is denied.  The

3   Government's -- *(unintelligible)* has found probable cause to

4   believe that you committed the crime for which you've been

5   accused and I'm not going to -- there's a presumption of things

6   being in the open record, and the reasons you gave me are not

7   sufficient to keep it sealed.

8           All right.  Anything else for this gentleman?  All

9   right.

10          MS. CASAS-ROWE:  No, Your Honor.  Not at this time.

11          THE COURT:  All right.  Thank you.

12          Mr. Teman, good luck to you.

13          (PROCEEDINGS CONCLUDED)

14                         *  *  *  *  *

15                  C E R T I F I C A T E
    I certify that the foregoing is a correct transcript from the
16  digital audio recording of proceedings in the above-entitled
    matter.

17

18  7/30/2019                /s/ Dawn M. Savino
    Date                     DAWN M. SAVINO, RPR

19

20

21

22

23

24

25

PROCEEDINGS RECORDED BY DIGITAL AUDIO RECORDING
TRANSCRIPT PRODUCED BY MANUAL STENOGRAPHY
AND COMPUTER-AIDED TRANSCRIPTION

4/26

000084