UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X

GATEGUARD, INC.,

                     *Plaintiff,*           Docket No. 1:120-CV-01609 (AJN)

   - against -

                                               **DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO**

GOLDMONT REALTY CORP.,
LEON GOLDENBERG, ABI GOLDENBERG,    **<u>DEFENDANT ABI GOLDENBERG</u>**

                   *Defendants.*

----------------------------------------------------------X

Defendant Abi Goldenberg ("Abi" or "Defendant"), by his attorneys, Koss & Schonfeld, LLP, submits the following in response to GateGuard, Inc. ("GateGuard")'s Interrogatories to Defendant Abi Goldenberg, Set, One, as follows:

### <u>GENERAL OBJECTIONS</u>

1. The Defendant objects to the Instructions and Definitions to these Interrogatories on the grounds that they are oppressive and attempt to impose obligations on Defendant beyond those imposed or authorized by the Federal Rules of Civil Procedure and the Local Rules.

2. Defendant objects to these Interrogatories to the extent they seek the disclosure of information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or immunity.

3. Defendant objects to these Interrogatories on the grounds that they are overly broad and unduly burdensome, vague and ambiguous, not reasonable limited in scope, or manner, and seek information that is neither relevant to the claims or defenses of any party to this action nor reasonably calculated to lead to the discovery of admissible evidence.

1

4. Defendant objects to these Interrogatories on the grounds that they are not reasonably limited in time.

5. These General Objections are incorporated into each of the following specific answers to these Interrogatories, shall be deemed continuing as to each Interrogatory, and are not waived, or in any way limited, by the following objections and answers.

6. Defendant reserves the right to amend these responses in accordance with Federal Rules of Civil Procedure.

## INTERROGATORIES

1. Identify each electronic communication medium You have used to send or receive information at any time from January 1, 2017 to present, including but not limited to: (a) phone, (b) email, (c) social media (e.g., Facebook, Twitter, Instagram, LinkedIn, Reddit, YouTube, etc.), (d) messaging services (e.g., SMS/text message, iMessage, WhatsApp, Facebook Messenger, Skype, Telegram, Signal, etc.), (e) journal/blog services (e.g., WordPress, BlogSpot, Tumblr, etc.), and (f) online forums/boards.

**Response:** The Defendant objects to this Interrogatory as vague, ambiguous, overbroad and unduly burdensome. Specifically, this request is vague, ambiguous and overbroad in seeking identification of "each electronic communication medium" used from "January 1, 2017 to present" as it is overbroad and unduly burdensome and could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Without waiving the above objections, Defendants respond: Email, telephone and WhatsApp. Defendant herein reserves the right to amend and/or supplement its response to this item should additional information become available.

2. For each electronic communication medium You identify in response to Interrogatory No. 1 (above), identify each account (e.g., phone number, email address, account name/identifier, etc.) You have used to send or receive information at any time from January 1, 2017 to present.

**Response:** The Defendant objects to this Interrogatory as vague, ambiguous, overbroad and unduly burdensome. Specifically, this request is vague, ambiguous and overbroad in seeking identification of "each electronic communication medium" used from "January 1, 2017 to present" as it is overbroad and unduly burdensome and could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Without waiving the above objections, Defendant responds: 347-554-0880; AGoldenberg@goldmontrealty.com. Defendant herein reserves the right to amend and/or supplement its response to this item should additional information become available.

3. Identify each Person with whom You communicated concerning GateGuard.

**Response:** The Defendant objects to this Interrogatory as vague, ambiguous, overbroad and unduly burdensome. Without waiving the above objections, Defendant responds that he communicated with Leon Goldenberg, Samuel Taub, Rabbi Howard Jachter, attorney Jacob Rubinstein, attorney Ariel Reinitz, Ari Goldberg, Levi Herman, Joseph Soleimani and Daniel Alessandrino concerning GateGuard.

4. Identify each Person with whom You communicated concerning Ari Teman.

**Response:** The Defendant objects to this Interrogatory as vague, ambiguous, overbroad and unduly burdensome. Without waiving the above objections, Defendant communicated with Leon Goldenberg, Samuel Taub, Rabbi Howard Jachter, attorney Jacob Rubinstein, attorney Ariel Reinitz, Ari Goldberg, Joseph Soleimani and Daniel Alessandrino concerning Teman.

5.      Identify all entities in which You held an interest (including as an owner, member, shareholder, partner, beneficiary, and licensee) at any time from January 1, 2017 to present.

**Response:** The Defendant objects to this Interrogatory as vague, ambiguous, overbroad and unduly burdensome. Specifically, this request is vague, ambiguous and overbroad in seeking identification of "all entities in which You held an interest…at any time from January 1, 2017 to present" as it is overbroad and unduly burdensome and could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects to this Interrogatory as it seeks information and materials beyond the scope of discovery that are not reasonably calculated to lead to the production of discoverable information. Defendant herein reserves the right to amend and/or supplement its response to this item should additional information become available.

**THE DEFENDANT HEREIN RESERVES THE RIGHT TO AMEND AND/OR SUPPLEMENT ITS RESPONSES SHOULD ADDITIONAL MATERIAL BECOME AVAILABLE.**

Dated:   New York, New York
             April 21, 2021

_____
Simcha D. Schonfeld, Esq.
**Koss & Schonfeld, LLP**
90 John Street, Suite 503
New York, NY 10038
Direct Dial: (212) 796-8916
*Attorneys for Defendants*
GOLDMONT REALTY CORP.,
LEON GOLDENBERG, ABI
GOLDENBERG

TO:

  Ariel Reinitz
  FisherBroyles, LLP

4

445 Park Avenue, Ninth Floor
New York, NY 10022
ariel.reinitz@fisherbroyles.com

RE: **GATEGUARD, INC. v. GOLDMONT REALTY CORP., LEON GOLDENBERG and ABI GOLDENBERG**
Docket No. 1:20-cv-01609-AJN-GWG

## VERIFICATION

UNITED STATES DISTRICT COURT    )
                                )  ss:
SOUTHERN DISTRICT OF NEW YORK   )

STEPHAN (ABI) GOLDENBERG, being duly affirmed, deposes and states the following under penalty of perjury under the laws of the State of New York:

Deponent is a defendant in the within action; deponent has read the foregoing DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT ABI GOLDENBERG, dated April 21, 2021, and knows the contents thereof to be true and accurate in all respects; the same is true as to deponent's own knowledge, except as to those matters therein stated to be alleged upon information and belief and as to those matters, deponent believes them to be true.

_____
STEPHAN (ABI) GOLDENBERG

Affirmed to me this
22th day of April 2021

_____
Notary Public

JEANNE WEISBERG
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01WE4838569
Qualified in Nassau County
Commission Expires July 15, 20 23