# Fisher Broyles

**Ariel Reinitz**
*Partner*
FisherBroyles, LLP
445 Park Avenue
Ninth Floor
New York, NY 10022

Ariel.Reinitz@fisherbroyles.com
Direct: 646.494.6909

June 3, 2021

**VIA ECF**

Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007

      Re:    *GateGuard, Inc. v. Goldmont Realty Corp., et al.*
              Case No.: 1:20-cv-01609-AJN- GWG

Dear Judge Gorenstein:

      I represent Plaintiff GateGuard, Inc. ("Plaintiff") and write in response to the letter filed by third parties Joseph Soleimani, ABJ Properties, and Samuel Taub (the "Third Parties") (ECF No. 49). The Third Parties' letter seeks to quash various Rule 45 subpoenas Plaintiff served in this case. For the reasons outlined below, the relief sought by the Third Parties should be denied.

      The Third Parties concede their application is premature. *Id*. at 3 (the Third Parties' counsel acknowledges he did not confer with Plaintiff before seeking relief). On this basis alone, the relief sought by the Third Parties in their letter should be denied.[1]

      Additionally, the Third Parties' letter was filed after 7:00 PM on June 1, 2021. The letter fails to inform the Court that *over six hours prior* I contacted the Third Parties' counsel requesting to 'meet and confer' concerning two of the subpoenas at issue. *See* enclosed <u>Exhibit A</u> (Plaintiff's request to confer re: anticipated enforcement of two of the subpoenas). Counsel for

---

[1] In an apparent attempt to excuse their failure to confer with Plaintiff, the Third Parties reference discovery conferences with Plaintiff *in another case*. *See* ECF No. 49 at 3. The Third Parties also reference Plaintiff's conference with *Defendants* on May 28. But contrary to the Third Parties' assertion, during this conference – which the Third Parties did not participate in – the subpoenas at issue were never discussed. In any event, it is unclear how conferences *in other cases* or between *other parties* can discharge the Third Parties from their requirement to confer with Plaintiff before seeking relief from the Court (a point the Third Parties all but concede by indicating they would "be happy" to further confer with Plaintiff pursuant to the Court's Individual Practices).

---

ATLANTA | AUSTIN | BOSTON | CHARLOTTE | CHICAGO | CINCINNATI | CLEVELAND | COLUMBUS | DALLAS
DENVER | DETROIT | HOUSTON | LONDON | LOS ANGELES | MIAMI | NAPLES | NEW YORK | PALO ALTO
PHILADELPHIA | PRINCETON | SALT LAKE CITY | SEATTLE | WASHINGTON D.C.

# FisherBroyles

June 3, 2021 | Page 2 of 2

the Third Parties did not respond to my request and instead proceeded to seek relief from the Court (while failing to notify the Court that Plaintiff had sought to confer re: the subject subpoenas).

Upon review of the Third Parties' letter, I again contacted their counsel, noting that their filing was premature because we had yet to confer and that the letter omitted my prior request to confer regarding the subpoenas. *See* enclosed Exhibit B. I asked the Third Parties' counsel to withdraw the letter, and again invited him to confer regarding the subpoenas.

Today, I conferred with the Third Parties' counsel regarding the subpoenas. We were unable to fully discuss all relevant issues relating to the subpoenas, and we resolved to continue conferring in the coming days. During our conference, I reiterated my request that the Third Parties withdraw their letter to the Court. The Third Parties indicated they would not do so.

Though Plaintiff disputes much of the substance of the Third Parties' letter, the Court need not reach these issues to resolve this matter. More importantly, during today's conference between Plaintiff and the Third Parties, many of these issues were discussed, and I anticipate further discussing these issues with counsel for the Third Parties in the coming days.

The Third Parties are also not entitled to the relief they seek. For example, Exhibit C is a document subpoena to Samuel Taub served May 6, 2021. Under Rule 45(d)(2)(B), Taub was required to serve any objections within 14 days (i.e., May 20, 2021). Yet Taub did not object until May 27, 2021. *See* ECF No. 49 at 3 (Taub "issu[ed] formal objections… on May 27, 2021); ECF No. 49-1 at 83-94 (Taub's "objections" dated May 27, 2021). Taub's objections are therefore untimely. "A non-party's failure to make objections to a Rule 45 subpoena within fourteen days renders any subsequent objections untimely[.]" *Nimkoff Rosenfeld & Schechter, LLP v. RKO Props., Ltd.*, 2016 U.S. Dist. LEXIS 70051, at *14 (S.D.N.Y. May 24, 2016).

Taub's purported motion to quash the referenced subpoena is also untimely. "In order to be timely, a motion to quash a subpoena generally must be filed before the return date of the subpoena." *Brown v. Hendler*, 09 cv 4486 (RLE), 2011 U.S. Dist. LEXIS 9476, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) (citing Fed. R. Civ. P. 45). The referenced subpoena specifies a return date of May 27, 2021. *See* Ex. C. Taub's purported motion to quash (via the Third Parties' letter) was not filed until June 1, 2021. His motion is therefore untimely.

For the foregoing reasons, the relief sought by the Third Parties (ECF No. 49) should be denied.

Respectfully submitted,
By: /s/ Ariel Reinitz
Ariel Reinitz

cc:     Counsel of Record (via ECF)