AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| GATEGUARD, INC. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:20-cv-01609-AJN-GWG |
| GOLDMONT REALTY CORP.; LEON GOLDENBERG; ABI GOLDENBERG, | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Samuel Taub

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: see Attachment 1

| Place: FisherBroyles, LLP
445 Park Ave., 9th Fl.,
New York, NY 10022 | Date and Time:
05/27/2021 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/06/2021

| *CLERK OF COURT* | OR | /s/ Ariel Reinitz |
|---|---|---|
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* GATEGUARD, INC. , who issues or requests this subpoena, are:

Ariel Reinitz, FisherBroyles, LLP, 445 Park Ave., 9th Fl., NY, NY 10022, 646-494-6909 ariel.reinitz@fisherbroyles.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:20-cv-01609-AJN-GWG

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:20-cv-01609-AJN-GWG   Document 52-3   Filed 06/03/21   Page 3 of 8

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT 1
## DEFINITIONS

The words and phrases used herein shall have the meaning ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern and Eastern Districts of New York, including Local Civil Rule 26.3.

In addition, the following terms shall have the meanings indicated below:

1. "Any, "any," and "each" shall be construed as encompassing any and all.

2. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3. "Concerning" means relating to, referring to, describing, evincing, or constituting.

4. "Document(s)" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate Document within the meaning of this term.

5. "Including" means "including but not limited to" and "including without limitation."

6. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

7. "You" and "Your" includes Samuel "Shmuli" Taub and/or any employee, partner, associate, representative, consultant, agent, or other Person acting on behalf of Samuel Taub.

8. "Abi Goldenberg" includes Defendant Abi Goldenberg and any representative, agent, or other Person acting on behalf of Defendant Abi Goldenberg.

9. "Jacob Litchfield" includes Jacob "Yanky" Litchfield and/or any employee, partner, associate, representative, consultant, agent, or other Person acting on behalf of Jacob

Litchfield.

10. "GateGuard" includes Plaintiff GateGuard, Inc., and any officer, director, member, employee, partner, corporate parent, subsidiary, agent, representative, consultant or affiliate of any of the foregoing.

## INSTRUCTIONS

1. Unless otherwise indicated, the Documents requested include all Documents in Your possession, custody, or control. Without limiting the meaning of the terms "possession, custody, or control" as used in the preceding sentence, a Document is in Your possession, custody, or control if You have actual possession or custody of the Document, or the right to obtain the Document or a copy thereof upon demand from one or more of Your employees, representatives, agents, independent contractors, consultants, attorneys, accountants, auditors, or any other Person or public or private entity that has actual physical possession.

2. Unless otherwise stated in a specific request, these requests seek responsive information and Documents authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created or distributed, relating to, or in effect during the period January 1, 2017 to the present.

3. If You object to any of these requests, state in writing with specificity the grounds of Your objection. If You object to a particular portion of any request, You shall respond to any other portions of such request as to which there is no objection and state with specificity the grounds of the objection.

4. If You withhold any Communication, Document or part thereof that is responsive to any of these requests on grounds of attorney-client privilege, attorney work-product doctrine

or any other privilege, doctrine or basis whatsoever, state in writing with specificity:

    a. the date of the Document or Communication;

    b. the type, title and subject matter of the Document or Communication sufficient to assess whether the assertion of privilege is valid;

    c. the name of the Person or Persons who prepared or signed the Document or engaged in the Communication;

    d. the names and positions of any recipients of the Document or Communication;

    e. each Person now in possession of the original or a copy of the Document or Communication;

    f. the particular privilege, doctrine, or other basis for withholding the Document or Communication; and

    g. the grounds for applying such privilege, doctrine or other basis to the Document or Communication withheld.

5. With respect to the Documents produced, You shall produce them as they are kept in the usual course of business.

6. Electronically stored information ("ESI") shall be produced in Bates-stamped TIFF File format with an accompanying text-searchable image file and dii load file. Files that are not easily converted to image format (e.g., Excel and Access files) shall be produced in native format. If Documents are produced in native format, a slip-sheet should be included in the image load file with the corresponding Bates number(s). To the extent metadata associated with ESI exists, the following metadata shall be produced to the extent such metadata exists in the Document: Custodian, File Path, E-mail Subject, Conversation Index, From, To, Cc, Bcc, Date Sent, Time Sent, Date Received, Time Received, File Name, Author, Date Last Modified, MOS

Hash, File Extension, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof to any of the forgoing).

7. The singular includes the plural and vice versa, except as the context may otherwise require; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden the scope of any request; the word "all" means "any and all."

8. If You have no Documents in Your possession, custody, or control that are responsive to a particular request, please so state.

9. To the extent that any information that is responsive to these requests has been destroyed, lost, or misplaced, please identify that information by type and author and the date and manner in which the information was destroyed, lost or misplaced.

10. These requests shall be deemed continuing, so as to require further and supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## DOCUMENTS TO BE PRODUCED

1. All Communications between You and Abi Goldenberg concerning GateGuard or Ari Teman, including:

   a. Communications transmitted via email, SMS (text messaging), or any messaging application/social media service (including WhatsApp, LinkedIn, Instagram, Facebook, Twitter, Snapchat, Telegram, Signal, WeChat, etc.); and

   b. All content (including image files, audio files, video files, document files, voice notes/recordings, screenshots, etc.) attached to or incorporated within any such Communications.

2. All Documents You provided to or received from Abi Goldenberg.

3. All Communications between You and Jacob Litchfield concerning GateGuard or

4

Ari Teman, including:

    a. Communications transmitted via email, SMS (text messaging), or any messaging application/social media service (including WhatsApp, LinkedIn, Instagram, Facebook, Twitter, Snapchat, Telegram, Signal, WeChat, etc.); and

    b. All content (including image files, audio files, video files, document files, voice notes/recordings, screenshots, etc.) attached to or incorporated within any such Communications.

4. Documents sufficient to identify all instances in which You communicated with Abi Goldenberg (including via in-person meeting, phone, video call, audio call, WhatsApp, Skype, Zoom, WebEx, GotoMeeting, Google Meets, Google Hangouts, Facebook Messenger, Telegram, Signal, WeChat, Snapchat, etc.), including, for each communication instance:

    a. The date of the communication instance;

    b. The time of the communication instance;

    c. The duration of the communication instance; and

    d. All participants in the communication instance other than Samuel Taub and Abi Goldenberg.