

# KOSS & SCHONFELD, LLP
## ATTORNEYS AT LAW

Writer's email: simcha@kandsllp.com
Writer's direct dial: (212) 796-8916

June 11, 2021

**By ECF**
Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312
GorensteinSettlement@nysd.uscourts.gov

> Re:   *GateGuard, Inc. v. Goldmont Realty Corp., et al.*
>         Case No.: 1:20-cv-01609-AJN-GWG

Dear Judge Gorenstein:

This office represents defendants Goldmont Realty Corp. ("Goldmont"), Leon Goldenberg and Abi Goldenberg in the above referenced action (collectively, the "Defendants"). Defendants herein respond to plaintiff GateGuard's letter of June 3, 2021 (Docket #50) ("Reinitz Letter"), requesting a Rule 37.2 conference and demanding additional document discovery. Defendants' position is that they have produced discovery far in excess of that which is demanded for the prosecution of this action. The discovery at issue is utterly irrelevant to this action and merely a tactic to obtain leverage in unrelated litigation.

## I.  Background.

Briefly, this action is a dispute concerning the enforceability of a purported contract between Plaintiff GateGuard and Defendant Goldmont. The matter now presented before the Court concerns Plaintiff's demands for discovery concerning communications between the named defendants and third-parties, including Samuel Taub, with whom Plaintiff is already in litigation. What may or may not have been said, typed, texted or chatted between a defendant party and an unrelated third-party is utterly irrelevant as to whether the parties in this action entered into an enforceable contract which was then breached. It is for this reason that Plaintiff's request for a conference should be denied.

## II.  Current Discovery Dispute.

Plaintiff's two claims are straightforward contractual claims that do not justify Plaintiff's unreasonable discovery demands seeking, *inter alia*, any correspondence related to Teman's "Suicide Note" or communications between Defendants and any third party that simply have no bearing on Plaintiff's claims. Fed. R. Civ. P. 26(b)(1).

GateGuard's demand for any communications between Defendants and third parties wherein Teman or GateGuard's name is so much as mentioned casts a net far wider than is necessary, reasonable or relevant to prosecute Plaintiff's claims in this action. Fed. R. Civ. P. 26(b)(1) states that parties may obtain discovery regarding matters, not privileged, that are relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party. The district court, however, is not required to permit Plaintiff to engage in a "fishing expedition" in the hope of supporting its claim. Broad discovery is not without limits and the trial

Koss & Schonfeld, LLP
June 11, 2021
Page 2 of 6

court is given wide discretion in balancing the needs and rights of both parties. *Melendez v. Greiner*, 2003 U.S. Dist. LEXIS 19084, *3-4, 2003 WL 22434101. For these reasons and those below, this Court should not permit Plaintiff to engage in a "fishing expedition" in the hope of uncovering something potentially useful, for this or any other action.

### III. Plaintiff should not be allowed to use discovery to leverage parties in a different action.

Plaintiff brought a similar, albeit unrelated, action against Samuel Taub ("Mr. Taub"). The Court is respectfully referred to Adam E. Engel's letter to the Court, dated June 1, 2021 (Docket #49) (the "Engel Letter"), wherein Mr. Engel explains that he represents Mr. Taub and his company MVII in *GateGuard v. MVII, et al.*, pending in the Southern District before Judge Cronan and Magistrate Judge Freeman (19-cv-2472) (the "MVII Case").[1] As Mr. Engel makes clear, allowing Plaintiff's overbroad discovery herein will affect two separate actions instead of one.

By demanding discovery in this action, Plaintiff attempts to circumvent a ruling by Judge Freeman in the MVII Case, barring Plaintiff from obtaining improper discovery. Therein, GateGuard issued subpoenas to Soleimani/ABJ substantially similar to those at issue herein and sought party discovery from Mr. Taub similar to what GateGuard seeks from the parties herein. Based on Mr. Engel's request to quash the subpoenas and stay party discovery and pending MVII's motion to dismiss, Judge Freeman quashed the Soleimani subpoenas on April 22, 2021, and ordered that no discovery related to MVII's customers and/or potential customers go forward at this time. However, as Mr. Engel explains:

