SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

GATEGUARD, INC.

    Plaintiff,

       -against-

GOLDMONT REALTY CORP.,
LEON GOLDENBERG

    Defendants.

---

Index No.: 657197/19

**VERIFIED ANSWER**

Defendant GOLDMONT REALTY CORP. ("Goldmont") by their attorneys, KOSS & SCHONFELD, LLP, hereby answers the Complaint of Plaintiff GATEGUARD INC. ("GateGuard") in this matter as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint.

4. Deny the allegations contained in paragraph 4 of the Complaint.

5. Deny the allegations sent forth in paragraph 5 of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

9. Deny the allegations contained in paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint.

11. Admit the allegations contained in paragraph 11 of the Complaint.

12. Admit that Leon Goldenberg resides at the address stated in paragraph 12 of the Complaint and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 12 of the Complaint.

13. Take no position with respect to the allegation set forth in paragraph 13 of the Complaint insofar as it calls for a legal conclusion.

14. Take no position with respect to the allegation set forth in paragraph 14 of the Complaint insofar as it calls for a legal conclusion.

15. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint.

16. Deny each and every allegation set forth in paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint.

19. Deny each and every allegation set forth in paragraph 19 of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint.

23. Deny each and every allegation set forth in paragraph 23 of the Complaint.

24. Deny each and every allegation set forth in paragraph 24 of the Complaint insofar as it implies that Goldmont is obligated to make any payments to GateGuard.

25. No response required to paragraph 25 of the Complaint.

26. Deny each and every allegation set forth in paragraph 26 of the Complaint.

27. Deny each and every allegation set forth in paragraph 27 of the Complaint.

28. Deny each and every allegation set forth in paragraph 28 of the Complaint.

29. Deny each and every allegation set forth in paragraph 29 of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

30. Plaintiff has failed to state a cause of action upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

31. Plaintiff has failed to mitigate damages.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

32. Plaintiff has engaged in conduct that was the sole or contributing cause of the sums claimed in this action.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

33. Plaintiff has not suffered any recoverable damages as a direct or proximate result of any act or omission on the part of the plaintiff.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

34. That upon information and belief, if Plaintiff was caused to sustain damage at the time, place and in the manner set forth in the Complaint, all of which is specifically denied, then in that event, the Plaintiff alleges that the damages sustained by the Plaintiff resulted solely from the culpable conduct of the Plaintiff and/or other persons or parties unnamed at this time.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

35. The Plaintiff did not perform the work required of it as required or agreed.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

36. The Plaintiff is barred in whole or part, under the doctrines of unclean hands, improper conduct, acts, and/or omissions as should in equity bar Plaintiff's maintenance of this action.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

37. The contract at issue is unenforceable.

WHEREFORE, Defendant GOLDMONT REALTY CORP. demands judgment dismissing the Complaint, together with all costs, disbursements and attorney's fees incurred in the defense of this action and for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
January 12, 2020

*Simcha D. Schonfeld, Esq.*

KOSS & SCHONFELD, LLP
90 John Street, Suite 503
New York, NY 10038
Direct Dial: (212) 796-8916
Fax: (212) 401-4757
Attorneys for Defendants
GOLDMONT REALTY CORP.,
LEON GOLDENBERG

TO:

Ariel Reinitz, Esq.
Fisher Broyles, LLP
445 Park Avenue, Ninth Floor
New York, NY 10022
Attorneys for Plaintiff

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

      Simcha D. Schonfeld, Esq., an attorney admitted to practice law before the Courts of the State of New York, hereby affirms as true under the penalties of perjury that affiant is the attorney of record for the within action; that affiant has read the foregoing Answer and knows the contents thereof; that same is true as to affiant's own knowledge, except as to those matters therein stated to be alleged on information and belief and as to those matters, affiant believes same to be true. Affiant further states that the reason this affirmation is made by affiant and not by Defendant is that affiant's office for the practice of law is located in a different county than that of the residence of Defendant's agents.

      The grounds of affiant's belief as to all matters not stated upon affiant's knowledge are as follows: statements made by Defendant and affiant's own general investigation into the facts and circumstances of this action.

Dated: New York, New York
       January 12, 2020

_____
Simcha D. Schonfeld, Esq.