

# KOSS & SCHONFELD, LLP
## ATTORNEYS AT LAW

July 19, 2021

**By Email**
Ariel Reinitz
FisherBroyles, LLP
445 Park Avenue
Ninth Floor
New York, NY 10022

      Re:     *GateGuard, Inc. v. Goldmont Realty Corp., et al.* – Interrogatories
               Case No.: 1:20-cv-01609-AJN-GWG

Dear Mr. Reinitz:

      As you know, this office represents defendants Goldmont Realty Corp. ("Goldmont"), Leon Goldenberg and Abi Goldenberg in the above referenced action (collectively, the "Defendants"). I write following receipt of Plaintiff's Responses and Objections to Defendants' Interrogatories (the "Responses"), dated July 16, 2021, for which no verification has yet been provided. Pursuant to Rule 33(b)(2) of the Federal Rules of Civil Procedure, your Responses were due thirty (30) days following service thereof on September 24, 2020. However, without justification or explanation, you served them moments before sundown on a Friday, ahead of the Monday that you improperly sought depose one of the defendants despite having unjustifiably ignored his Interrogatories. Your Responses are 265 days too late.

      In light of the above, Plaintiff's Responses and Objections to Defendants' Interrogatories are untimely, and Plaintiff has waived its right to interpose objections. Fed. R. Civ. P. 33(b)(4); *Michael Grecco Photography, Inc. v. Everett Collection, Inc.*, No. 07 Civ. 8171, 2008 U.S. Dist. LEXIS 82426, 2008 WL 4580024, at *3 (S.D.N.Y. Oct. 15, 2008) ("Since the plaintiff wholly failed to respond to the defendant's document request, he has waived any objections."); *Ng v. HSBC Mortg. Corp.*, 2009 U.S. Dist. LEXIS 5608, *4, 2009 WL 205048 (where the plaintiff's initial failure to respond timely to the defendants' interrogatories and document requests constitutes a waiver of all objections, other than those based on privilege"); *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 489 (S.D.N.Y. 1993) (failure to respond or object to discovery request in timely manner waives any objection which may have been available); *Carr v. Queens-Long Island Medical Group, P.C.*, Nos. 99 Civ. 3706, 02 Civ. 1676, 2003 WL 169793, at *5 (S.D.N.Y. Jan. 24, 2003); *Russo-Lubrano v. Brooklyn Federal Sav. Bank*, No. CV-06-672, 2007 WL 2126086, at *2 (E.D.N.Y. July 23, 2007); *Techsearch Services, Inc. v. Gorman*, No. 97 Civ. 7641, 1999 WL 33024, at *1-2 (S.D.N.Y. Jan. 21, 1999) ("A party, upon whom interrogatories have been served, must answer them within 30 days unless a different time for a response has been directed by the court or agreed to by the parties in writing. Fed. R. Civ. P. 33(b)(3). A party who objects to an interrogatory must state the grounds for the objections timely and with specificity. Any grounds not stated timely are waived unless the party's failure to object is excused by the court for good cause shown."). *See also, Smith v. Conway Org.*, 154 F.R.D. 73, 76, 1994 U.S. Dist. LEXIS 4000, *5-6 (1994): *Dena Bank v. Manufacturers Hanover Trust Co.*, 1990 U.S. Dist. LEXIS 13300, at *4 (S.D.N.Y. Oct. 9, 1990) (failure to object to lack of particularity in document request in timely manner waives objection under Local Rule 46(e)(1)); *In re Application of Sumar*, 123 F.R.D. 467, 471-72 (S.D.N.Y. 1988) (failure to timely object to subpoena constitutes waiver of objections to subpoena under Local Rule 46(e)(1)); *Richards v. Stephens*, 118 F.R.D. 338, 339 n.1 (S.D.N.Y. 1988) (failure to object to production

Koss & Schonfeld, LLP
July 19, 2021
Page 2 of 6

of tax returns in response to discovery requests waives objections to those requests under Local Rule 46(e)(1)).

Each of the Responses contains multiple objections. For the reasons stated above, Plaintiff waived its right to interpose any objections, rendering the objections palpably improper, if not patently frivolous. Moreover, Responses 7, 8, 10 11, 13, 14, 16, 18, 21, and 24 assert unspecified attorney-client privilege. To the extent that privilege is actually asserted, an appropriate privilege log must be provided.

Your failure to so much as attempt to proffer any explanation, nor allege the existence of any good cause for the delay, is fatal to Plaintiff's right to interpose objections to Interrogatories served nearly ten months earlier. *See Techsearch Services, supra*; *Eldaghar v. City of New York Department of Citywide Administrative Services*, No. 02 Civ. 9151, 2003 U.S. Dist. LEXIS 19247, 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003) (finding defendant's right to respond to discovery requests waived where "defendant could offer no explanation at all for its failure to serve its response in a timely manner"). Moreover, at no time has Plaintiff requested extensions of any deadlines in writing pursuant to instructions set forth in Judge Gorenstein's rules. In light of the 265-day delay, Defendants reject Plaintiff's Responses insofar as they contain objections.

Demand is hereby made that supplemental responses, including a verification of the Plaintiff, be provided within seven (7) days of the date hereof. Such responses shall contain substantive replies to each and every interrogatory, without interposing any objections, "other than those based on privilege"[1] for which a proper privilege log shall be provided. I trust that you will provide the responses required, so that judicial intervention does not become necessary.

Sincerely,

Simcha D. Schonfeld, Esq.

---

[1] *Ng v. HSBC Mortg. Corp.*, 2009 U.S. Dist. LEXIS 5608, *4, 2009 WL 205048