# FisherBroyles

**Ariel Reinitz**
*Partner*
FisherBroyles, LLP
445 Park Avenue
Ninth Floor
New York, NY 10022

Ariel.Reinitz@fisherbroyles.com
Direct: 646.494.6909

November 11, 2021

**VIA ECF**

Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007

      Re:    *GateGuard, Inc. v. Goldmont Realty Corp., et al.*
               Case No.: 1:20-cv-01609-AJN- GWG

Dear Judge Gorenstein:

      I represent Plaintiff GateGuard, Inc. ("Plaintiff") and write pursuant to Local Civil Rule 37.2 and Section 2.A. of this Court's Individual Practices to request a conference regarding Plaintiff's anticipated motion to compel a second deposition of defendant Abi Goldenberg ("Goldenberg"). The basis for this request is the disruptive conduct of Goldenberg's counsel during his deposition.

      Under Rule 30, "[t]he examination and cross-examination of a deponent proceed as they would at trial[.]" But Goldenberg's deposition testimony was frequently interrupted by his counsel who interjected with coaching, commentary, and other guidance – conduct that would *never* transpire at trial.

      I asked Goldenberg's counsel to stop interrupting on several occasions. *See* <u>Exhibit A</u> (highlighted compilation of deposition transcript excerpts) at 63-65[1] (asking Goldenberg's counsel to agree that "Mr. Goldenberg is always going to answer to the extent he recalls…" to eliminate ongoing speaking objections), 312-313 (reiterating the request). Counsel ignored these requests and the interruptions persisted.

      **I.**    *Mid-Answer Interruptions and Other Coaching*

      Goldenberg's counsel frequently interrupted him *mid-answer*. These interruptions were *not* to raise objections. Rather, counsel stopped the witness' testimony to remind him "not to

---

[1] The page numbers used here are as shown on the pages of the transcript.

assume" or provide other guidance. *See* Ex. A at 133 (mid-answer interruption: "… I don't want you to guess. To the extent you know."), 157 ("…just adding to the extent he remembers."), 188 ("Abi, I don't want you to assume…."), 246 (mid-answer interruption: "He said he doesn't know."), 309-310 (mid-answer commentary to Goldenberg: "[Plaintiff's counsel] is just asking []…. He is not asking…. He is asking you specifically….").

On several occasions the court reporter remarked that these interruptions were disrupting her transcription of the proceeding. *See* Ex. A at 157 (Reporter to Goldenberg and his counsel: "I can't hear anything. You're all speaking at the same time."), 263 (to Goldenberg and his counsel: "you're talking at the same time. I can't take you both down."), 310 (to Goldenberg and his counsel: "Please. I want to ask you again to please wait for each other to finish speaking.").

Rule 30 also directs that "[a]n objection must be stated concisely in a nonargumentative and nonsuggestive manner." But even when not objecting, Goldenberg's counsel frequently *interjected* with guidance or suggestive commentary while a question was pending. *See* Ex. A at 114 (interjecting to remind Goldenberg to answer only "[t]o the extent you know."), 168 (same), 171 ("If you know."), 183 ("Again, I don't want you to guess. If you know."), 309 ("If you recall.").

### II. Goldenberg Often "Does Not Recall" When Directed by Counsel Not to "Guess" or "Assume" and to Answer Only "To the Extent You Remember"

This conduct achieved its apparent objective. Following his counsel's lead, Goldenberg frequently "did not recall" the information sought. *See* Ex. A at 24 (counsel: "I don't want you to guess. If you know." Goldenberg: "Okay, I don't know."), 51-52 (counsel: "To the extent you remember." Goldenberg: "I don't remember."), 58 (same), 80-81 (counsel: "Again, I don't want you to guess. What you remember." Goldenberg: "I do not recall."), 114 (counsel: "To the extent you know." Goldenberg: "I do not know."), 168-169 (counsel: "Again, to the extent you know…. I don't want you to guess." Goldenberg: "I don't know…. I don't remember."), 170-171 (counsel: "Again, I don't want you to say probably. I want… what you remember…. If you know." Goldenberg: "I really don't remember… I don't remember."), 183 (counsel: "Again, I don't want you to guess. If you know." Goldenberg: "I don't."), 188-189 (counsel: "Abi, I don't want you to assume…. [If you don't know] that should be your answer…" Goldenberg: "I don't know… I don't remember."), 285 (counsel: "He said he doesn't know." Goldenberg: "I don't remember."), 309-310 (counsel: "He is just asking if you remember… If you recall…" Goldenberg: "I don't remember… I don't remember.").

