**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
GATEGUARD, INC.,                                   :
                                                   :
                              *Plaintiff,*          :      Docket No. 1:20-CV-01609 (GWG)(AJN)
                                                   :
          - against -                              :
                                                   :
GOLDMONT REALTY CORP.,                              :
LEON GOLDENBERG,  ABI GOLDENBERG,                   :
                                                   :
                              *Defendants.*         :      ORAL ARGUMENT NOT REQUESTED
                                                   :
------------------------------------------------------------X


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'**
**MOTION TO COMPEL ARBITRATION AND TO STAY ALL PROCEEDINGS**
**PENDING ARBITRATION**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ...........................................................................................................iii

PRELIMINARY STATEMENT ......................................................................................................1

ARGUMENT ...................................................................................................................................2

    I.      DEFENDANTS HAVE NOT WAIVED THEIR RIGHT TO ARBITRATE .....................2

           A. Defendants Did Not Wait Two Years to Compel Arbitration ..........................................2

           B. Plaintiff has failed to demonstrate that the amount of litigation to date, including motion practice and discovery, constitutes a waiver of Defendants' right to compel arbitration......4

           C. Plaintiff has failed to establish the existence of Prejudice..................................................8

    II.     PLAINTIFF FAILS TO ADDRESS DEFENDANTS' REMAINING MERITORIOUS ARGUMENTS…………………………………………………………………………..13

           A. Plaintiff's Fraud Claim is Subject to Arbitration ............................................................13

           B. Plaintiff distorts Defendants' argument that even if the Court were to read the language of the Arbitration Section to contain a carve-out, it is one-sided on its face and unconscionable under Delaware law…………………………………………………......16

           C. Estoppel Exists………............................................................................................17

           D. This Court Can Compel the Parties to Arbitrate……………….......................................17

CONCLUSION…………………………………………………………………………………18

## TABLE OF AUTHORITIES

**Cases**

*ACE Capital Re Overseas Ltd. v. Cent. United Life Ins. Co.*,
307 F.3d 24, 27, 33-34 (2d Cir.2002) ........................................................................... 12

*Am. Gen. Life Ins. Co. v. Oppenheimer Life Agency & Oppenheimer & Co.*,
2010 U.S. Dist. LEXIS 46573, *7 ................................................................................... 4

*Am. Express Fin. Advisors, Inc. v. Zito*,
45 F. Supp. 2d 230, 234 (E.D.N.Y. 1999) ...................................................................... 3

*Anderjaska v. Bank of Am., N.A.*,
523 F. Supp. 3d 456, 463-64 (S.D.N.Y. 2021) ........................................................... 16

*3660 Broadway BCR, LLC, et al. vs. GateGuard Inc., et al.*,
No. 654105/2019 (N.Y. Sup Ct. Jun 12, 2020) ........................................................... 14

*Beach v. JPMorgan Chase Bank, Nat'l Ass'n*,
No. 17-CV-563 (JMF), 2019 U.S. Dist. LEXIS 97946, at *19 (S.D.N.Y. June 11, 2019) ........................ 4, 8

*Besera v. Høm*,
2021 U.S. Dist. LEXIS 123566, *11-12, 2021 WL 2703351 (E.D.N.Y. 2021). ..................................... 2, 3

*Brownstone Inv. Grp., LLC v. Levey*,
514 F. Supp. 2d 536, 540 (S.D.N.Y. 2007) .................................................................... 3

*Catlin Syndicate 2003 v. Traditional Air Conditioning, Inc.*,
U.S. Dist. LEXIS 109588, *10-12, 2018 WL 3040375 (E.D.N.Y. 2018) ........................................... 9, 13

*Com-Tech Assocs. v. Computer Assocs. Int'l, Inc.*,
938 F.2d 1574, 1576-78 (2d Cir. 1991) ....................................................................... 1, 5

*Cotton v. Slone*,
4 F.3d 176, 179 (2d Cir. 1993) ................................................................................. 10

*David L. Threlkeld & Co. v. Metallgesellschaft Ltd.*,
923 F.2d 245, 250 (2d Cir.), *cert. dismissed*, 501 U.S. 1267 (1991)....................................... 12

*Doe v. Trump Corp.*,
453 F. Supp. 3d 634, 643 (S.D.N.Y. 2020), *aff'd Doe v. Trump Corp.*, Nos. 20-1228-cv, 20-1278-cv, 2021
U.S. App. LEXIS 22317 (2d Cir. July 28, 2021)........................................................................ 2

*E. Fish Co. v. S.Pac. Shipping Co.*,
105 F. Supp. 2d 234, 240 (S.D.N.Y. 2000) .................................................................... 3

*Fleck v. E.F. Hutton Group, Inc.*,
891 F.2d 1047, 1050-53 (2d Cir. 1989)......................................................................... 12

*Hikers Indus., Inc. v. William Stuart Indus. (Far East) Ltd.*,
640 F. Supp. 175,178-79 (S.D.N.Y. 1986) ........................................................... 15

*In re Crysen/Montenay Energy Co.*,
226 F.3d 160, 163 (2d Cir. 2000) ......................................................................... 11

*Katsoris v. WME IMG, LLC*,
237 F. Supp. 3d92, 110-11 (S.D.N.Y. 2017)......................................................... 14

*Kramer v. Hammond* ,
943 F.2d at 179 (2d Cir. 1991) ............................................................................... 8

*La. Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*,
626 F.3d 156, 161 (2d Cir. 2010) .................................................................... 2, 4, 8

*Leadertex v. Morganton Dyeing & Finishing Corp.*,
67 F3d 20 (2d Cir 1995) ........................................................................................ 11

*LG Elecs., Inc. v. Wi-Lan USA, Inc.*,
2015 U.S. Dist. LEXIS 98873, *7-8, 2015 WL 4578537 (S.D.N.Y. 2015) ............. 5

*Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*,
252 F.3d 218, 225-26 (2d Cir. 2001) ............................................................... 13, 14

*McMahan Securities Co. v. Forum Capital Markets L.P.*,
35 F.3d 82, 85-86 (2d Cir. 1994);............................................................................ 1

*Meridian Autonomous Inc. v. Coast Autonomous LLC*,
2018 U.S. Dist. LEXIS 169653, *11-12. .................................................................. 8

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1, 24-25, 74 L. Ed. 2d 765, 103 S. Ct. 927 (1983) ................................. 12

*NAMA Holdings, LLC v. Greenberg Traurig, LLP*,
62 A.D.3d 578, 579, 880 N.Y.S.2d 34, 35 (1st Dept. 2009) ................................. 14

*Nationwide Gen. Ins. Co. v. Inv'rs Ins. Co. of Am.*,
37 N.Y.2d 91, 95, 332 N.E.2d 333, 335 (1975) ................................................... 14

*Oldroyd v. Elmira Sav.Bank, FSB*,
134 F.3d 72, at 76 (2d Cir. 1998).................................................................... 12, 13

*PPG Indus., Inc. v. Webster Auto Parts, Inc.*,
128 F.3d 103, 108 (2dCir. 1997) ................................................................... 3, 5, 12

*Progressive Casualty Ins. Co. v. C.A. Reaseguradora Nacional de Venezuela*,
991 F.2d 42, 45 (2d Cir. 1993) ............................................................................. 12

*Promovision Video Display Corp. v. Intech Leasing Corp.*,
129 A.D.2d 785 (2d Dept. 1987) ................................................................................ 14

*Rent-A-Ctr., W., Inc. v. Jackson*,
561 U.S. 63, 71-73 (2010) ......................................................................................... 16

*Reynolds v. de Silva*,
No. 09 Civ. 9218, 2010 U.S. Dist. LEXIS 18040, 2010 WL 743510, at *1 n.2 (S.D.N.Y. Feb. 24, 2010) .... 4

*Rush v. Oppenheimer & Co.*,
779 F.2d 885, 887 (2d Cir. 1985) ...................................................................... 3, 4, 6, 12

*S&R Co. of Kingston v. Latona Trucking, Inc.*,
159 F.3d 80, 83 (2d Cir. 1998) .................................................................................. 5, 8

*S.A. MINERACAO DA TRINDADE-SAMITRI v. UTAH*,
745 F.2d 190 (2d Cir. 1984) ...................................................................................... 14

*Tech. in P'ship v. Rudin*,
538 F. App'x 38, 39-40 (2d Cir. 2013) .......................................................................... 9

*Thyssen, Inc. v. Calypso Shipping Corp., S.A.*,
310 F.3d 102, 105 (2d Cir. 2002) ................................................................................ 8

*Winter Inv'rs, LLC v. Panzer*,
No. 14-cv-6852, 2015 WL 5052563, at *11, 2015 U.S. Dist. LEXIS 113901, at *26 (S.D.N.Y. Aug. 27, 2015) ................................................................................................................ 15

**Statutes**

Fed. R. Civ. P. 12(b) ................................................................................................... 1

Fed. R. Civ. P. 9(b) .................................................................................................... 1

Federal Arbitration Act, 9 U.S.C. §§ 3-4 (1988) ..................................................... 1, 17

## PRELIMINARY STATEMENT

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), and Fed. R. Civ. P. 9(b), and the Federal Arbitration Act ("FAA"), Defendants Goldmont Realty Corp. ("Goldmont"), Leon Goldenberg and Abi Goldenberg (collectively, "Defendants"), by and through their undersigned attorneys, hereby submit this Reply Memorandum in further support of their Motion to Compel Arbitration.

Plaintiff GateGuard, Inc. ("GateGuard") argues in opposition that "Defendants could and should have raised this issue long ago" but instead cited *no* authority to support their argument.[1] Such claims are simply incorrect. First, Defendants cite to numerous authorities in support of their request for arbitration. Second, a delay of nine months in bringing a motion to compel arbitration, on its own, is insufficient to justify a finding of waiver. It is also well settled that "delay in seeking arbitration does not create a waiver unless it prejudices the opposing party." *Id. citing Com-Tech Assoc. v Computer Assoc. Intl.*, 938 F2d 1574, 1576 (2d Cir 1991). Plaintiff, however, has failed to demonstrate any prejudice warranting waiver. Third, Plaintiff has caused Defendants to expend considerable resources in undertaking laborious and time-consuming discovery and participate in unwarranted "Meet & Confer" sessions under law that does not apply, in a Court that does not have jurisdiction, on substantive matters that are not even ripe for review prior to the AAA addressing any issues of arbitrability, while providing paltry discovery in comparison to Defendants' extensive productions. Fourth, pursuant to GateGuard's Agreement Terms, which expressly incorporate dispute resolution terms containing a broad arbitration provision and the FAA, 9 U.S.C. § 3, Plaintiff's claims should be submitted for resolution to arbitration and this action should be stayed. *McMahan Securities Co. v. Forum Capital Markets L.P.*, 35 F.3d 82, 85-86 (2d Cir. 1994); Federal Arbitration Act, 9 U.S.C. §§ 3-4 (1988).

---

[1] Plaintiff's Memorandum of Law in Opposition (Doc. # 76, hereinafter "Memorandum") on page 1.

