

# KOSS & SCHONFELD, LLP
### ATTORNEYS AT LAW

Writer's email: shira@kandsllp.com
Writer's direct dial: (646) 699-1170

November 22, 2021

**By ECF**
Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *GateGuard, Inc. v. Goldmont Realty Corp., et al.*
             Case No.: 1:20-cv-01609-AJN-GWG

Dear Judge Gorenstein:

      This office represents defendants Goldmont Realty Corp., Leon Goldenberg and Abi Goldenberg in the above referenced action (collectively, the "Defendants"). Defendants request that the Court seal Exhibit E to the Reply Memorandum (Doc. No. 80-5), filed today, and permit a redacted version of the exhibit, which was later filed as Doc. No. 81-5 to replace it. An unredacted copy of Exhibit E, attached hereto, is being mailed to Chambers. Defendants believe that the requested sealing order and redaction is necessary as it includes the inadvertent disclosure of privileged material that falls under the work-product exemption and contains attorney analysis as well as litigation and trial strategy. *Doe v. Poe*, 244 A.D.2d 450 (2d Dept. 1997) (the work-product exemption applies only to those materials that are prepared by an attorney who is acting as an attorney, and which contain the attorney's analysis and trial strategy); *Kane v. Her-Pet Refrig.*, 181 A.D.2d 257, 267 (2d Dept. 1992); *Graf v. Aldrich*, 94 AD2d 823, 824 (3d Dept 1983); *B2 Payment Solutions, Inc. v. UL LLC*, 2018 N.Y. Misc. LEXIS 3594, *4 (Sup. Ct. 2018) (redaction granted for references to sensitive information and business strategies). Here, an attorney's work product is, defined narrowly as those documents created by an attorney which could only have been created by a lawyer, and which contain the attorney's analysis and strategy, and such documents are absolutely privileged. *See*, *Doe v. Poe*, 244 AD2d 450, 451, 664 N.Y.S.2d 120 (2d Dept 1997); CPLR 3101[c]).

      An attorney's work-product moreover, encompasses materials that consist of "interviews, **statements**, memoranda, **correspondence**, briefs, **mental impressions, personal beliefs**, and countless other tangible and intangible things." *Acwoo Intl Steel Corp. v. Frenkel & Co.*, 165 AD2d 752, 752, 564 N.Y.S.2d 40 (1st Dept 1990), quoting *Victory Markets, Inc. v. Purer*, 51 AD2d 895, 380 N.Y.S.2d 685 (1st Dept 1976), citing *Hickman v. Taylor*, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947).

      Defendants have not waived their privilege and have instead "tried to remedy such disclosure immediately" by temporarily sealing the document. *LaSalle Bank Nat. Ass'n v. Merrill Lynch Mortg. Lending, Inc.*, No. 04-CV-5452 (PKL), 2007 WL 2324292, at *5

Koss & Schonfeld, LLP
November 22, 2021
Page 2 of 2

(S.D.N.Y. Aug. 13, 2007); *Ceglia v. Zuckerberg*, No. 10-CV-00569A(F), 2012 WL 1392965, at *8 (W.D.N.Y. Apr. 19, 2012).

    We respectfully ask the Court to convert the temporary seal into a permanent one.

    We thank the Court for its consideration of the above.

                                                    Respectfully Submitted,
                                                    By: /s/ Shira Goldman Moyal
                                                    Shira Goldman Moyal

cc: Ariel Reinitz, Esq. (via ECF)