# FisherBroyles

Ariel Reinitz
*Partner*
FisherBroyles, LLP
445 Park Avenue
Ninth Floor
New York, NY 10022

Ariel.Reinitz@fisherbroyles.com
Direct: 646.494.6909

December 2, 2021

**VIA ECF**

Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *GateGuard, Inc. v. Goldmont Realty Corp., et al.*
             Case No.: 1:20-cv-01609-AJN-GWG

Dear Judge Gorenstein:

    I represent Plaintiff GateGuard, Inc. and write seeking the Court's intervention regarding the Rule 30(b)(6) deposition of defendant Goldmont Realty Corp. which is currently underway.

    Defendants' counsel and I have been unable to resolve several significant issues that have arisen during the deposition.

    *First*, Goldmont's designated 30(b)(6) witness has been unable to answer numerous questions on topics listed in the deposition notice (Exhibit A). As an example, the witness (speaking on Goldmont's behalf) cannot identify the organizations' officers.[1] After further questioning, the witness confirmed that he lacks personal knowledge regarding various listed topics, while conceding such information is "known or reasonably available to the organization." *See* Rule 30(c)(2).

    At that point, I raised concerns with Defendants' counsel regarding the witness' level of preparation and whether Plaintiff would need to compel Defendants to produce a witness competent to testify on the noticed topics.

---

[1] Notably, this is the *first* listed topic in the Rule 30(b)(6) notice. *See* Ex. A at 5 ("Identities of Goldmont's officers….").

ATLANTA  |  AUSTIN  |  BOSTON  |  CHARLOTTE  |  CHICAGO  |  CINCINNATI  |  CLEVELAND  |  COLUMBUS  |  DALLAS
DENVER  |  DETROIT  |  HOUSTON  |  LONDON  |  LOS ANGELES  |  MIAMI  |  NAPLES  |  NEW YORK  |  PALO ALTO
PHILADELPHIA  |  PRINCETON  |  SALT LAKE CITY  |  SEATTLE  |  WASHINGTON D.C.

Fisher Broyles

December 2, 2021 | Page 2 of 2

  Defendants' counsel repeatedly insisted that the witness' responses (which again, are based solely on his own personal knowledge) are sufficient. Despite the witness confirming he could *not* testify competently on various topics based on "information known or reasonably available to the organization," Defendants' counsel asserted that Plaintiff must "accept" whatever answers the witness provides.

  *Second*, on several occasions Defendants' counsel instructed the witness not to answer questions on grounds such questions are allegedly "irrelevant." I noted that such objections are not among those in which the deponent can be instructed not to answer. *See* Rule 30(c)(2). I further invited Defendants' counsel to bring a motion under Rule 30(d)(3) if he believed the deposition was being conducted in bad faith. Defendants' counsel declined to do so but nevertheless persisted in instructing the witness not to answer numerous questions.

  On several occasions – after counsel had debated the above issues at length – I asked Defendants' counsel to join me in contacting the Court by phone to obtain a ruling on these issues. Defendants' counsel adamantly refused.

  I also proposed that I could contact the Court's chambers to advise Chambers that the parties had several significant disputes during the deposition, and asking that the Court, at minimum, issue an order directing the parties how to proceed in the interim. Defendants' counsel responded by accusing me of attempting to initiate *ex parte* communication with the Court and threatened to seek sanctions against me for doing so.

  At this juncture, Plaintiff reluctantly asks that the Court issue an order directing the parties to jointly contact the Court by phone to resolve these disputes.

  In the alternative, Plaintiff seeks, at minimum, an order directing that the present deposition be suspended, so the parties can properly raise the above-outlined issues with the Court, at which point the deposition can be resumed based on the Court's ruling.

            Respectfully submitted,
            By: /s/ Ariel Reinitz
            Ariel Reinitz

cc:  Counsel of Record (via ECF)