

ALLEN V. KOSS, ESQ.
SIMCHA D. SCHONFELD, ESQ.*
JACOB J. SCHINDELHEIM, ESQ.

**MEMORANDUM ENDORSED**

November 18, 2021

**By ECF**
Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312
GorensteinSettlement@nysd.uscourts.gov

  Re: *GateGuard, Inc. v. Goldmont Realty Corp., et al.*
    Case No.: 1:20-cv-01609-AJN-GWG

Dear Judge Gorenstein:

  This office represents defendants Goldmont Realty Corp. ("Goldmont"), Leon Goldenberg and Abi Goldenberg in the above referenced action (collectively, the "Defendants"). I write at the Court's direction in response to the letter filed by Plaintiffs' counsel earlier this afternoon raising what he claimed are issues which arose during the course of today's deposition.

  I note that pursuant to the memo endorsement issued by the Court earlier this afternoon, I will only address point two in Plaintiffs' counsel's letter.

  Plaintiffs' counsel claims that in defending my client during today's deposition, I instructed the witness not to answer certain questions on the basis that they are "irrelevant", however, that is not accurate. The term that I actually used was "palpably improper." The reason that those few questions were palpably improper is because they go far beyond having to do even the slightest with the claims raised in this case as memorialized in Plaintiffs' pleadings. Surely the scope of the deposition cannot exceed that which Plaintiffs themselves have put in issue. This case involves a contract dispute between Plaintiffs and Defendants. Yet, Plaintiffs' counsel thought he was entitled to ask whether anyone in the entire world, from the beginning of time up until now, had ever raised

any complaints with any work ever performed by Defendants in any capacity, or if anyone in the world had ever disputed any claims with Defendants or if anyone in the entire world had ever filed lawsuits against them for anything at all. This is not a class action and the only claims at issue are those raised by the one individual Plaintiff and the one entity Plaintiff, nothing more. These palpably improper questions go far beyond a fishing expedition and do not meet the requirement of being reasonably calculated to lead toward discoverable information. To allow such questions would effectively mean that there are no rules governing questioning and that an attorney can ask a deponent anything at all, related to the case or unrelated, without any limitation.

It should also be noted that on numerous occasions during today's deposition, Plaintiffs' counsel attempted to elicit responses from the witness which clearly sought privileged information with Defendants' attorneys. I was then forced to instruct the witness not to answer those questions on the grounds of privilege. Plaintiffs' counsel knew full well that those questions were off limits and he proceeded to ask them anyway. Therefore, anyone viewing the events of today's deposition can clearly see that it was Plaintiffs' counsel's conduct which was improper and unprofessional - not mine.

I stand ready to hold a call with the Court to discuss the above should the Court so require.

We thank the Court for its consideration to the above.

Respectfully submitted,<br>
KOSS & SCHONFELD, LLP<br><br>
Jacob J. Schindelheim, Esq.

cc: Ariel Reinitz, Esq. (via ECF)

The Court notes that defendants have never made an application pursuant to Fed. R. Civ. P. 30(d)(3). Thus, counsel is incorrect in his interpretation of Fed. R. Civ. P. 30(c)(2) – which, tellingly, he does not even bother to cite. Counsel admits that the basis for his instruction not to answer was grounded in a relevance objection inasmuch as he refers to the disputed questions as "going far beyond having to do" with the claims in the case, which is obviously tantamount to an objection that the plaintiff's questions sought irrelevant evidence. In any event, we need not decide what species of objection this was. Whatever counsel might have meant by asserting "patently improper" as an objection, it is certainly not an objection that permitted counsel to instruct the witness not to answer under Rule 30(c)(2) and counsel makes no coherent argument otherwise. As a result, the Court finds that counsel acted improperly by instructing the witness not to answer. Before seeking any further Court intervention, however, the parties should attempt to solve the problem created by defendants' improper conduct themselves --- at a minimum by the defendants agreeing to make the witness available to answer the questions at a second deposition as soon as possible. If the parties cannot reach resolution, plaintiff's counsel may make a new application compliant with paragraph 2.A of the Court's Individual Practices.

As to the other point raised by defendants, the Court finds nothing improper in an attorney asking questions that call for privileged information. It is the responsibility of the deponent and/or deponent's counsel to assert any privilege objections in response to such questions.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

December 3, 2021