# FisherBroyles

**Ariel Reinitz**
*Partner*
FisherBroyles, LLP
445 Park Avenue
Ninth Floor
New York, NY 10022

Ariel.Reinitz@fisherbroyles.com
Direct: 646.494.6909

December 26, 2021

**VIA ECF**

Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007

      Re:    *GateGuard, Inc. v. Goldmont Realty Corp., et al.*
              Case No.: 1:20-cv-01609-AJN- GWG

Dear Judge Gorenstein:

      I represent Plaintiff GateGuard, Inc. ("Plaintiff") and write pursuant to Local Civil Rule 37.2 and Section 2.A. of this Court's Individual Practices to request a conference regarding Plaintiff's anticipated motion to compel Defendants to produce email(s) received by defendant Abi Goldenberg on or around August 30, 2019, containing scanned pages of the parties' agreement (the "Scanner Emails").

      Plaintiff's discovery requests seek, *inter alia*, documents concerning any transaction between Plaintiff and Defendants. Defendants responded by producing certain documents and certifying that "no responsive materials are being withheld."

      In various submissions, Defendants claim the agreement at issue in this case is "unenforceable." ECF No. 62 at 4. Defendants also recently suggested that they only received a copy of the agreement at issue on January 25, 2021. *See* ECF No. 69-13 at 1.

      Yet during a recent deposition, defendant Goldmont's Rule 30(b)(6) designee (co-defendant A. Goldenberg) testified that he used a scanner to scan a 'hard' copy of the parties' agreement and received a PDF file via email. *See* <u>Exhibit A</u> (deposition transcript).

      Defendants never produced any such emails. During the deposition, I asked Defendants' counsel to produce the referenced email(s). He asked that I follow up in writing. I did. *See* <u>Exhibit B</u>. Yet Defendants still failed to produce the Scanner Emails.

# Fisher Broyles

December 26, 2021 | Page 2 of 2

On December 15, 2021 at 10:00 AM I conferred with Defendants' counsel (Jacob Schindelheim) for approximately one hour regarding several discovery issues. During the call, I reiterated Plaintiffs' request that Defendants produce the Scanner Emails, noting they were relevant to the agreement central to this dispute.

Defendants' counsel did not dispute that the Scanner Emails were relevant and discoverable. Instead, he suggested that the manner in which Plaintiff requested the documents (via email) was not sufficiently "formal."

In response, I noted that Plaintiff was not making a new document request but rather seeking Defendants' compliance with Plaintiff's original document requests. I also noted that Plaintiff had made this request "in writing" (per Defendants' preference) and there was no formalistic defect in Plaintiff's conduct. I also noted that on several occasions during this case, Plaintiff had identified discovery deficiencies via email (in the same manner), and Defendants had responded (including by producing the requested documents) while never suggesting that Plaintiff's conduct was deficient.

Mr. Schindelheim responded by conceding that this Court would likely direct Defendants to produce the Scanner Emails but indicated Defendants would not do absent a court order. At that juncture, I asserted – and Mr. Schindelheim agreed – that the parties were at an impasse regarding production of the Scanner Emails. I informed Mr. Schindelheim that Plaintiff would therefore request a conference with the Court.

"Fed. R. Civ. P. 26(b)(1) permits parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…whether or not admissible in evidence. Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-04394 (AJN) (BCM), 2016 U.S. Dist. LEXIS 120131, at *21-22 (S.D.N.Y. Aug. 31, 2016) (quotations and citations omitted).

As outlined above, the Scanner Emails are relevant to the claims and defenses in this case, including the execution of the agreement at issue and Defendants' knowledge of it. Defendants do not (and cannot) dispute the relevance of these documents.

Plaintiff therefore requests a pre-motion conference with the Court concerning Plaintiff's forthcoming motion to compel production of the Scanner Emails in their entirety.

Plaintiff also seeks an award of reasonable expenses (including attorney's fees) incurring in bringing this motion. *See* Rule 37(a)(5)(A).

Respectfully submitted,<br>
By: /s/ Ariel Reinitz<br>
Ariel Reinitz

cc:   Counsel of Record (via ECF)