# Fisher Broyles

**Ariel Reinitz**
*Partner*
FisherBroyles, LLP
445 Park Avenue
Ninth Floor
New York, NY 10022

Ariel.Reinitz@fisherbroyles.com
Direct: 646.494.6909

December 31, 2021

**VIA ECF**

Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *GateGuard, Inc. v. Goldmont Realty Corp., et al.*
                  Case No.: 1:20-cv-01609-AJN-GWG

Dear Judge Gorenstein:

      I represent Plaintiff GateGuard, Inc. and write seeking an extension of the deadline to complete fact discovery in the subject case.

      Both parties previously sought extensions to the discovery cutoff (currently December 31, 2021 – *see* ECF No. 72). Though discovery has since progressed, several items remain. These include a Rule 30(b)(6) deposition of defendant Goldmont Realty Corp. and the resolution of other outstanding discovery issues.

      Plaintiff has tried for months to conduct a Rule 30(b)(6) deposition of defendant Goldmont Realty Corp. This deposition was initially noticed for October 28, 2021, then rescheduled (at Defendants' request) for December 2, 2021. *See, e.g.*, ECF No. 71 at n.1.

      Goldmont's deposition was marked by numerous issues.[1] This Court previously directed Defendants to make their witness available again. ECF No. 87 at 3.[2] Yet this week Defendants indicated they would not do so. After several requests to confer (in advance of Plaintiff's

---

[1] *See* ECF No. 84 (describing how Goldmont's 30(b)(6) designee could not testify regarding noticed deposition topics, and how its counsel instruction the witness not to answer "irrelevant" questions and refused my repeated requests to jointly contact the Court during the deposition).

[2] "Before seeking any further Court intervention, however, the parties should attempt to solve the problem created by defendants' improper conduct themselves --- at a minimum by the defendants agreeing to make the witness available to answer the questions at a second deposition as soon as possible."

# Fisher Broyles

December 31, 2021 | Page 2 of 2

anticipated motion to compel), today Defendants indicated they are willing to confer (next week) on this issue.

Additionally, in opposing Defendants' belated motion to compel arbitration (ECF No. 69), Plaintiff argued it will be prejudiced if Defendants utilize the Federal Courts to obtain discovery from Plaintiff and then invoke arbitration to avoid providing reciprocal discovery. *See* ECF No. 76 at 9-10. Defendants responded by claiming to have "already consented to a Rule 30(b)(6) deposition." *See* ECF No. 81 at 10. But as noted above, this deposition was marred by conduct this Court already found "improper" and Plaintiff anticipates seeking further relief (including an order compelling a second deposition) once the parties confer. Plaintiff therefore maintains that allowing fact discovery to close at this juncture would be highly prejudicial and effectively reward Defendants' conduct.

Moreover, throughout the current discovery period, Defendants have continued to avoid or ignore Plaintiffs requests to confer. Plaintiff has reluctantly raised this issue with the Court on several occasions. *See, e.g.*, ECF No. 77. I do so again now only to further illustrate that Plaintiff's request to extend the discovery deadline is attributable to Defendants' conduct.

While several of the issues outlined above are not yet ripe for the Court's consideration, I note them to provide context for this request.[3] Plaintiff maintains that despite its diligent efforts to complete discovery, it cannot do so without Defendants' cooperation.

We therefore ask the Court to extend the fact discovery deadline to <u>February 28, 2022</u>, to enable the parties to complete discovery. Defendants do not consent to this request.

Respectfully submitted,
By: /s/ Ariel Reinitz
Ariel Reinitz

cc:   Counsel of Record (via ECF)

---

[3] For completeness of the record, a handful of other discovery issues remain including:
1. Defendants' production of the "Scanner Emails." *See* ECF No. 90 (directing Defendants to produce these documents by January 6, 2022).
2. Defendants' failure to produce responsive documents stored on Goldmont's server. Plaintiff first learned of the existence of these documents yesterday (during a deposition of A. Goldenberg) and has yet to be able to raise the issue with Defendants' counsel.
3. Enforcement of Rule 45 subpoenas issued to several third parties. The Court previously stayed compliance with these subpoenas until further court order and directed Plaintiff and the third parties to "attempt to resolve the issue among themselves." *See* ECF No. 53 at 4. Since then, I have conferred on several occasions with counsel for the third parties who argued compliance would be burdensome for his clients. To avoid "undue burden" on the third parties, Plaintiff has committed to first seek all available evidence from Defendants before initiating further enforcement of the subpoenas. However, Plaintiff cannot assess whether (and to what extent) enforcement of these subpoenas is necessary before Defendants fulfill their outstanding discovery obligations (as outlined above).