

ALLEN V. KOSS, ESQ.
SIMCHA D. SCHONFELD, ESQ.*
JACOB J. SCHINDELHEIM, ESQ.

January 5, 2022

**By ECF**
Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312
GorensteinSettlement@nysd.uscourts.gov

      Re:    *GateGuard, Inc. v. Goldmont Realty Corp., et al.*
             Case No.: 1:20-cv-01609-AJN-GWG

Dear Judge Gorenstein:

      This office represents defendants Goldmont Realty Corp. ("Goldmont"), Leon Goldenberg and Abi Goldenberg in the above referenced action (collectively, the "Defendants"). I write in response to Plaintiffs' counsel's letter requesting that the discovery deadline be extended. Defendants respectfully oppose Plaintiffs' request as Plaintiffs' counsel has sought to mislead the Court by claiming that "several items remain" when in fact, they do not.

      As Plaintiffs' counsel notes, Goldmont's deposition was held on December 2, 2021. While Plaintiff's counsel inaccurately claims that "Goldmont's deposition was marked by numerous issues", the only issue is the tantrum that Plaintiffs' counsel threw during the deposition simply because he did not like the answers that he was receiving from the witness in response to his questioning. That is not to say that the witness did not answer the questions – he did – only that Mr. Reinitz did not feel they were the answers he expected to receive. It is respectfully submitted that Plaintiffs are not entitled to an additional deposition upon the basis that they took issue with the information provided in response to their own questioning. It should also be noted that Goldmont's witness, Abi Goldenberg has now been produced twice for depositions in this action in his individual capacity. Accordingly, Plaintiffs' counsel now seeks to have Abi Goldenberg

---

90 John Street, Suite 503, New York, N.Y. 10038
Tel: (212) 796-8914  Fax: (212) 401-4757  www.KandSllp.com

appear for a fourth deposition in this action. It is respectfully submitted that Plaintiffs are now beyond the point of an abuse of the judicial process and the same should not be countenanced by this Honorable Court.

Plaintiffs' counsel attempts to portray a false scenario that "outstanding discovery exists", however, that is simply untrue. The "issues" amount nothing more than the improper request for an additional deposition of Goldmont which Plaintiffs' counsel himself unilaterally terminated following his above-described tantrum, despite our urgence that he continue his questioning in order to complete the deposition while the witness, court reporter, videographer and all counsel were present and eagerly waiting for him to proceed. He simply cannot have it both ways – he chose to terminate that deposition of his own volition. Therefore, by his own actions the deposition has been completed. The only other item of discovery "outstanding" is the "Scanner Emails" that this Court Ordered to be produced by January 6, 2022. In an effort to closeout all potential discovery, the undersigned is producing the Scanner Emails to Plaintiffs' counsel simultaneously with the filing of this correspondence. Beyond that, there is no discovery remaining in this action and, as such, an extension of the discovery deadline is not warranted.

Plaintiffs' counsel goes on to lie to the Court in claiming that we have failed to meet and confer. However, that is the opposite of the truth. That statement is especially audacious (and belied by our own billing records) given the many, many hours he has wasted and the thousands and thousands of dollars he has cost our clients but abusing the process of meet and confer conferences often keeping us on the phone for more than an hour at a time on several different occasions reiterating his positions twenty or thirty times and continuing to ask us the same questions and to restate our position over and over again. Perhaps Plaintiffs' counsel thinks that lying to the Court in an effort to disparage the undersigned and our firm will provide him with some sort of tactical advantage in this litigation. As an officer of the Court, it is my obligation to inform that Court that a fellow officer of the Court continues to routinely engage in material misrepresentations to the Court. It is respectfully that should not allow Plaintiffs' counsel's improper conduct to continue.

I stand ready to hold a call with the Court to discuss the above should the Court so require.

We thank the Court for its consideration to the above.

Respectfully submitted,
KOSS & SCHONFELD, LLP

Jacob J. Schindelheim, Esq.

cc: Ariel Reinitz, Esq. (via ECF)