# FisherBroyles

Ariel Reinitz
*Partner*
FisherBroyles, LLP
445 Park Avenue
Ninth Floor
New York, NY 10022

Ariel.Reinitz@fisherbroyles.com
Direct: 646.494.6909

January 7, 2022

**VIA ECF**

Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *GateGuard, Inc. v. Goldmont Realty Corp., et al.*
             Case No.: 1:20-cv-01609-AJN-GWG

Dear Judge Gorenstein:

    I represent Plaintiff GateGuard, Inc. and write pursuant to the Court's Order (ECF No. 89) to respond to an argument Defendants raised in their reply brief (ECF No. 81) concerning their motion to compel arbitration.

    Defendants argue that if the Court finds that only Plaintiff's breach of contract claim (against Goldmont) is arbitrable, the Court should exercise its discretion to stay Plaintiff's fraud claim (against L. Goldenberg and A. Goldenberg) (the "Individual Defendants"). *Id*. at 15. As outlined below, the Court should *not* impose such a stay.

    Defendants' argument (that a stay of the fraud claim is warranted) is premised on the presence of "significant overlap" between the contract and fraud claims. *Id*. But no such "overlap" exists and Defendants fail to identify one.

    Plaintiff's breach of contract claim concerns *Goldmont's* failure to pay for intercom devices. ECF No. 1 at 26 (First Amended Complaint, asserting contract claim against Goldmont alone). The fraud claim concerns misrepresentations by the *Individual Defendants* regarding an investment. *Id*. at 27 (fraud claim against the Individual Defendants). Defendants fail to identify any factual or legal overlap between these claims.[1] Accordingly, there is no basis to stay the fraud claim even if the Court finds the contract claim arbitrable.

---

[1] When arguing the nonarbitrable fraud claim should be stayed at the Court's discretion, Defendants assert that "significant overlap" exists but carefully avoid explaining *why*. ECF No. 81 at 15.

# Fisher Broyles

January 7, 2022 | Page 2 of 2

  Defendants' authorities reinforce this conclusion. They highlight cases in which courts found a discretionary stay warranted where there was "significant factual overlap" or where arbitration would provide insight into "issues of law fand fact" of nonarbitrable claims. ECF No. 81 at 15.

  For example, in *Catlin Syndicate 2003 v. Traditional Air Conditioning, Inc.*, No. 17-CV-2406 (JFB)(AYS), 2018 U.S. Dist. LEXIS 109588, at *16-17 (E.D.N.Y. June 18, 2018), the court found there was "sufficient factual and legal overlap" to warrant a stay of non-arbitrable cross claims for indemnification that were "predicated on the resolution of [arbitrable] claims."

  No such "overlap" exists here. The resolution of Plaintiff's contract claim against Goldmont will have no bearing on the outcome of the fraud claim against the Individual Defendants (and vice versa).

  In view of the above, even were the Court to find the contract claim against Goldmont to be arbitrable (and further conclude Goldmont has not waived its ability to arbitrate), there would be no basis to stay Plaintiff's fraud claim against the Individual Defendants.

Respectfully submitted,<br>
By: /s/ Ariel Reinitz<br>
Ariel Reinitz

cc: Counsel of Record (via ECF)