**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
GATEGUARD, INC.,                               :
                                               :
                                   *Plaintiff,* :        Civil Case No.: 1:20-CV-01609
                            (VEC)(GWG)          :
                                               :
       - against -                             :
                                               :
GOLDMONT REALTY CORP.,                          :
LEON GOLDENBERG, ABI GOLDENBERG,               :
                                               :
                                  *Defendants.* :
                                               :
-------------------------------------------------------------X


### MEMORANDUM OF LAW IN OPPOSITION
### TO PLAINTIFF'S MOTION TO DISQUALIFY SIMCHA SCHONFELD
### AND THE FIRM OF KOSS AND SCHONFELD, LLP

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………………………………………………..…..…………………iii

PRELIMINARY STATEMENT…………..…………………………………………………..1

STATEMENT OF FACTS……………………………………………………………………3

LEGAL STANDARD………………………………………………………………..…..……4

ARGUMENT……………………………………………………...…………………………..6

   I.   GATEGUARD'S MOTION TO DISQUALIFY DEFENDANTS' COUNSEL SHOULD BE
       DENIED……………………………………………………………………………………6

          A.  NEW YORK COURTS STRONGLY DISFAVOR THE DRASTIC REMEDY
              OF DISQUALIFICATION…………………..……………………………………6

          B.  PLAINTIFF FAILS TO PROVIDE AN APPROPRIATE BASIS FOR
              DISQUALIFICATION……………………………………………………………7

          C.  BASED ON PLAINTIFF'S INTERPRETATION OF THE LAW, PLAINTIFF'S
              COUNSEL SHOULD BE DISQUALIFIED…………………………….....…..14

          D.  GATEGUARD'S PURPORTED CLAIMS AGAINST DEFENDANTS'
              COUNSEL ARE FRIVOLOUS AND CONTRIVED AS A LITIGATION
              TACTIC TO DEPRIVE DEFENDANTS OF COUNSEL OF THEIR
              CHOICE………………………………………………………………………15

  II.  THE COURT SHOULD IMPOSE LIABILITY TO PLAINTIFF PURSUANT TO 28 U.S.
       CODE 1927 FOR THE FILING OF A FRIVOLOUS DISQUALIFICATION MOTION….16

CONCLUSION……………………………………………………………………………17

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Applied Tech. Ltd. V. Watermaster of Am., Inc.,*
No. 07 CV 6620 (LTS) (DF), 2009 U.S. Dist. LEXIS 25183 (S.D.N.Y. Mar. 26, 2009)........5

*Board of Education v. Nyquist,*
590F.2d………………………………………………………………………..………..10

*Bottaro v. Hatton Assoc.,*
680 F.2d 895, 896 (2d Cir. 1982)………………………………………………………...6

*Couch v. Verizon Commc'ns,*
CIVIL 20-2151 (RJL) (D.D.C. Jul. 29, 2022)……………………………………….……14

*Daniel Gale Assoc., Inc. v. George,*
8 A.D.3d 608, 609………………………………………………………………….…...…10

*District Council 37 v. Kiok,*
71 A.D.2d 587 (1st Dep't 1979))……………………………………………………...7

*Evans v. Artek Sys. Corp.,*
715 F.2d 788, 791 (2d Cir. 1983)……………………………………………………...5

*First Hudson Fin. Grp. v. Martinos,*
812 N.Y.S2d 767,771 (Sup. Ct., N.Y. Cnty. 2005)……………………………………..6

*First Interregional Advisors Corp. v. Wolff,*
956 F. Supp. 480, 489 (S.D.N.Y. 1997)……………………………………………………5

*GateGuard v. MVI Systems et al.*
(Docket No. 19-CV-02472) (JPC)(DPF)……………………………………………...4

*Glueck v. Jonathan Logan, Inc.,*
653 F.2d………………………………………………………………………...10

*Hempstead Video, Inc. v. Incorporated Village of Valley Stream*,
409 F.3d 127,132 (2d Cir. 2005)……………………………………………..………………..5

*Lefrak v. Arabian American Oil Co*.,
527 F.2d 1136, slip op. at 1047…………………………………………………………....11

*Magnus v. Sklover*,
 95 A.D.3d at 839……………………………………………………………..……………...10

*Murray v. Metro. Life Ins. Co*.,
583 F.3d 173, 178 (2d Cir.2009)…………………………………………….…………..6

*Nimkoff Rosenfeld & Schechter, LLP v. RKO Properties, Ltd.*,
2014 WL 1201905 (S.D.N.Y. Mar. 24, 2014)…………………………………..……6,12

*Occidental Hotels Mgmt. B.V. v. Westbrook Allegro L.L.C.,*
440 F. Supp. 2d 303, 308-09 (S.D.N.Y. 2006)……………………………………....5

