UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GATEGUARD INC.,                                 Civil Case No.: 1:20-cv-01609 (VEC)(GWG)

                           *Plaintiff*,

                                Hon. Valerie E. Caproni

   - against -

                                DEFENDANTS' STATEMENT
GOLDMONT REALTY, CORP.,                PURSUANT TO RULE 56.1
LEON GOLDENBERG and
ABI GOLDENBERG

                       *Defendants*.
------------------------------------------------------------X

Pursuant to Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Defendants LEON GOLDENBERG ("Leon"), and ABI GOLDENBERG ("Abi"; Goldmont, Leon and Abi referred to collectively as "Defendants") by and through their undersigned attorneys, Koss & Schonfeld, LLP, submit the within Statement of Material Facts as to which there is no genuine issue to be tried:

## The Parties

Defendants Leon, and Abi

1. Defendant Leon is a natural person residing in the State of New York, County of Kings.

2. Defendant Abi is a natural person residing in the State of New York, County of Kings.

Plaintiff GATEGUARD, INC. ("GateGuard")

3. Plaintiff GateGuard is a foreign corporation existing under the laws of the State of Delaware having a place of business at 5 Penn Plaza #2372, New York, NY 10001 (Ex. A at ¶10).

4. Ari Teman ("Teman") is the CEO of GateGuard (Ex. A at ¶17).

Plaintiff's Introduction to Defendants

5. Sometime in 2018, Abi and Teman began discussing a potential arrangement whereby GateGuard would provide intercom devices and related services at properties owned and /or managed by Goldmont (Ex. F at 36:10-18).

6. On or about March 7, 2019, Teman met with Leon and Abi to discuss Leon investing in Friend or Fraud, an entity that is not a party to this action (Ex. F at 61:19-24).

7. Teman testified that only Leon, and not Abi and Goldmont, were parties to a purported investment discussion (Ex. F at 57:7-14; 70:6-13; 72:2-9).

8. In an email dated March 13, 2019, six days after the meeting, Leon informed Teman that he would not proceed with any potential investment (Ex. F at 79:9-25).

9. On January 29, 2020, Teman was convicted of two counts of bank fraud and two counts of wire fraud in the action *USA v. Teman*, 1:19-cr-00696-PAE (Ex. E).

10. On August 5, 2021, Teman, on behalf of GateGuard, was deposed (Ex. F).

11. Teman testified that there was never a written investment agreement, the terms were never fully agreed to, and the damages alleged were not related to the fraud alleged (Ex. F at 63:13-18).

12. Teman testified that the costliest expenditures, the hirings of two employees, took place on February 24, 2019, prior to the purported agreement that GateGuard alleges to have been reached with Leon. (Ex. F at 85:6-14).

13. Teman further testified that the only activity he could identify as having been undertaken between March 7th and March 13th of 2019 was advertising in the Real Deal (Ex. F at 83:7-10).

14. Teman offered no testimony or evidence of a specified amount that GateGuard alleged to have incurred from purported advertising.

Procedural History

15. On December 4, 2019, Plaintiff commenced an action in the Supreme Court of the State of New York, New York County, captioned *GateGuard, Inc. v. Goldmont Realty Corp. et al*, Index No. 657197/19.

16. Defendant Abi was not a named defendant in the initial complaint filed in the state court action.

17. On January 12, 2020, the undersigned moved to dismiss the Complaint for failure to state a claim insofar as it related to Defendant Leon.

18. Plaintiff did not oppose the motion.

19. Following the return date of the motion to dismiss, on February 1, 2020, Plaintiff filed an amended Complaint (Ex. A).

20. The Amended Compliant added Abi as a defendant.

21. Following the filing of the Amended Compliant, the state court *sua sponte* denied the motion to dismiss as moot.

22. On February 24, 2020, Defendants filed a notice of removal to this Court.

23. Pursuant to this Court's February 15, 2022 Order, the majority of Plaintiff's claims were dismissed and referred to arbitration (which Plaintiff has yet to commence) and only the claims for fraud as against the Leon and Abi remain (Docket # 101).

24. Pursuant to this Court's February 15, 2022 Order, there are no claims against defendant GOLDMONT REALTY, CORP. pending before this Court.

25. On September 1, 2022, Plaintiff filed a motion to disqualify Defendants' Counsel (Docket # 126).

26. Defendants filed its opposition to the motion to disqualify on September 30, 2022 (Docket 134).

27. On November 11, 2022, Honorable Judge Gabriel W. Gorenstein issued a Decision and Order denying Plaintiff's motion to disqualify and stated that Plaintiff's motion qualified for sanctions pursuant to Fed. R. Civ. P. 11 (Docket # 140).

28. On December 28, 2022, Defendants submitted a letter to Plaintiff providing notice of Defendants intent to move for sanctions pursuant to FRCP 11.

29. No response has been forthcoming as of the date of this submission.

Dated: New York, New York
February 9, 2023

Respectfully submitted,

_____
Simcha D. Schonfeld, Esq.
Breana Harris, Esq.
**Koss & Schonfeld, LLP**
160 Broadway, 8th Floor
New York, NY 10038
Direct Dial: (212) 796-8916
*Attorneys for Defendants*
GOLDMONT REALTY CORP.,
LEON GOLDENBERG, and
ABI GOLDENBERG