> Rather than honoring Judge Freeman's ruling, GateGuard is attempting an end-run around Judge Freeman by simply seeking the very same improper discovery in this case. For example, in the MVII Case, GateGuard subpoenaed Soleimani/ABJ for "All Communications between You and MVI [defined to include Samuel Taub] concerning GateGuard or Ari Teman." (Exh. G, at PDF p.7), while in this case GateGuard seeks "All Communications between You and Abi Goldenberg, Samuel Taub, MVI, or Jacob Litchfield, concerning GateGuard or Ari Teman." This Court should reject the Third-Party Subpoenas issued here for the simple reason that another Judge in this District has already found similar subpoenas improper and quashed them, and GateGuard should not be permitted to forum-shop its improper discovery demands from court to court until it gets its way. *Id.* at 1-2.

Whether by subpoena or discovery demand, Plaintiff is demanding discovery to which it is not entitled. In general, limitations on discovery are imposed where the requested discovery is "sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant, or when the examination is on matters protected by a recognized privilege." *In re Six Grand Jury Witnesses*, 979 F.2d 939, 943 (2d Cir. 1992) *citing Hickman v. Taylor*, 329 U.S. 495, 507-08, 91 L. Ed. 451, 67 S. Ct. 385 (1947). The Court should not allow Plaintiff to exploit its jurisdiction or Defendants' ignorance as to matters adjudicated in another action to its benefit. If Plaintiff intends to obtain discovery from Mr. Taub – all of which is irrelevant herein, as discussed below – then the proper procedure would be to appeal Judge Freeman's ruling directly, not to circumvent it. For this reason alone, any demands for supposedly outstanding discovery relating to Mr. Taub should be denied.

---

[1] Therein, Mr. Engel also represents third-party Joseph Soleimani, who was called as a government witness in the federal criminal trial of Teman for two (2) counts of bank fraud and two (2) counts of wire fraud arising out of his theft of GateGuard's client's funds. *See*, *USA v. Teman*, 1:19-cr-00696-PAE-1. Teman was convicted in that trial, all of his post-trial motions have been denied, and he is currently awaiting a sentencing date.

### IV. The "Meet and Confer."

On May 28, 2021, the parties met and conferred at 1:00 p.m., for over half an hour, to discuss outstanding discovery, including the communications relating to the "Suicide Note," before reaching an impasse. Both parties, the undersigned and Mr. Reinitz, agreed that such impasse had been reached. Defendants' position is that any correspondence relating to the "Suicide Note" have no bearing on the validity, enforceability or unconscionability of the contract since such communications are incapable of making the contract at issue more or less enforceable. In like manner, such correspondence cannot transform a conscionable contract into an unconscionable one, much less the reverse.

Mr. Reinitz now states that he "explained that the 'suicide note' itself (Ex. E) directly addressed the claims and defenses in this case, and Defendants' communications regarding it were therefore discoverable." (Reinitz Letter at 5). While the "suicide note" itself may mention Plaintiff's claims and defenses in this case, they simply cannot, under any reasonable circumstance, be probative as to the enforceability of the contract at issue. For this reason alone, communications relating to the "suicide note" are wholly irrelevant.

### V. Plaintiff's Demands are irrelevant.

Defendants stand by their prior statements that no responsive materials are being withheld. A closer examination of Plaintiff's demand for three (3) supposedly responsive but unproduced documents in the Reinitz Letter, reveals that they relate either to Teman's "Suicide Note" or to expired media files exchanged between Mr. Goldenberg and non-party Jacob Litchfield, who maintains Goldmont's alarm systems ("Mr. Litchfield") – neither of which is remotely relevant to instant proceedings. See <u>Exhibit A</u> at 1-2, annexed to the Reinitz Letter.