### III. Instructions Not to Answer

"A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30. Yet on several occasions Goldenberg's counsel instructed him not to answer for *other* reasons. *See* Ex. A at 79 (instruction not to answer based on an "asked and answered" objection), 134 (same), 298 (instruction not to answer because questions were allegedly "irrelevant").

Fisher Broyles

November 11, 2021 | Page 3 of 5

    **IV.    *The 'Meet and Confers'***

After the deposition I immediately raised the above-described concerns with Goldenberg's counsel by email. My hope was to prevent such disruptions during co-defendant Leon Goldenberg's deposition (set for the following week). *See* Exhibit B at 8. I also attempted to confer with Defendants' counsel several times on these issues. They declined or otherwise ignored my requests. *Id.* at 6-8 (requests to confer).

On October 6, 2021 at 4:15 PM, I conferred with Jacob Schindelheim and Shira Goldman Moyal for over one hour. During our conference, I noted that Rule 30 entitled Plaintiff to depose Goldenberg without interruption by his counsel. Because counsel's disruptive conduct interfered with Plaintiffs' ability to conduct a full and fair examination of Goldenberg on a host of topics, I asked Defendants to consent to a second deposition.

Mr. Schindelheim insisted that counsel's conduct during the deposition was proper in all respects.[2] He further suggested that the above-described interruptions were beneficial because this conduct ensured the witness testified only to "what he knows." Defendants also insinuated that Plaintiff's expectation (namely, to depose Goldenberg without interruptions or coaching by counsel) was unreasonable. Mr. Schindelheim further accused Plaintiff of attempting to use Rule 30 to improperly elicit testimony the witness lacked knowledge of.

I reiterated Plaintiff's position (as outlined above) that Plaintiff was entitled to depose Goldenberg without interference, and that Defendants' conduct was wholly improper under Rule 30. I again requested that Goldenberg sit for a second deposition to enable Plaintiff to obtain his testimony without interference. Defendants declined this request. The parties then agreed they were at an impasse and I indicated Plaintiff's intention to seek relief from the Court.

After the conference, I compiled a list of topics on which counsel's interruptions affected Goldenberg's testimony. I emailed the list to Defendants and reiterated Plaintiffs' request for a second deposition of no more than three hours limited to these topics. *See* Ex. B at 1 (listing deposition topics).

Mr. Schindelheim and I conferred again on November 1, 2021 at noon for approximately 15 minutes regarding discovery issues including Plaintiff's request to re-depose Goldenberg. Mr. Schindelheim confirmed that Defendants would not agree to a second deposition without a court order. I indicated that Plaintiff would therefore seek relief from the Court, as the parties

---

[2] Notwithstanding Defendants' insistence that this conduct was proper, the difference in co-defendant Leon Goldenberg's deposition (the following week) was striking. Despite being conducted by the same attorneys on both sides, Defendants' counsel – by then aware of Plaintiff's intent to seek the relief requested here – largely refrained from the interruptions at issue. *See* Ex. B at 7 ("I note (with appreciation) that Leon Goldenberg's deposition yesterday was largely free of such interruptions."). At minimum, this dramatic change in conduct by Defendants' counsel casts doubt on their confidence that the conduct during Abi Goldenberg's deposition was, in fact, proper.

Fisher Broyles

November 11, 2021 | Page 4 of 5

previously discussed.