## ARGUMENT

I.     **DEFENDANTS HAVE NOT WAIVED THEIR RIGHT TO ARBITRATE.**

Plaintiff claims that Defendants waived their right to arbitrate based on *Doe v. Trump Corp.*, 453 F. Supp. 3d 634, 643 (S.D.N.Y. 2020) (quoting *La. Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 626 F.3d 156, 159) (2d Cir. 2010)), *aff'd Doe v. Trump Corp.*, Nos. 20-1228-cv, 20-1278-cv, 2021 U.S. App. LEXIS 22317 (2d Cir. July 28, 2021) (hereinafter "Trump Corp.") wherein three factors are used to determine whether a party has waived its right to arbitrate: (1) the time elapsed from when litigation was commenced until the request for arbitration; (2) the amount of litigation to date, including motion practice and discovery; and (3) proof of prejudice." Based on each of these factors, Defendants have retained their right to compel arbitration.

**A. Defendants Did Not Wait Two Years to Compel Arbitration.**

As stated in the underlying papers, Plaintiff produced a complete copy of the agreement on January 25, 2021.[2] Plaintiff cites to *Trump Corp.* at 644 (where finding "Defendants did not request to arbitrate… until… over eight months after the litigation began") in arguing that "Courts in this district routinely find waiver for far shorter delays."[3] However, *Doe v. Trump* has been repeatedly distinguished because, in that case, the Court found that the defendants "had brought multiple motions, including a losing dispositive motion to dismiss, and had conducted significant discovery." *Besera v. Høm*, 2021 U.S. Dist. LEXIS 123566, *11-12, 2021 WL 2703351 (E.D.N.Y. 2021). In contrast, the instant motion is Defendants' first dispositive motion and all prior motions, by both parties, were brought either to adjourn conferences or seek extensions (with one motion by Plaintiff seeking a Local Rule 37.2 Conference and another by Defendants seeking to quash subpoenas). In light of the above, *Trump Corp.* is easily distinguished on the facts and inapplicable herein.

---

[2] Defendants' Memorandum of Law in Support (hereinafter, "Defendants' Memorandum") on page 5.

More importantly, the Court in *Besera*, *supra*, concluded as follows: "It is beyond question that defendants' delay in seeking arbitration during approximately eight months of pretrial proceedings is insufficient by itself to constitute a waiver of the right to arbitrate." *Rush v. Oppenheimer & Co.*, 779 F.2d 885, 887 (2d Cir. 1985); *see also PPG Indus., Inc. v. Webster Auto Parts, Inc.*, 128 F.3d 103, 108 (2dCir. 1997). *See also, Brownstone Inv. Grp., LLC v. Levey*, 514 F. Supp. 2d 536, 540 (S.D.N.Y. 2007) (ten-month delay in seeking arbitration "insufficient by itself to support a finding of waiver"); *E. Fish Co. v. S.Pac. Shipping Co.*, 105 F. Supp. 2d 234, 240 (S.D.N.Y. 2000) (six-month delay before seeking to enforce arbitration clause "does not in and of itself constitute waiver"); *Am.Express Fin. Advisors, Inc. v. Zito*, 45 F. Supp. 2d 230, 234 (E.D.N.Y. 1999) ("Neither the passage of time, standing alone, nor the incurring of legal expenses inherent in litigation, without more, are sufficient to support a finding of waiver"). The *Besera* Court also noted that no dispositive motions had been filed – as here. *Id.* at 11. Thus, a delay of nine months in bringing a motion to compel arbitration, on its own, is insufficient to justify a finding of waiver, for which reason Plaintiff's argument as to this factor fails.

Moreover, the fact that Defendants negotiated the contract at issue "through counsel" is a red herring (Memorandum at 6).[3] This is because prior counsel was involved in negotiating what present counsel perceives as a highly unconscionable agreement, accordingly Defendants' knowledge, through prior counsel, of the instant dispute does not warrant starting the clock in August of 2019. Exhibit 5, annexed to Plaintiff's Memorandum is in fact email correspondence from prior counsel, Mr. Jacob Rubenstein to Plaintiff's counsel. In any event, as Plaintiff's counsel acknowledges, Defendants start the clock on January 25, 2021, the date Plaintiff produced a full copy of the Gateguard Agreement [4] – nine months before this Motion was filed – a point that Plaintiff does not contest. *Id.* at 5. As in *Besera*,

---

[3] Plaintiff's Memorandum of Law in Opposition (hereinafter, "Memorandum") on page 7.
[4] Capitalized terms refer to those terms as defined in Defendants' Memorandum.

such delay in seeking arbitration, on its own, is insufficient to constitute a waiver of Defendants' right to arbitrate. For this reason, Defendants have not waived their right to arbitrate.

**B. Plaintiff has failed to demonstrate that the amount of litigation to date, including motion practice and discovery, constitutes a waiver of Defendants' right to compel arbitration.**

Plaintiff makes much of the fact that "Defendants did not mention arbitration…when filing an answer with other affirmative defenses," suggesting that such "actions demonstrate an intent to litigate" (Memorandum at 7 and 8). This argument, however, fails for several reasons. First, it is well established that the fact that Defendants did not raise arbitration in their answers or cross-claims is not dispositive on the issue of waiver. *Rush*, *supra*, 779 F.2d at 889.

Second, Plaintiff conveniently glosses over the clearest intent of all which remains Plaintiff's intent to arbitrate – an intent spelled out in the Agreement and incorporated "Dispute Resolution Terms" and "Terms & Conditions" (collectively, the "Agreement Terms"), which together, integrate a dispute resolution framework that not only has Delaware choice of law and choice of forum provisions, but also has an arbitration provision that covers the entirety of this case. More importantly the Agreement Terms explicitly incorporate the Commercial Arbitration Rules of the American Arbitration Association (the "AAA"), which in turn state in no uncertain terms that the AAA shall determine all questions of arbitrability and the scope of its own jurisdiction. Thus, it is undisputed that the parties agreed to arbitrate. *See, Reynolds v. de Silva*, No. 09 Civ. 9218, 2010 U.S. Dist. LEXIS 18040, 2010 WL 743510, at *1 n.2 (S.D.N.Y. Feb. 24, 2010); *Am. Gen. Life Ins. Co. v. Oppenheimer Life Agency & Oppenheimer & Co.*, 2010 U.S. Dist. LEXIS 46573, *7. Accordingly, Plaintiff should not be allowed to bypass its own Agreement Terms and Arbitration Clause.