*Ogilvie v. McDonald's Corp.*,
294 A.D.2d 550, 742 N.Y.S.2d 897 (2nd Dept. 2002)……………………………………… 8

*Ogle v. Wells Fargo Fin. Leasing, Inc.* (*In re Agway, Inc.*),
2005 Bankr LEXIS 2945 (Bankr. N.D.N.Y. Dec. 9, 2005)…………………………………11

*Oriska Ins. Co. v. Avalon Gardens Rehab. & Health Care Ctr., LLC*,
2018 U.S. Dist. LEXIS 198448 (N.D.N.Y. Nov. 21, 2018)…………………………….…6

*Pfizer, Inc. v. Stryker Corp*.,
256 F.Supp.2d 224, 227 (S.D.N.Y. 2003)……………………………………………....10

*Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*,
687 F. Supp. 2d 381,387 (S.D.N.Y.2010)...………………………...………………………..4

*S&S Hotel Ventures Ltd. P'ship v. 777 S.H. Corp*.,
69 N.Y.2d 437, 443 (1987))………………………………………………………6,7,9,11,12

*Saftler v. Gov't Emps. Ins. Co.*,
465 N.Y.S.2d…………………………………………………………………….…7

*Smith v. Jaynes*,
2019 U.S. Dist. LEXIS 85191 (N.D.N.Y. May 21, 2019)…….………………………..….5,6

*Solow v. W.R. Grace & Co.*,
83 N.Y.2d at 308, 610 N.Y.S.2d……………………………...…………………………..8.9

*Streichert v. Town of Chester*,
2021 U.S. Dist. LEXIS 35468 (S.D.N.Y. Feb. 25, 2021)……………………………….…5

*Trimarco v. Data Treasury Corp.*,
91 A.D.3d at 757………………………………………………………………..……10

*United States v. Prevezon Holdings Ltd.*,
839 F.3d 227 (2d Cir. 2016)……………………………………………………...5

*U.S.A. v. Teman*,
(No. 19-cr-00696 (PAE) (S.D.N.Y. Jan 29, 2020) ...................................................................3

*W. T. Grant Co. v. Haines*,
531 F.2d 671, 672 (2d Cir. 1976)…………………………………………….........11

*Wissler v. Ashkinazy*,
299 A.D. 2d 352, 749 N.Y.S.2d 155 (2nd Dept. 2002)…………………………………....8

## Statutes

New York Rules of Professional Conduct 1.8……………………………………………8

New York Rules of Professional Conduct 1.9(a)……………………………………...……7

New York Rules of Professional Conduct 3.7…………………………………………9

28 U.S. Code § 1927……………………………………………………………..……....16

**PRELIMINARY STATEMENT**

Defendants Goldmont Realty Corp. ("Goldmont"), Leon Goldenberg ("Leon") and Abi Goldenberg ("Abi," collectively, "Defendants"), by and through their undersigned attorneys, hereby submit this Memorandum of Law in Opposition to Plaintiff GateGuard, Inc.'s ("GateGuard" or "Plaintiff") Motion to Disqualify Counsel.

GateGuard moves to disqualify Simcha Schonfeld[1] ("Schonfeld") and Koss & Schonfeld, LLP[2] (the "Firm") from representing Defendants in this action on two grounds: (i) Schonfeld is a purported "necessary witness" to undermine anticipated impeachment testimony relating to the GateGuard's CEO, Ari Teman's  ("Teman") criminal conviction in an unrelated matter ; and (ii) the outcome of allegations that may be made against Schonfeld regarding Teman's criminal trial may potentially require Schonfeld's disqualification and/ or discipline, if Schonfeld is found to have violated ethical and professional responsibilities.

As of this writing, neither Schonfeld nor the Firm has been served a subpoena in this action nor has Schonfeld or the Firm been advised by any party that either is the subject of any investigation or inquiry.

The Court should deny Plaintiff's motion in its entirety, as it lacks basis in fact and in law. The causes of action pending before this Court are claims of fraud as against the individual defendant. Plaintiff's claim now, for the first time, that Schonfeld is a necessary witness, is based upon speculation as to what may or may not have occurred in a single brief phone call between Schonfeld and federal prosecutors in an unrelated matter which may (or may not) be relevant to

---

[1] Referred to throughout Plaintiff's brief interchangeably as "Schonfeld" and "Schoenfeld".
[2] Referred to throughout Plaintiff's brief interchangeably as "Koss & Schonfeld" and "Koss & Schoenfeld" and "Koss & Schonfield".

rehabilitate Plaintiff's character based upon a conviction in an unrelated matter. This multi-level speculative supposition does not form a basis for disqualification.