     **a.  Allegedly withheld document nos. 1 and 3: Mr. Goldenberg's communications with Mr. Taub concerning Plaintiff or Teman and Mr. Goldenberg's communications concerning a "suicide note" authored by Teman.**

It should be noted that Plaintiff's demand for allegedly withheld document nos. 1 (Mr. Goldenberg's communications with Mr. Taub concerning Plaintiff or Teman) stems from the following two sources. First, Plaintiff points to a message between Mr. Goldenberg and non-party Jacob Litchfield ("Mr. Litchfield"), identifies in <u>Exhibit A</u> to the Reinitz Letter, as follows:

Notably, in Abi's communications with Jacob Litchfield (regarding the "Teman Suicide Note") Abi writes: "I sent this out today and I sent it to taub":

```
12/11/19, 7:15 PM - Yanky Litchfield: <Media omitted>
Teman Suicide Note
12/11/19, 7:21 PM - Abi Goldenberg: I sent this out today he sent it to me! I sent
it to taub
```

Yet Defendants' have not produced any communications in which Abi sends the "Suicide Note" to Taub (or anyone else).

As noted above, any reference to the "Suicide Note" is neither relevant to this case, nor is it calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Were Plaintiff's case based on intention infliction of emotional distress, rather than contract, the "Suicide Note" would perhaps then be relevant. In light of the above, Plaintiff's demands for irrelevant discovery should be denied.

Koss & Schonfeld, LLP
June 11, 2021
Page 4 of 6

Second, Plaintiff's demand for allegedly withheld communications from Mr. Goldenberg to Mr. Taub is clarified in Exhibit A to Reinitz's Letter. Therein, Mr. Reinitz notes that Defendants' production does not contain a single communication "*from Abi* to Taub (only a handful of emails *from Taub* to Abi)" (Exhibit A at 1). Based on this fact alone, Mr. Reinitz presumes that relevant documents are being withheld. The fact that Mr. Goldenberg favors the telephone as a means of communication, however, is no crime. Nor does opposing counsel's unsubstantiated conjecture that such communications exist warrant wasting the Court's precious time and resources in this fashion. For this reason also, Plaintiff's demands are based on unsubstantiated conjecture and should be denied.

### b. Allegedly withheld document no. 2: Mr. Goldenberg's communications with Mr. Litchfield concerning Plaintiff or Teman.

Plaintiff's demand for document no. 2 (Mr. Goldenberg's communications with non-party Mr. Litchfield concerning Plaintiff or Teman) is even more perplexing. Following considerable document discovery, including WhatsApp messages between Mr. Goldenberg and Mr. Litchfield, Plaintiff followed up on his demand, asking for "audio and voice messages" omitted from those communications. Plaintiff's demand and Defendants' response of May 4, 2021 are reproduced below, and annexed in full as **Exhibit 1** at 1-2:

> 2. Defendants produced an extracted .txt file of various WhatsApp messages at Bates No. 000130-000133. This conversation incorporates numerous media items, all of which are omitted (see "<Media omitted>" lines and several attached .jpg and .opus files). The extracted .txt file also omits metadata such as information concerning whether certain messages are forwards, replies, etc.
>
> **Response:** Annexed hereto as Exhibit A are all media files incorporated into Abi Goldenberg's conversation with Yanky Litchfield which were accessible. Some media items could not be accessed. Instead, blurred out media items, once selected, present the following message: "Download failed. Sorry, this media file appears to be missing. Please ask Yanky Litchfield to re-send it. OK." See screenshot images, attached. Notwithstanding the above, media files concerning GateGuard or Teman have herein been produced.

Despite Defendants' explanation that the links to most media files had expired and were no longer available, and that those available were produced, Plaintiff disregarded such statements, demanding as follows: "Despite our previous request (on April 30, 2021), Defendants have not produced any of these audio files. **Please produce all audio files, voice messages, etc. between Abi Goldenberg and Jacob Litchfield no later than 5:00pm ET on Thurs. May 20, 2021**" (Exhibit A, page 2, bold in original). Now, again, Plaintiff states that "After Defendants responded by providing certain images and asserting (apparently incorrectly) they had provided 'all media files,' Plaintiff again demonstrated that Defendants were still withholding specific communications (including voice notes/messages between Goldenberg and Litchfield)." (Reinitz Letter at 4). This is false. Plaintiff is demanding documents not in Defendants' possession. As corroborated by Mr. Engel, Plaintiff has a habit of "ignoring the written objections entirely [and] jumping straight to alleging various improprieties" (Engel Letter, at 3). Such conduct should not be rewarded by granting still broader discovery. In any event, even if such media files were available, Defendants contend that they too are wholly irrelevant as they relate mainly to alarm systems. For either reason, Plaintiff's demands for these media files should be denied as they are irrelevant and not calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