### V. Legal Standard and Application

"[S]peaking objections are used to alert the deponent that the examiner is eliciting information harmful to the party represented by the objecting counsel." *Mitnor Corp. v. Club Condos.*, No. 5:20-cv-125-TKW/MJF, 2021 U.S. Dist. LEXIS 166385, at *8-9 (N.D. Fla. Aug. 11, 2021). "In such instances, the speaking objection is designed to catalyze reticence on the part of the deponent." *Id.*

"Instructions to a witness that they may answer a question 'if they know' or 'if they understand the question' are raw, unmitigated coaching, and are never appropriate." *Cincinnati Ins. Co. v. Serrano*, No. 11-2075-JAR, 2012 U.S. Dist. LEXIS 1363, at *12 (D. Kan. Jan. 5, 2012) (emphasis in original). "This conduct, if it persists after the deposing attorney requests that it stop, is misconduct and sanctionable." *Id.*

"[I]it is improper to instruct a witness not to answer a question on the basis of relevance." *The Fashion Exch. LLC v. Hybrid Promotions, LLC*, 333 F.R.D. 302, 307 (S.D.N.Y. 2019).

As outlined above and reflected in the accompanying deposition excerpts (Ex. A) the conduct of Goldenberg's counsel impeded Plaintiff's ability to conduct a fair examination on numerous topics. During most of the referenced interruptions *counsel did not even purport to make objections*. Instead, counsel provided explicit guidance, suggestions, and other forms of coaching.[3] This conduct proved effective: Goldenberg unsurprisingly followed his counsel's cues and answered (or failed to answer) questions the way his counsel "wanted him to."

Courts in this district have ordered second depositions and imposed sanctions when counsel's conduct impedes or frustrates fair examination. *See, e.g.*, *The Fashion Exch. LLC*, 333 F.R.D. at 305 (ordering a second deposition and imposing sanctions based on counsel's "repeated improper speaking objections and instructions to not answer").[4] In *Cordero v. City of N.Y.*, No. 15 CV 3436 (JBW) (CLP), 2017 U.S. Dist. LEXIS 80556, at *17 (E.D.N.Y. May 12, 2017) the court granted similar relief (ordering a second deposition and imposing sanctions). The *Cordero* court observed:

> [A] deposition [is]… a question-and-answer conversation between the deposing lawyer and the witness. *There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness*

---

[3] E.g., "I don't want you to guess," "I don't want you to assume," "I don't want you to say probably," "If you know," "[Answer only] to the extent you know," "[If you don't know] that should be your answer," etc. *See* Section II (above).

[4] *See also Morales v. Zondo, Inc.*, 204 F.R.D. 50, 54 (S.D.N.Y. 2001) (allowing redeposition and imposing sanctions when counsel's "detailed objections…, instructions not to answer, instructions how to answer, colloquies, [and] interruptions… disrupted the examination[.]").

*should answer, and helping the witness to formulate answers*. The witness comes to the deposition to testify, not to indulge in a parody of Charlie McCarthy[5], with lawyers coaching or bending the witness's words to mold a legally convenient record. It is the witness — not the lawyer — who is the witness.

*Id.* (citing *Abu Dhabi Commercial Bank, et. al. v. Morgan Stanley & Co. Inc.*, No. 08 CV 7508, 2011 U.S. Dist. LEXIS 116840, 2011 WL 4526141, at *7 (S.D.N.Y. Sept. 21, 2011) and *Hall v. Clifton Precision*, 150 F.R.D. 525, 528 (E.D. Pa. 1993)) (emphasis added).

### VI.     Conclusion

Plaintiff therefore requests a pre-motion conference with the Court concerning Plaintiff's forthcoming motion under Rules 30 and 37 to compel a second deposition of Abi Goldenberg of no more than three hours, limited to the topics listed at p. 1 of Ex. B.

Because this second deposition was necessitated by the improper conduct of Goldenberg's counsel, Plaintiff also seeks an award of sanctions corresponding to the fees and costs associated with such a deposition and in bringing this motion (pursuant to Rule 30(d)(2), Rule 37, 28 U.S.C. §1927, and this Court's inherent authority). *See Cordero*, No. 15 CV 3436 (JBW) (CLP) at *17.

Respectfully submitted,
By: /s/ Ariel Reinitz
Ariel Reinitz

cc:     Counsel of Record (via ECF)

---

[5] "Charlie McCarthy is Edgar Bergen's famed ventriloquist dummy partner." https://en.wikipedia.org/wiki/Charlie_McCarthy (last accessed November 11, 2021).