Third, Plaintiff relies on *Beach v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 17-CV-563 (JMF), 2019 U.S. Dist. LEXIS 97946, at *19 (S.D.N.Y. June 11, 2019) (citing *La. Stadium*, 626 F.3d at 159

and *PPG*, 128 F.3d at 108-10) to suggest that "extensive discovery" demonstrates an intent to litigate (Memorandum at 7). Rather, *Beach* and *La. Stadium* both specify, in relation to the second factor, that "the amount of litigation to date, including motion practice and discovery" must be considered. *Beach* at 18; *La Stadium* at 159. Unsurprisingly, Plaintiff completely overlooks the central issue of motion practice and misstates the issue of discovery.

In *LG Elecs., Inc. v. Wi-Lan USA, Inc.*, 2015 U.S. Dist. LEXIS 98873, *7-8, 2015 WL 4578537 (S.D.N.Y. 2015), the Court found that defendant had not engaged in the sort of "extensive litigation" that might have prejudiced the plaintiff because "[i]t filed no dispositive motions" "and did not undertake any other prejudicial conduct." *See S & R Co. of Kingston v. Latona Trucking, Inc.*, 159 F.3d 80, 83 (2d Cir. 1998). Here too, the instant motion is the first dispositive motion on record, as noted above. This is a far cry from the protracted litigation that had taken place in cases where the Second Circuit did find waiver. *See, e.g., La. Stadium* (concluding waiver when plaintiff moved to compel arbitration after defendants had filed multiple motions and letter detailing deficiencies in plaintiff's second amended complaint); *Com-Tech Assocs. v. Computer Assocs. Int'l, Inc.*, 938 F.2d 1574, 1576-78 (2d Cir. 1991) (finding waiver when defendants raised arbitration four months before scheduled trial date and after bringing an omnibus motion raising substantive issues to which plaintiffs were obligated to respond). Moreover, in *La Stadium*, waiver was found after the plaintiff had pursued litigation over a year before seeking arbitration – facts absent herein.

With regard to discovery, Plaintiff claims that "Defendants actively litigated this case, using the Federal Rules to obtain hundreds of documents, a Rule 30(b)(6) deposition, interrogatory responses and other discovery" (Memorandum on page 8). Such claims are grossly overstated.

First, throughout this proceeding, Plaintiff has been aggressively demanding extensive and often duplicative document discovery, the vast majority of which Defendants provided, with some

5

objections following which this Court agreed with Defendants that Plaintiff was not entitled to the discovery sought. Plaintiff has again demanded the same documentation in its post-deposition demands in relation to Mr. Taub after the Honorable Judge Gorenstein had already adjudicated on the matter in a discovery hearing held on June 16, 2021.[5]

Second, and in stark contrast, Defendants have only sought one Rule 30(b)(6) deposition, lasting less than five (5) hours, and even waived their right to depose Mr. Teman in his individual capacity.

Third, Defendants have not benefitted by obtaining "hundreds of documents" of discovery from Plaintiff which would not otherwise be available to them in arbitration (*Rush*, *supra* at 889; Memorandum at 8). Discovery produced by Plaintiff amounts to over 300 pages of documents and some screenshots and chats from WhatsApp, which were largely available to Defendants prior to the commencement of discovery[6] or have little significance to the claims brought in Plaintiff's Complaint.

Fourth, Plaintiff disingenuously claims that Defendants have obtained interrogatory responses from Plaintiff (Memorandum on page 8). In fact, Defendants received blanket boilerplate objections to all such interrogatories without a single substantive response. The Court is respectfully referred to these interrogatory responses (annexed hereto as Exhibit A). Moreover, Plaintiff's "responses" were grossly untimely, being served 265 days too late and only one (1) business day before Plaintiff improperly sought to depose one of the Defendants (annexed hereto as Exhibit C is defense counsel's letter to Plaintiff objecting to Plaintiff's Responses). Notwithstanding the above, Defendants subsequently withdrew their objection and voluntarily

---

[5]  The discovery hearing was filed and entered on June 17, 2021. Annexed hereto as Exhibit B is a letter by defense counsel to opposing counsel, pursuant to Judge Gorenstein's instructions in the discovery hearing.
[6]  Barring Exhibits 3 and 4, annexed to Plaintiff's opposition to the instant motion, which appear to include prior counsel's comments and were not previously made available to Defendants.

waived their right to receive responses to amended interrogatories altogether in a meet and confer, dated July 22, 2021. Accordingly, Plaintiff provided no substantive response to Defendants' request for Interrogatories and could thus not be prejudiced in that regard. As in *Williamson v. Public Storage, Inc.*, No. 03 Civ. 1242, 2004 U.S. Dist. LEXIS 3799, 2004 WL 491058, at *4 (D. Conn. Mar. 1, 2004), "Plaintiff's preparation of initial discovery requests was not so burdensome or costly that requiring [it] to arbitrate would be unduly prejudicial."

Fifth, Plaintiff claims that "Defendants repeatedly asked this Court to extend discovery deadlines to enable them to pursue additional discovery. ECF Nos. 42, 63, **65**." (Memorandum at 8, emphasis added). In actual fact, extension request, ECF No. 65, was jointly made. Plaintiff also conveniently overlooks the fact that it repeatedly asked this Court to extend deadlines as well, making two requests of its own (ECF Nos. 31/33 and 71) and nullifying any possible inference to be derived therefrom.