Plaintiff creates improbable hypotheticals grounded in speculation about occurrences in matters unrelated to Teman's criminal conviction, in an effort to convince this Court that Defendants' Counsel must be disqualified. Plaintiff does not assert what, if anything Schonfeld actually *would* say if compelled to testify; rather only that he may (or may not) be aware of information that may (or may not) be privileged and may (or may not) be relevant in unrelated matters to which Plaintiff is not a party. There is no basis by which this Court could find that Schonfeld is a "necessary" witness, the standard for disqualification required by the Court of Appeals.

Plaintiff seeks to create the appearance of a conflict of interest between Schonfeld's current representation of the Defendants and his prior representation of nonparty, MVI Systems LLC ("MVI Systems") in a transactional matter. Per Plaintiff's own admission, neither Schonfeld nor the Firm currently represents MVI Systems. Furthermore, Schonfeld's previous representation of MVI Systems with respect to a transaction with a third-party has no bearing on the interests of the claims by Plaintiff of fraud as against the Defendants here. This action pertains to a purported fraud claim of which MVI Systems is not involved nor mentioned in Plaintiff's Complaint. Thus, Schonfeld's prior representation of MVI Systems and current representation of the Defendants simply does not create a conflict of interest warranting Schonfeld's disqualification.

GateGuard's effort to disqualify Schonfeld and the Firm is nothing more than an improper tactic to deprive Defendants of counsel of their choice, possibly extract discovery surrounding its separate criminal matter and force Defendants to suffer unnecessary expense and delay. For these

reasons, as discussed in greater detail below, this Court should deny Plaintiff's motion in its entirety.

## **STATEMENT OF FACTS**

The case before the Court initially began as an action whereby Plaintiff sought recovery for a multitude of claims, including breach of contract and fraud. Extensive discovery was had, documents exchanged and witnesses subpoenaed and deposed. At no time was any discovery sought from Schonfeld or the Firm, nor were any subpoenas served. Plaintiff's prior two attorneys (Reinitz and Coleman) never sought any testimony or information from Schonfeld or the Firm and did not move disqualify either. Since then, all claims have been dismissed by this Court and referred to arbitration (which Plaintiff has yet to commence) and only the claims for fraud as against the individual Defendants remain.

Plaintiff now seeks disqualification of the undersigned, because Plaintiff believes that Defendants may seek to impeach Teman at trial based upon his criminal conviction. Specifically, in 2019, the U.S. Attorney's Office for the Southern District of New York brought criminal charges against Teman, alleging that certain transactions involving GateGuard customers constituted bank and wire fraud. Following a criminal trial, Teman was convicted of four counts of bank and wire fraud in *U.S.A. v. Teman* (No. 19-cr-00696 (PAE) (S.D.N.Y. Jan 29, 2020). Plaintiff submits that since Schonfeld had a conversation with U.S. Attorneys for the S.D.N.Y prior to the criminal trial, he *may* have information relevant to Teman's defense which *may* become relevant at a retrial *if* Teman prevails on appeal and *if* Schonfeld is subpoenaed and *if* such subpoena is valid. Notably, Schonfeld was not called as a defense witness by any of Teman's defense attorneys.

Plaintiff also argues that since Schonfeld and the Firm were subpoenaed in a civil case unrelated to Plaintiff, in which one party alleged (but did not prove) that a party represented by Schonfeld engaged in a fraudulent conveyance with a third-party (not Teman or GateGuard), the representation of that client, somehow renders representation of the Defendants in this action untenable.

Insofar as Plaintiff's motion repeatedly refers to separate criminal and civil matters, some resolved, some pending in District Court, one appeal in the Second Circuit and separate arbitration matters, none of which involves a party to this action, a full recitation of the facts of those actions is unnecessarily burdensome to the Court and will be avoided. However, prior to the instant matter, Schonfeld served as counsel for MVI Systems and MVI Industries, LLC ("MVI Industries") for the limited purpose of handling a transactional sale. Both MVI Systems and MVI Industries are nonparties to this action and are not mentioned in the Complaint.

Currently, GateGuard appears to have an unrelated claim[3] against MVI Systems pending arbitration. Schonfeld and the Firm are not representing any party in that action.

In the instant matter, Plaintiff seeks to wrongfully disqualify Schonfeld and the Firm as counsel for Defendants. Plaintiff bases its argument on wild accusations and outlandish hypotheticals rather than facts and correct application of the law in a desperate attempt to convince the Court to disqualify Defendants' counsel.

## LEGAL STANDARD

In considering a motion to disqualify counsel, a court must "balance 'a client's right freely to choose his counsel' against 'the need to maintain the highest standards of the profession." *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010) (quoting

---

[3] *GateGuard v. MVI Systems et al.* (Docket No. 19-CV-02472) (JPC)(DPF).

*Hempstead Video, Inc. v. Incorporated Village of Valley Stream*, 409 F.3d 127, 132 (2d Cir.

2005)). The Second Circuit holds that disqualification of counsel is "warranted" where:

> (1) the moving party is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, the relevant privileged information in the course of his prior representation of the client."