Courts have recognized that "the object of inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue." *Martinez v. Cornell Corr. of Tex.*, 229 F.R.D. 215 (D.N.M. 2005). Plaintiff is unable to meet this standard. Courts have also

Koss & Schonfeld, LLP
June 11, 2021
Page 5 of 6

recognized that the legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery. *Id.*

**VI. Plaintiff's Demands are overbroad.**

Plaintiff's discovery demands are overly broad and are not proportional to the needs of the case. District Courts have broad authority under the Federal Rules of Civil Procedure to regulate or to preclude discovery. Fed. R. Civ. P. 26(c) permits courts to alleviate a party's discovery burdens in order to prevent annoyance, embarrassment, oppression or undue burden or expense. Discovery provisions, like all of the Federal Rules of Civil Procedure, are subject to the injunction of Fed. R. Civ. P. 1, that they be construed to secure the just, speedy, and inexpensive determination of every action. *Hyundai Merchant Marine Co. v. United States*, 159 F.R.D. 424, 425, 1995 U.S. Dist. LEXIS 51, *1. Plaintiff inappropriately demands, *inter alia*, documents and communications between Abi Goldenberg and any third-party concerning Plaintiff and Teman. Demands for communications "concerning Plaintiff or Teman" are overbroad and seek information which is unrelated to the contract or fraud claims brought by Plaintiff. During the "meet and confer," the undersigned stated that Defendants would be happy to entertain additional discovery requests if appropriately narrowed. No such narrowed discovery requests were however provided.

Instead, Plaintiff cites to *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Trust Co.*, 2016 U.S. Dist. LEXIS 120131, *34-35 for the proposition that relevance, pursuant to Fed. R. Civ. P. 26(b)(1), "[a]lthough not unlimited…for purposes of discovery, is an extremely broad concept." Yet, even in that case, the Court conceded that "[s]ome of [the party's] relevance theories, however, go beyond even the 'broad concept' written into Rule 26(b)(1). *Id.* at 34. Moreover, even the Court in *Royal Park* noted that while the requesting party bears the initial burden of demonstrating relevance sufficient to warrant discovery (Defendants submit that it has not), the party resisting discovery bears the burden of demonstrating that "'despite the broad and liberal construction afforded the federal discovery rules,' the requests are irrelevant, or are overly broad, burdensome, or oppressive." *John Wiley & Sons*, 298 F.R.D. 184, 186. As detailed herein, Defendants submit that Plaintiff's discovery demands are overbroad, irrelevant and rely on conjecture to justify a fishing expedition.

**VII.   Defendants have produced considerable discovery to date.**

As Plaintiff confirms, Defendants have produced considerable discovery in this case, including Defendants' correspondence with various third parties concerning provisions of Plaintiff's terms (Reinitz Letter at 3-4). However, while Plaintiff cites to communications characterizing Plaintiff's online terms as "outrageous," again, such correspondence has no bearing on whether the Agreement's terms are outrageous or not. *Id.* Nor should Plaintiff's unfounded claims of intimidation provide a *carte blanche* to obtain discovery to which it is not entitled. Any evidence of intimidation – had it existed – would presumably be found in communications involving Teman (and would already be in Plaintiff's possession), rather than in communications with third parties. Instead, Plaintiff uses unfounded intimidation claims to justify a fishing expedition, which should not be allowed.

In light of the forgoing, it is respectfully submitted that Plaintiff's discovery demands should not be needlessly broadened and that any forthcoming motion to compel Defendants' production of the documents supposedly identified by Plaintiff should be denied. Alternatively, Defendants respectfully request a pre-motion conference with the Court to discuss same.

Respectfully Submitted,
By: /s/ Simcha D. Schonfeld
Simcha D. Schonfeld

Koss & Schonfeld, LLP
June 11, 2021
Page 6 of 6


cc: Ariel Reinitz, Esq. (via ECF)