Sixth, while Defendants have not sought discovery documents from Plaintiff since their Interrogatories, on September 24, 2020, even forgoing sending Plaintiff any post-deposition demands, Plaintiff continues to seek unending discovery, including a Rule 30(b)(6) deposition of Defendants and a three (3) hour deposition pursuant to Your Honor's Order of November 17, 2021. Such additional deposition testimony is sought after Plaintiff has already conducted two seven (7) hour long depositions of Defendants Leon and Abi Goldenberg, respectively. Accordingly, considerable additional discovery is still sought by Plaintiff, with Defendants having long since discontinued any efforts to obtain reciprocal discovery from the Plaintiff.

Accordingly, the extent of Defendants' litigation conduct weighs heavily in favor of a finding compelling arbitration. For these reasons, Defendants have not waived their right to compel arbitration and Defendants' motion should be granted in its entirety.

### C. Plaintiff has failed to establish the existence of Prejudice.

Waiver may only be found when the party opposing arbitration demonstrates prejudice. *Thyssen, Inc. v. Calypso Shipping Corp., S.A.*, 310 F.3d 102, 105 (2d Cir. 2002); *Meridian Autonomous Inc. v. Coast Autonomous LLC*, 2018 U.S. Dist. LEXIS 169653, *11-12. Plaintiff has failed to do so.

Pursuant to *Beach*, *supra* at 18, cited by Plaintiff, prejudice exists when "a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration," *Kramer v. Hammond* , 943 F.2d at 179 (2d Cir. 1991) or when a party "files substantive motions that do not seek to compel arbitration, and engages in discovery." *For  e.g., La. Stadium*, *supra* (eleven month delay and the filing of a motion to remove, a motion to transfer and a motion to stay by party seeking arbitration); *S&R Co. of Kingston v. Latona Trucking, Inc.*, 159 F.3d 80, 83 (2d Cir. 1998) (fifteen month delay during which the party "engag[ed] in extensive discovery"); *PPG Indus., supra* (involving the filing of substantive motions and discovery). Applying those standards here, Defendants do not come close to waiving their rights to arbitration; they have lost no motion on the merits, they have filed no substantive motion that fails to seek to compel arbitration, and they have not reached an eleven or fifteen month delay, as above.

In an attempt to establish prejudice, Plaintiff merely reiterates that Defendants obtained "considerable discovery that would not be available (or not likely to be available) to them in arbitration," without either conviction or proof (Memorandum, 9). As noted above, such claims are unsubstantiated since Defendants voluntarily waived their right to supplemental interrogatory responses and voluntarily waived their right to depose Mr. Teman in his individual capacity.

Plaintiff then claims that "Defendants only moved to compel arbitration *after* obtaining the discovery they demanded of Plaintiff while evading Plaintiff's efforts to obtain reciprocal

discovery. This includes a Rule 30(b)(6) deposition of defendant Goldmont and numerous outstanding document requests and deficiencies which Plaintiff has requested repeatedly to no avail." (Memorandum at 9). Such assertions are, again, false. A Rule 30(b)(6) deposition of defendant Goldmont has already been scheduled for December 2, 2021, with Defendants asking Plaintiff's counsel on November 19, 2021, to commence the deposition at 9:00 a.m. instead of 10:00 a.m. No response has yet been received. Likewise, Plaintiff obtained "reciprocal discovery" long ago, with the current "numerous" outstanding document requests and deficiencies being limited to four (4) post-deposition demands for Abi and another four (4) for Leon. As of the date of writing, Defendant has provided responses to both (annexed hereto as Exhibit D).[7]

Notwithstanding the above, as in *Catlin Syndicate 2003 v. Traditional Air Conditioning, Inc.*, U.S. Dist. LEXIS 109588, *10-12, 2018 WL 3040375 (E.D.N.Y. 2018), Plaintiff has not demonstrated that it has been prejudiced by any delay. First, with respect to substantive prejudice, there has been no merits-based motion practice. Therefore, this is not a situation where Defendants seek a second chance in arbitration after receiving adverse rulings in this Court. Second, Defendants' actions have not caused the parties any excessive cost. If anything, Plaintiff has obtained a favorable ruling entitling it to receive costs from Defendants, a fact which corrects any perceived prejudice rather than confirming its continued existence (See Doc. No 78).

The case of *Tech. in P'ship v. Rudin*, 538 F. App'x 38, 39-40 (2d Cir. 2013), cited by Plaintiff, is easily distinguished on its facts since, in that case, defendants raised their contractual right to arbitrate some fifteen (15) months after the complaint was filed and, by then, the district court had granted a motion to dismiss "after spending a year litigating [it] on the

---

[7] Although the above discovery was produced while the instant motion remains pending, it was exchanged in an attempt to respond to Plaintiff's request for post-deposition discovery and only after Defendants had made it abundantly clear that they were pursuing arbitration. *See, Catlin*, *supra*; *see also Levey*, *supra* at 545 (determining no

merits," and had ordered the deposition of a key witness of the plaintiff in order to resolve defendants' statute of limitations defense. In that case, plaintiff had to defend two (2) substantive motions to dismiss. All of those facts are simply absent herein. Moreover, Plaintiff's claim that it is "awaiting reciprocal discovery from the [moving party]" as in *Rudin* is incorrect. While Plaintiff sought responses to post-deposition demands, Defendants have made no reciprocal demands following Mr. Teman's deposition. Moreover, Plaintiff has since obtained responses to those demands (Exhibit D). Plaintiff's reliance on *Cotton v. Slone*, 4 F.3d 176, 179 (2d Cir. 1993) is still more inapposite (holding that a party had failed to seek interlocutory appeal under 9 U.S.C. § 16(a)(l) from denial of a motion to compel arbitration and could not raise the issue after actively litigating its claim for over three (3) years, including making several substantive motions (including one for summary judgment) and losing on the merits and engaging in failed settlement discussions).