*United States v. Prevezon Holdings Ltd.,* 839 F.3d 227 (2d Cir. 2016) (quoting *Evans v. Artek Sys.*

*Corp.,* 715 F.2d 788, 791 (2d Cir. 1983); *accord*. N.Y. Rules of Prof. Conduct 1.9(a).

Moreover, the Second Circuit has repeatedly indicated that these rules "are not to be

rigidly applied to force attorney disqualification." *Id*. at \*5-6 (citing cases). In part, this is because

disqualification is a "drastic measure" that is viewed with disfavor because it impinges on a

party's right to employ the counsel of its choice. *First Interregional Advisors Corp. v. Wolff*, 956

F. Supp. 480, 489 (S.D.N.Y. 1997) (internal citations omitted).

Accordingly, parties moving for disqualification bear a "heavy burden" and must satisfy a

"high standard of proof." *Applied Tech. Ltd. v. Watermaster of Am., Inc.*, No. 07 CV 6620 (LTS)

(DF), 2009 U.S. Dist. LEXIS 25183, at \*12 (S.D.N.Y. Mar. 26, 2009) (citing *Occidental Hotels*

*Mgmt. B.V. v. Westbrook Allegro L.L.C.*., 440 F. Supp. 2d 303, 308-09 (S.D.N.Y. 2006)).

The movant's burden is high "[b]ecause disqualification motions can often be strategically

motivated, create delay and additional expense, and interrupt attorney-client relationships…"

*Streichert v. Town of Chester*, No. 19-CV-7133 (KMK), 2021 U.S. Dist. LEXIS 35468, 2021 WL

735475, at \*5 (S.D.N.Y. Feb. 25, 2021); *Evans*, 715 F.2d at 791. "Accordingly, courts should take

a 'restrained approach' to motions to disqualify and grant them only in limited circumstances."

*Smith v. Jaynes*, No. 9:18-CV-1107 (DNH/DJS), 2019 U.S. Dist. LEXIS 85191, 2019 WL

11727238, at *3 (N.D.N.Y. May 21, 2019) (quoting *Bottaro v. Hatton Assoc.,* 680 F.2d 895, 896

(2d Cir. 1982)).

> While the Second Circuit has observed that the "trial taint" test cannot "'correct all possible
> ethical conflicts,'" it has "also noted that this laudable goal cannot be attained through
> rulings in the course of litigation without inviting the wholesale filing of motions for
> tactical reasons." <u>Bottaro</u>, 680 F.2d at 896. Therefore, "[w]here a threat of tainting the trial
> does not exist . . . the litigation should proceed, the remedy for unethical conduct lying in
> the disciplinary machinery of the state and federal bar." [<u>Id.</u>]

*Oriska Ins. Co. v. Avalon Gardens Rehab. & Health Care Ctr., LLC*, No. 6:18-CV-1030

(DNH/DEP), 2018 U.S. Dist. LEXIS 198448, 2018 WL 6074693, at *7 (N.D.N.Y. Nov. 21, 2018).

**<u>ARGUMENT</u>**

## I.   GATEGUARD'S MOTION TO DISQUALIFY DEFENDANTS' COUNSEL SHOULD BE DENIED

### A.   NEW YORK FEDERAL AND STATE COURTS STRONGLY DISFAVOR THE DRASTIC REMEDY OF DISQUALIFICATION

In view of their potential for abuse as a tactical device, motions to disqualify opposing

counsel are subject to particularly strict scrutiny. *Nimkoff Rosenfeld & Schechter, LLP v. RKO*

*Properties, Ltd.*, No. 07 CIV. 7983 DAB, 2014 WL 1201905, at *6 (S.D.N.Y. Mar. 24, 2014)

(hereinafter "Nimkoff"), (citing, *Murray v. Metro. Life Ins. Co*., 583 F.3d 173, 178 (2d Cir.2009)).

Courts are also reluctant to grant motions to disqualify because they inevitably result in delay and

added expense*. Nimkoff*, 2014 WL 1201905, at *6. Here, GateGuard's motion to disqualify

Defendants' counsel does not withstand strict scrutiny and is made solely as an improper litigation

tactic.

Courts are therefore "weary of disqualification motions," particularly because "they are

often used as part of dilatory tactics," or to gain a "tactical advantage." *First Hudson Fin. Grp. v.*

*Martinos*, 812 N.Y.S2d 767,771 (Sup. Ct., N.Y. Cnty. 2005) (citing *S&S Hotel Ventures Ltd.*

*P'ship v. 777 S.H. Corp*., 69 N.Y.2d 437, 443 (1987)) (hereinafter "*S&S Hotel Ventures*"). This is

especially true, as the Court of Appeals has cautioned, "where the Code of Professional Responsibility is invoked not in a disciplinary proceeding . . . but in the context of an ongoing lawsuit [where] disqualification of a plaintiff's law firm can stall and derail the proceedings, redounding to the strategic advantage of one party over another." *S&S Hotel Ventures*, 69 N.Y.2d at 443-44.