Plaintiff's claims of prejudice based upon the production of "substantial discovery (including depositions)" is likewise unconvincing (Memorandum at 11). Plaintiff produced Mr. Teman for one deposition alone. Plaintiff's claim of an "uneven playing field" is a moot point given that Defendants have already consented to a Rule 30(b)(6) deposition, as noted above. All other "reciprocal discovery," and more, have already been exchanged, for which reason Plaintiff's claim of prejudice is unsupported.

Similarly, Plaintiff's claims that it "has incurred expense due to Goldmont's failure to appear for its Rule 30(b)(6) deposition" could not be further from the truth (Memorandum, 10). As is Plaintiff's *modus operandi*, Plaintiff has scheduled multiple depositions despite defense counsel's clear communications that Defendants were unavailable to appear on dates unilaterally

---

waiver despite engaging in litigation and discovery when party seeking arbitration had not "invoked judicial resources to obtain such discovery and information to later gain an advantage in the arbitration").

selected by Plaintiff's counsel,[8] or despite basic discovery remaining outstanding.[9] Any purported prejudice suffered by Plaintiff, due to its unilateral imposition of deposition dates despite Defendants' clear communication as to unavailability or outstanding discovery, must be borne by Plaintiff alone.[10]  Plaintiff's Exhibit 8 corroborates the fact that defense counsel never agreed to a deposition on October 28, 2021 ("I am not aware of any deposition for tomorrow") and Plaintiff's counsel ordered a court reporter of its own accord (even acknowledging in its email to Veritext: "Please schedule a court reporter for the attached deposition (currently scheduled for Thurs. 10/28 10am, **though I have yet to receive confirmation from Goldmont)**" (Exhibit 8, page 3, emphasis added). For this reason alone, costs related to the Veritext invoice annexed to Plaintiff's motion (Exhibit 9) must be borne by Plaintiff alone.

Notably, the invoice provided in Exhibit 9 relates to Abi's deposition unilaterally set for October 28, 2021, rather than the Rule 30(b)(6) deposition, for which no evidence of costs purportedly incurred is provided. Accordingly, Plaintiff's claims that it "has incurred expense due to Goldmont's failure to appear for its Rule 30(b)(6) deposition" are unsubstantiated.

---

[8] See Exhibit E, page 2, wherein defense counsel informed Plaintiff's counsel that "[t]he **deposition cannot proceed until we meet and confer.**"

*See id.* on page 3, wherein defense counsel informed Plaintiff's counsel that no deposition had been set for October 28, 2021: "At the risk of sounding redundant (because you asked again), we are available to meet and confer beginning Monday. **There will be no deposition held in this case tomorrow. If you fail to advise the reporter that you apparently ordered accordingly, you can bear the cost of that frivolity.**" Mr. Reinitz responded: "Thank you for confirming. **We advised the reporter accordingly.**" (Exhibit E, page 3).

[9] *See, for e.g.,* Defendant Abi did not appear for a deposition scheduled **unilaterally** by Plaintiff's counsel for July 19, 2021 (Exhibit F, pages 3, 7, 13, 20, 22, 87, relevant portions highlighted).

*See also, id.* on page 1: Defendants' Letter to the Court (NYSCEF Doc. No 63), seeking an extension due to Plaintiff's failure to provide interrogatory responses: "As of the date of writing, Plaintiff's counsel has provided no response to the letter [regarding delayed responses to interrogatories], nor has he proffered any explanation or good cause for such protracted delay. Plaintiff has also refused to agree to adjourn the deposition of its representative pending a more proper response to the Interrogatories and has further refused to adjourn the deposition simply to allow the parties to enter into a mutually agreeable discovery schedule, which would have obviated the need for this application. In light of the above, Defendants are not in a position to proceed with depositions at this time. Simply stated, we cannot depose the Plaintiff without the benefit of his responses to discovery, which were due in October of 2020." *Id.*

[10] The same aggressive tactics were used by Plaintiff's counsel against the defendants in *GateGuard v. MVI Systems et al.* (Docket No. 19-CV-02472 (JPC)(DPF) (hereinafter, "MVI"). See Doc. No. 49.

Since Plaintiff has failed to provide any concrete evidence of prejudice that was not self-inflicted, *Thyssen, supra,* and since Plaintiff points to no situation where Defendants have either lost a motion on the merits, filed a substantive motion that fails to seek arbitration, *Beach* at 18, or demonstrated that a temporal delay, on its own, warrants waiver, Defendants do not come close to waiving their rights to arbitration.

In any event, even if Plaintiff could demonstrate costs incurred as part of litigation, "[i]ncurring legal expenses inherent in the litigation, without more, is insufficient evidence of prejudice to justify a finding of waiver." *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 163 (2d Cir. 2000) (quoting *PPG Indus., supra* at 107-08). Indeed, "[p]retrial expense and delay -- unfortunately inherent in litigation -- without more, do not constitute prejudice sufficient to support a finding of waiver." *See Rush*, 779 F.2d at 887-88; *Leadertex v. Morganton Dyeing & Finishing Corp.*, 67 F3d 20 (2d Cir 1995) (where the Second Circuit found that plaintiff had not incurred any extraordinary expense in its limited responses to defendants' discovery demands, holding: "Waiver may not therefore stand firmly on defendant's use of discovery").

Finally, "waiver of arbitration is not to be lightly inferred" and "any doubts concerning whether there has been a waiver are resolved in favor of arbitration." *PPG, supra*; *Progressive Casualty v. C.A. Reaseguradora Nat. de Venezuela*, 991 F.2d 42, 45 (2d Cir. 1993); *David L. Threlkeld & Co. v. Metallgesellschaft.*, 923 F.2d 245, 250 (2d Cir.), *cert. dismissed*, 501 U.S. 1267 (1991); *Fleck v. Hutton*, 891 F.2d 1047, 1050-53 (2d Cir. 1989); *Moses H. Cone Memorial Hosp. v. Mercury*, 460 U.S. 1, 24-25, 74 L. Ed. 2d 765, 103 S. Ct. 927 (1983); *Rush*, 779 F.2d at 887.