Critically, the "mere representation of [a party] at some earlier point would not constitute a bar" to representation of that party's adversary in the instant case. *Id.* (citing *District Council 37 v. Kiok*, 71 A.D.2d 587 (1st Dep't 1979)). Instead, absent the moving party's showing of a substantial relationship, disqualification is only warranted "upon a showing that in the prior action [counsel] had received specific confidential information substantially related to the present litigation." Id. (citing *Saftler v. Gov't Emps. Ins. Co.*, 465 N.Y.S.2d at 22).

### B.     PLAINTIFF FAILS TO PROVIDE AN APPROPRIATE BASIS FOR DISQUALIFICATION

In order for there to be a claim for disqualification of counsel, the moving party must be a former client of the adverse party's counsel. N.Y. Rules of Prof. Conduct § 1.9(a). GateGuard was never a client of Schonfeld or the Firm, so inherently there is no claim here. Alternatively, Plaintiff provides case law regarding (i) conflict of interest, (ii) necessary witness, (iii) trial taint, and (iv) advocate-witness rule in hopes of generating a basis for counsel disqualification. However, Plaintiff misinterprets the law, distorts facts, then incorrectly applies the law to these purported facts.

#### Conflict of Interest

Plaintiff alleges that Schonfeld's previous representation of MVI Systems and MVI Industries is a conflict of interest to Goldmont. As previously stated, MVI Systems and MVI Industries have no relevance to the instant matter. Furthermore, the moving party, GateGuard, has

no standing to allege a conflict on behalf of its adversary, as it was never a client of Schonfeld or the Firm and the conflict – real, imagined or otherwise - does not relate to them.

Rule 1.8 of the New York Rules of Professional Conduct provides that an attorney who represents a client in one matter cannot represent another client "in the same or a substantially related matter" whose interests are "materially adverse" to the former client's interests without the former client's consent confirmed in writing. A party seeking to disqualify an attorney on this basis must therefore establish that the former and current representations are both adverse and substantially related. *Solow v. W.R. Grace & Co.*, 83 N.Y.2d at 308, 610 N.Y.S.2d at 130 (hereinafter "*Solow*").

Schonfeld's former representation of MVI Systems and MVI Industries was strictly related to a transactional sale in which MVI Systems and MVI Industries were the only parties involved. This separate and independent business dealing is hardly "substantially related" to the instant litigation. Furthermore, Schonfeld's handling of the transactional sale is not "materially adverse" to his current representation of the Defendants. The instant matter pertains to an unrelated purported fraud claim for which Schonfeld's former clients are not involved in any capacity.

Moreover, in considering a motion to disqualify an attorney based on his or her former representation, courts also consider whether the lawyer obtained confidential information which could be disclosed or used against the former client in the current litigation's former representation, courts also consider whether the lawyer obtained confidential information which could be disclosed or used against the former client in the current litigation. *Wissler v. Ashkinazy*, 299 A.D. 2d 352, 749 N.Y.S.2d 155 (2nd Dept. 2002); *Ogilvie v. McDonald's Corp.*, 294 A.D.2d 550, 742 N.Y.S.2d 897 (2nd Dept. 2002). To that end, the Court of Appeals has upheld the denial of a motion to disqualify counsel who formerly represented an adverse party when it was clear

counsel did not retain any confidential information related to the representation. *Solow*, 83 N.Y.2d at 306, 610 N.Y.S.2d at 130.

Once again, no other client of Schonfeld or the Firm, former or current, is involved in any capacity with the instant matter. Therefore, there is no confidential information which could be disclosed or used against a former client in the current litigation's former representation.

### Necessary Witness

Under Rule 3.7 of the New York Rules of Professional Conduct, a lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a <u>significant issue of fact</u>. And where a potential witness's testimony "may be relevant and even highly useful," it is still not "strictly necessary," further eliminating any aura of a potential conflict based on future testimony. *S&S Hotel Ventures*, 69 N.Y.2d at 445-46 ("A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony, and availability of other evidence."). Indeed, as the Court of Appeals has noted, it is reversible error "to give no recognition to plaintiff's contention that [a given witness's] testimony was not material or even necessary." *Id*.

Here, Plaintiff contends that "Teman's criminal conviction will likely be relied upon heavily for impeachment purposes by counsel for Goldmont…In the context of the pending action, the rehabilitation will necessarily involve Schoenfeld's [*sic*] testimony."[4] However, as the Court in *S&S Hotel Ventures* pointed out, relevance and usefulness do not equate to necessity. Additionally, Plaintiff tries to oversignify the need of Schonfeld's testimony for *rehabilitative* purposes.