In light of the above, Plaintiff has failed to prove any prejudice sufficient to justify waiving Defendants' right to compel arbitration. Defendants' motion should therefore be granted in its entirety.

## II.   PLAINTIFF   FAILS   TO   ADDRESS   DEFENDANTS' REMAINING MERITORIOUS ARGUMENTS.

### A. Plaintiff's Fraud Claim is Subject to Arbitration.

As argued in the underlying motion, in Section C, Plaintiff's fraud claim against Defendants is subject to arbitration and Plaintiff should be judicially estopped from taking the position that not all of its claims are arbitrable. Certainly, Plaintiff's multiple arbitration provisions do not reflect an intent to limit arbitration to contractual claims. To the contrary, the arbitration provision is a classic "broad" arbitration clause. *See, e.g., ACE Capital Re Overseas Ltd. v. Cent. United Life Ins. Co.*, 307 F.3d 24, 27, 33-34 (2d Cir.2002) (finding provision subjecting to arbitration "any dispute [that] shall arise between the parties hereto with reference to the interpretation of this Agreement or their rights with respect to any transaction involved" broad); *Oldroyd v. Elmira Sav. Bank, FSB*, 134 F.3d 72, at 76 (2d Cir. 1998), *abrogated on other grounds by Katz v. Cellco P'ship*, 794 F.3d 341 (2d Cir. 2015)) (concluding that a clause making arbitrable "[a]ny dispute, controversy or claim arising under or in connection with [the agreement]" represented "the prototypical broad arbitration provision"). In fact, even where arbitration provisions are limited to "all claims and disputes arising from or in connection with the Contract's validity, performance, or breach," the Court in *Catlin* reasoned that "it would still be considered broad under Second Circuit precedent." *Id.* at 13; *see also Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 225-26 (2d Cir. 2001) (concluding arbitration provision broad that covered "[a]ny dispute arising from the making, performance or termination" of the agreement).

Plaintiff, moreover, cannot argue that its fraud claim is not arbitrable given its undeniable and deliberate intent to incorporate equitable relief into its own Dispute Resolution Terms, which provide:

> Arbitration - Notwithstanding anything to the contrary contained herein, you and GateGuard agree that any dispute, claim or controversy arising out of or relating to the Terms or the breach, termination, enforcement, interpretation or validity thereof, or to

the use of the Site will be settled by binding arbitration, except that GateGuard alone retains the right to seek injunctive **or other equitable relief** in a court of competent jurisdiction to prevent the actual or threatened infringement, misappropriation or violation of a its [sic] copyrights, trademarks, trade secrets, patents, or other Intellectual Property rights. *See Exhibit D* (emphasis added).

Certainly, Plaintiff should not be allowed to seek equitable relief while barring Defendants from seeking parallel relief. Here, Plaintiff's fraud claim, which was only tacked on to its Amended Complaint, is, to state the obvious, a "dispute, controversy or claim arising under or in connection with [the agreement]." *Oldroyd, supra*. The fraud claim only arose as a result of the underlying Agreement between the parties where the Defendants first considered investing in Plaintiff's business, after having entered into the Agreement with Plaintiff, and thereafter trying to help Plaintiff obtain additional financing from multiple sources. Surely, there would be no fraud claim but for the Agreement.

Moreover, Plaintiff explicitly detailed would-be "Exceptions to [its] Arbitration Agreement" in its "Terms & Conditions."[11] Conspicuously absent from such exceptions is any fraud claim.

It is black letter law that where "the arbitration provision is broad, 'there arises a presumption of arbitrability,' and arbitration of even a collateral matter will be ordered if the claim alleged 'implicates issues of contract construction or the parties' rights and obligations under it.'" *Louis Dreyfus supra* at 224 (quoting *Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 23 (2d Cir. 1995) (quotations omitted). It is equally well established that "the mere inclusion of a claim of fraud in the complaint does not bar arbitration." *Promovision Video Display Corp. v. Intech Leasing Corp.*, 129 A.D.2d 785 (2d Dept. 1987) (The Second Department granted the motion to compel arbitration and to stay the action in the interim because the arbitration agreement was incorporated by reference and "the mere inclusion of a claim of fraud in the complaint did not bar arbitration"); *S.A. MINERACAO DA TRINDADE-SAMITRI v. UTAH*, 745 F.2d 190 (2d Cir. 1984).

---

[11] Defendants' Memorandum on page 7; Exhibit E annexed thereto.

Moreover, to quote from Plaintiff's counsel's motion to compel arbitration in *BCR v. GateGuard*, "a complete stay of this action pending arbitration is necessary to prevent conflicting rulings on 'overlapping issues and common questions of fact.' *NAMA Holdings, LLC v. Greenberg Traurig, LLP*, 62 A.D.3d 578, 579, 880 N.Y.S.2d 34, 35 (1st Dept. 2009) (granting stay where '[t]here [were] overlapping issues and common questions of fact')." (NYSCEF Doc. No. 33 at ¶ 18). Indeed, Plaintiff's counsel acknowledges "the strong policy of New York courts to favor and encourage arbitration as a means for expedited resolution of disputes and conserving judicial resources. See *Nationwide Gen. Ins. Co. v. Inv'rs Ins. Co. of Am.,* 37 N.Y.2d 91, 95, 332 N.E.2d 333, 335 (1975) (noting '[o]ne way to encourage the use of the arbitration forum we recently noted would be to prevent parties to such agreements from using the courts as a vehicle to protract litigation')." *Id.* at ¶ 11.