Furthermore, there is an additional basis requiring the denial of GateGuard's Motion to Disqualify. In this regard, "[i]n order to disqualify counsel [under the "advocate-witness" rule], a party moving for disqualification must demonstrate that (1) the testimony of the opposing party's

counsel is necessary to his or her case, and **(2) such testimony would be prejudicial to the opposing party.**" *Magnus v. Sklover*, 95 A.D.3d at 838-839 (emphasis added) *citing S&S Hotel Ventures.,* 69 N.Y.2d at 446; *Trimarco v. Data Treasury Corp.,* 91 A.D.3d at 757; *Daniel Gale Assoc., Inc. v. George,* 8 A.D.3d 608, 609.

Here, GateGuard has failed to demonstrate that Schonfeld has any information or relevant testimony at all, let alone testimony that is necessary to the instant case, or that such testimony would be prejudicial to the opposing party Defendants. Indeed, GateGuard has not, and cannot, submit any evidence establishing that Schonfeld's testimony would even be admissible, what it would be, what information he may or may not have or that he would have anything to offer at all. Thus, GateGuard's Motion to Disqualify Schonfeld must be denied on this alternative basis as well. *See e.g., Magnus v. Sklover*, 95 A.D.3d at 839 (the Court upheld the denial of defendants' motion to disqualify plaintiff's counsel because "the defendants failed to demonstrate that the anticipated testimony of the plaintiff's counsel was necessary to his case, or that such testimony would be prejudicial to the plaintiff.").

### Taint Case

The Second Circuit made clear that a risk of trial taint inheres in circumstances that could impair the ability of the court to reach a fair and just result. *Pfizer, Inc. v. Stryker Corp.*, 256 F.Supp.2d 224, 227 (S.D.N.Y. 2003) (discussing *Glueck.*, 653 F.2d at 750). In *Nyquist*, 590 F.2d at 1246, the Second Circuit noted  that "with rare exceptions disqualification has been ordered only in essentially two kinds of cases: (1) where an attorney's conflicts of interests in violation of Canons 5 and 9 of the Code of Professional Responsibility undermines the court's confidence in the vigor of the attorney's representation of his client, or more commonly (2) where the attorney is at least potentially in a position to use privileged information concerning the other side through prior

---

[4] Plaintiff's Mot. To Disqualify 7, para.1, Sept. 1, 2022.

representation, for example, in violation of Canons 4 and 9, thus giving his present client an unfair advantage (citations omitted*)." Ogle v. Wells Fargo Fin. Leasing, Inc.* (*In re Agway, Inc.*), Nos. 02-65872, 02-65877, 05-80135, 2005 Bankr LEXIS 2945, at *10-11 (Bankr. N.D.N.Y. Dec. 9, 2005).

Here, neither kind of situation is presented in the facts before the Court. As previously stated, no conflict of interest exists as it pertains to Schonfeld's former and current client representations. Additionally, in the instant matter, it is impossible for Schonfeld or the Firm to be placed in a position to utilize privileged information concerning the other side through prior representation because neither Schonfeld nor the Firm have ever represented GateGuard.

The business of the court is to dispose of litigation and not to act as a general overseer of the ethics of those who practice here unless the questioned behavior taints the trial of the cause before it. *Lefrak v. Arabian American Oil Co*., supra, 527 F.2d 1136, slip op. at 1047. In *W. T. Grant Co. v. Haines*, 531 F.2d 671, 672 (2d Cir. 1976), the Court held that the law firm's alleged ethical violation had not tainted the trial and that a violation of professional ethics did not in any event automatically result in the disqualification of the firm.

Not only has Plaintiff failed to establish the taint in this matter, its allegation of possible professional and ethical violation by Schonfeld are unfounded. Additionally, Plaintiff erroneously claims that Schonfeld, in its undefined term, is "related" to Samuel Taub, CEO of MVI Systems and MVI Industries. With no viable claim to stand on, Plaintiff has resorted to fabrications and conspiracy theories to purport an appearance that Schonfeld's representation somehow taints the proceedings. Even if Schonfeld were "related" in some specified way to Samuel Taub, what relevance is that to this Court? Is plaintiff suggesting that Schonfeld and Taub are family (they are not)? And if so, is it improper to represent a family member?

### Advocate-Witness Rule

The Court of Appeals has made clear that the 'advocate witness' rule must be applied

sparingly to avoid abuse and deprive litigants of counsel of their choice for strategic advantage.

*S&S Hotel Ventures*., 69 N.Y.2d 437, 442 (1987) (reversing disqualification).