Even assuming, *arguendo*, this Court were to find that fraud cannot be arbitrated (though Defendants respectfully argue that it is an arbitrable claim), the Court should find, as in *Catlin*, that a stay of any nonarbitrable claims is appropriate in light of "the significant overlap among plaintiff's claims." *Id.* at 17. *See also, Katsoris v. WME IMG, LLC*, 237 F. Supp. 3d 92, 110-11 (S.D.N.Y. 2017) (concluding that a discretionary stay is warranted when there was "significant factual overlap between Plaintiffs' claims against [arbitrating defendant] and those against [non-arbitrating defendant]"); *Winter Inv'rs, LLC v. Panzer*, No. 14-cv-6852, 2015 WL 5052563, at *11, 2015 U.S. Dist. LEXIS 113901, at *26 (S.D.N.Y. Aug. 27, 2015) (ordering a discretionary stay of claims with overlapping issues); *Hikers Indus., Inc. v. William Stuart Indus. (Far East) Ltd.*, 640 F. Supp. 175, 178-79 (S.D.N.Y. 1986) (staying claims not subject to arbitration because "the arbitration [would] provide the court with insight into the issues of law and fact and any decision by the court on the merits "would thwart the federal policy in favor of arbitration of disputes by rendering the arbitrator's [decision] meaningless").

15

For the foregoing reasons, Plaintiff's fraud claim is arbitrable and since "waiver of arbitration is not to be lightly inferred," Defendants' motion to compel arbitration should be granted.

**B. PLAINTIFF DISTORTS DEFENDANTS' ARGUMENT THAT EVEN IF THE COURT WERE TO READ THE LANGUAGE OF THE ARBITRATION SECTION TO CONTAIN A CARVE-OUT, IT IS ONE-SIDED ON ITS FACE AND UNCONSCIONABLE UNDER DELAWARE LAW.**

Plaintiff willfully distorts Defendants' argument to suggest that they "ask this Court to 'strike' an 'opt-out clause' in the referenced agreement" (Memorandum on page 12). Defendants, however, made no such request. Rather, Defendants stated that one-sided opt-out provisions, like those of Plaintiff, wherein only "GateGuard may refuse arbitration at any point and demand a trial," are routinely found to be unconscionable under Delaware law.[12] Notwithstanding, Defendants do not ask this Court to "strike" portions of the clause but explicitly state that:

> ***Ultimately, this is a question for an arbitrator.*** As explained by the Supreme Court, an agreement to arbitrate is "severable" from the rest of the contract, such that if the arbitration terms delegate authority to an arbitrator, ***including authority to determine arbitrability***, then any claims of unconscionability directed at the agreement as a whole or other specific terms do not displace that grant of authority to the arbitrator.[13]

Further bolstering their argument, Defendants again state that, in any event, "this matter should be decided by the arbitrator under the parties' broad grant of authority" (*Id.* on page 13). Accordingly, far from being "fatal" to Defendants' motion, Plaintiff's attempt to distort Defendants' argument is fatal to its own opposition papers.

---

[12] Defendants' Memorandum on page 13.
[13] Defendants' Memorandum on page 13. *See, Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 71-73 (2010) ("Thus, in an employment contract many elements of alleged unconscionability applicable to the entire contract (outrageously low wages, for example) would not affect the agreement to arbitrate alone. But even where that is not the case . . . where the alleged fraud that induced the whole contract equally induced the agreement to arbitrate which was part of that contract – we nonetheless require the basis of challenge to be directed specifically to the agreement to arbitrate before the court will intervene.").

### C. ESTOPPEL EXISTS.

While Plaintiff merely notes that the motion to compel arbitration in the BCR matter was later vacated, it fails to address the underlying arguments it previously made, that: (1) because the "claims in this action arise out of the same nucleus of operative facts [they] must be resolved in arbitration pursuant to the Terms [of Service];" (2) in the context of moving to compel arbitration against a plaintiff seeking injunctive relief, GateGuard successfully argued that the incorporation of the AAA Rules into the GateGuard "Dispute Resolution Terms" means that "no judicial determination of the scope of arbitrability is required, as the terms delegate questions of arbitrability to the arbitrator;" and that (3) "GateGuard's terms – which BCR accepted – require disputes to be settled via arbitration. Accordingly, this Court is not the proper forum for BCR to seek relief" (Defendants' Memorandum, 15). Plaintiff remains silent on these points.

### D. THIS COURT CAN COMPEL THE PARTIES TO ARBITRATE.

Plaintiff is placed in the uncomfortable position of arguing against itself, citing to a case that supports Defendants' position, rather than its own. Specifically, in citing to *Anderjaska v. Bank of Am., N.A.*, 523 F. Supp. 3d 456, 463-64 (S.D.N.Y. 2021), Plaintiff argues that "section 4 of the FAA provides a court with the authority to compel arbitration only within the district in which the petition for an order directing such arbitration is filed" (Memorandum on page 13). However, Plaintiff cites to this case to suggest that "the Court held (noting that 'persuasive decisions in [the Second] Circuit have routinely held that [Section 4 precludes a district court from compelling arbitration outside of its district.')." *Id.* Plaintiff completely ignores the case's holding that the Court certainly can compel arbitration within its own district and can issue "an order staying the litigation pending a final outcome of the arbitration." *Id.* at 14.

## **CONCLUSION**

For the reasons set forth herein and in the underlying motion, Defendants respectfully request that this Court issue an Order compelling arbitration and granting a stay of the action pending same.


Dated:   New York, New York
           November 22, 2021

                                                          Shira Goldman Moyal, Esq.
                                                          **Koss & Schonfeld, LLP**
                                                          90 John Street, Suite 503
                                                          New York, NY 10038
                                                          Direct Dial: (212) 796-8916
                                                          *Attorneys for Defendants*
                                                          GOLDMONT REALTY CORP.,
                                                          LEON GOLDENBERG,  ABI
                                                          GOLDENBERG

TO:     All Counsel (by ECF)