As the Court of Appeals has made abundantly clear:

> [W]hether a witness "ought" to testify is not alone determined by the fact that he has
> relevant knowledge or was involved in the transaction at issue. Disqualification may be
> required *only* when it is likely that the testimony to be given by the witness is *necessary*. A
> finding of necessity takes into account such factors as the significance of the matters,
> weight of the testimony, *and availability of other evidence*. S&S Hotel Ventures, 69
> N.Y.S.2d at 445-46 (quoting J.P. Foley & Co. v. Vanderbilt, 523 F.2d 1357, 1359 (2d Cir.
> 1975)). And when weighing a disqualification motion, the Court must give "recognition" to
> plaintiff's contention as to whether a given witness's testimony is "material or even
> necessary." *Id*. It would be "curious indeed for the adversary to insist that [a witness] ought
> to be called for that client, and for a court on that basis to disqualify the firm." *Id*. at 445.

In *S&S Hotel Ventures,* the Court of Appeals also rejected defendant's argument that, even

if plaintiff did not call counsel as a witness, the defendant would, and his testimony would be

somehow prejudicial to plaintiff. GateGuard makes the same vague and conclusory contentions that

should be likewise rejected.

If GateGuard intends to call Schonfeld as a witness, it "bears the burden of demonstrating

specifically how and as to what issues in the case, the prejudice that may occur and that the

likelihood of prejudice occurring is substantial." *Nimkoff* 2014 WL 1201905, at *8. GateGuard

must demonstrate "both that the lawyer's testimony is 'necessary' and that there exists a

'substantial likelihood that the testimony would be prejudicial to the witness-advocate's client,'"-

here, Goldmont, Leon, and Abi. *Id*. Even assuming the necessity of Schonfeld's testimony,

GateGuard has failed to demonstrate a substantial likelihood of prejudice to Defendants. Instead,

GateGuard focuses mainly on the prejudice it would suffer absent Schonfeld and the Firm's

disqualification and offers only conclusory or speculative statements with respect to any prejudice to Defendants. This is insufficient and does not warrant disqualification.

GateGuard contends that the entire Firm should be disqualified because "Shoenfeld [*sic*] cannot be separated from his small seven-attorney firm."[5] Plaintiff goes on to claim that Schonfeld is a necessary witness subject to disqualification under Rule 3.7 of the New York Rules Professional Conduct which codifies the so-called "advocate-witness" rule. Once again, GateGuard's claim is without any merit.

GateGuard purports that Schonfeld is a necessary witness because Plaintiff intends to call Schonfeld to testify as to Schonfeld's communication with an Assistant U.S. Attorney regarding Teman's criminal matter. This is counter-intuitive. Plaintiff even admits "[t]he Second Circuit has not yet established a rule governing the conditions under which opposing counsel may be called as a witness."[6] Furthermore, Plaintiff intends to establish that "Schonfeld omitted to communicate material exculpatory information to the Government in order to help secure Teman's conviction,"[7] which is not even an issue in this case. Moreover, what is the alleged "material exculpatory information" to which Plaintiff refers and basis its motion? There is none alleged because none exists. To the contrary, the claims in this case relate to allegations of fraud against the Defendants, not Schonfeld.

Additionally, Plaintiff admits to trying to declare Schonfeld as a necessary witness to find out whether Schonfeld was in possession of exculpatory evidence and failed to produce this evidence in Teman's criminal trial.[8]

---

[5] Plaintiff's Mot. To Disqualify 16, para.2, Sept. 1, 2022.
[6] Plaintiff's Mot. To Disqualify 10, para.2, Sept. 1, 2022.
[7] Plaintiff's Mot. To Disqualify 1, para.1, Sept. 1, 2022.
[8] Plaintiff's Mot. To Disqualify 11, para.1, Sept. 1, 2022.

As much as Plaintiff tries to substantially relate the instant matter to its various other cases, no substantial relationship exists. The instant matter should not be used as a means for Plaintiff to generate discovery for its pending appeal in its criminal case. Schonfeld was not a witness at trial for either side, plays no role in the appeal currently pending and Plaintiff speculates that Schonfeld has unspecified "material exculpatory information" (he does not) which may be relevant to rehabilitate Teman after being crossed examined at trial on a collateral criminal conviction. These levels of speculation, without factual support and based on matters outside of the claims in this case, do not warrant the drastic relief sought by the Plaintiff.

### C.    BASED ON PLAINTIFF'S INTERPRETATION OF THE LAW, PLAINTIFF'S COUNSEL SHOULD BE DISQUALIFIED

The crux of Plaintiff's argument is that Schonfeld "is not casually acquainted with the facts [of the various cases involving GateGuard] but is rather at the center of this web of accusations and counteraccusations."[9] Much like the rest of Plaintiff's claims, this is false.

As repeatedly stated, the extent of Schonfeld's former representation of MVI Systems and MVI Industries was limited to handling a singular transactional sale not relevant to GateGuard. Neither Schonfeld nor the Firm represents any party in GateGuard's pending arbitration with MVI Systems, MVI Industries and Samuel Taub. Regarding Teman's criminal matter, Schonfeld was not called as witness for either side.

While Plaintiff would like to depict Schonfeld as some mastermind behind GateGuard's demise, that is simply untrue. As much as Plaintiff would like to believe, there is no smoking gun.

Based on Plaintiff's interpretation of the law, Plaintiff's own counsel should be disqualified. At its core, Plaintiff's argument rests on the belief that if: (i) counsel has any amount of knowledge regarding the *opposing party's* unrelated matters and (ii) counsel has previously

14

represented a client who holds a different role in an industry (e.g., vendor and consumer) then that counsel should be disqualified.

Here, Plaintiff's counsel has knowledge regarding Defendants current legal matters as stated in Plaintiff's purported statement of facts. Plaintiff's counsel has previously represented a consumer in a defamation suit[10] against a vendor, and is currently counsel of record in Teman's criminal appeal. Based upon these facts and Plaintiff's interpretation of the law, Plaintiff's counsel should be disqualified. However, his analysis is wrong and neither he nor the undersigned should be disqualified.

### D.   GATEGUARD'S PURPORTED CLAIMS AGAINST DEFENDANTS' COUNSEL ARE FRIVOLOUS AND CONTRIVED AS A LITIGATION TACTIC TO DEPRIVE DEFENDANTS OF COUNSEL OF THEIR CHOICE.

Plaintiff's motion is a disingenuous attempt to disqualify Defendants' counsel from representing Defendants in this case. GateGuard threatens frivolous litigation against Defendants' counsel to manufacture purported conflicts where none exist. This is highly improper and should not be countenanced. GateGuard describes two claims it *may* have against Schonfeld and the Firm, each of which is based on wild speculation and conspiracy theories.

First, GateGuard alleges that Schonfeld has "engaged in structuring a fraudulent conveyance to frustrate the claims of creditors in separate two lawsuits."[11] There is no basis for GateGuard's allegation. Plaintiff offers nothing more than outlandish hypotheticals to support its meritless allegation. It is, candidly, false. Moreover, these wild accusations are an attempt to create a smokescreen insofar as they have no relevance whatsoever to this action or this motion.

---

[9] Plaintiff's Mot. To Disqualify 6, para.1, Sept. 1, 2022.
[10] *Couch v. Verizon Commc'ns*, CIVIL 20-2151 (RJL) (D.D.C. Jul. 29, 2022) Eden P. Quainton previously represented Plaintiff Matthew Couch against Verizon Communications, Inc and various other parties. Case dismissed with prejudice.
[11] Plaintiff's Mot. To Disqualify 1, para.1, Sept. 1, 2022.

Second, GateGuard posits that *if* it can prove its allegations that Schonfeld violated his ethical and professional responsibilities, *then* disqualification and/or discipline would be required. Importantly, Plaintiff has no viable evidence to support its allegations. In fact, GateGuard aims to compel Schonfeld's testimony *in hopes of* acquiring evidence that would deem disqualification an appropriate action. Disqualification of counsel should not be granted without a substantiated claim.

Under the circumstances, GateGuard's allegations are premised entirely on self-serving speculation concerning collateral matters in unrelated actions, and as such, the claims are patently devoid of merit. GateGuard has contrived these frivolous claims as a tactic to deprive Defendants of counsel of their choice and impair their ability to defend this action. This should not be tolerated.

## II.   THIS COURT SHOULD IMPOSE SANCTIONS PURSUANT TO 28 U.S. CODE § 1927 FOR THE FILING OF A FRIVOULOUS DISQUALIFICATION MOTION.

Pursuant to 28 U.S. Code § 1927, "any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

As stated above, Plaintiff has openly disregarded the facts, created fact that do not exists and relied upon rank speculation and supposition in filing this motion seeking drastic relief. Plaintiff's entire motion is based on conspiracy theories, hypotheticals and contingent outcomes. Not a single claim by Plaintiff was supported by viable evidence. The purpose and result of GateGuard's motion has been to frustrate Defendants, waste judicial resources and stall the instant matter. As such, sanctions pursuant to 28 U.S. Code § 1927 are appropriate.

16

## <u>CONCLUSION</u>

For the reasons set forth herein, Defendants respectfully request the Court to (1) deny

Plaintiff's Motion to Disqualify in its entirety, and (2) impose liability to Plaintiff for

GateGuard's filing of a frivolous Motion that has no basis in law or fact.

Dated:  New York, New York
        September 30, 2022

                                        _____
                                        Simcha D. Schonfeld, Esq.
                                        **Koss & Schonfeld, LLP**
                                        160 Broadway, 8th Floor
                                        New York, NY 10038
                                        Direct Dial: (212) 796-8916
                                        *Attorneys for Defendants*

TO:   Eden P. Quainton
      **QUAINTON LAW, PLLC**
      2 Park Avenue, 20th Floor
      New York, NY 10016
      (212) 419-0575
      *Attorneys for Plaintiff*

17