**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
GATEGUARD, INC.,                                  :
                                                  :
                              *Plaintiff,*         :     Civil Case No.: 1:20-cv-01609
                                                  :     (VEC)(GWG)
                                                  :
                      - against -                 :     DEFENDANTS' MEMORANDUM
                                                  :     OF LAW IN SUPPORT OF THEIR
                                                  :     MOTION FOR SUMMARY
                                                  :     JUDGMENT
GOLDMONT REALTY CORP.,                             :
LEON GOLDENBERG, ABI GOLDENBERG,                   :
                                                  :
                              *Defendants.*        :
-------------------------------------------------------------X

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………………………………………………………………..iii

PRELIMINARY STATEMENT…………………………………………………………………1

STATEMENT OF FACTS ........................................................................................... 1

LEGAL STANDARD……………………………………………………………..……4

ARGUMENT……………………………………………………………………….……..5

      I.   PLAINTIFF ADMITTED THAT THERE IS NO BASIS FOR LIABILITY
AGAINST DEFENDANTS………………………………………………………...5

           A.   <u>Plaintiff admitted there was never an agreement between GateGuard
and Abi</u> …..………………………………………………………....5

           B.   <u>Plaintiff admitted there was never an agreement between GateGuard and
Leon</u> …………………………..………………………………..…..7

     II.  THE ALLEGATIONS AGAINST ABI AND LEON FAIL AS A MATTER OF
LAW…………………………………………………………...……..9

           A.   <u>There is No Basis for Liability Against Abi</u> …………………………..9

           B.   <u>There is No Basis for Liability Against Leon</u> ……………….…..…………10

     III. NO DAMAGES RESULTED FROM ANY ALLEGED
FRAUD……………………………………………………………...…13

CONCLUSION…………………………………………………………………..…16

# TABLE OF AUTHORITIES

CASES

*AB v. Rhinebeck Cent. Sch. Dist.,*
361 F. Supp. 2d 312, 316 (SDNY 2005) ……………………………………….…..... 7

*Adams v. Clark*,
239 N.Y. 403, 410, 146 N.E. 642 (1925)…………………………………………………10

*Amaker v. Foley*
274 F.3d 677, 680-81 (2d Cir. 2001)………………………………………………….…..4

*Allied Industries, Inc. v. Rohr Industries, Inc.*,
748 F.2d 729, 737 (2d Cir. 1984) ................................................................................ 12

*Anderson v. Liberty Lobby, Inc.*
477 U.S. 242, 249-50 S. Ct. 2505, 2510 (1986)……………………………………….4

*Cash v. Titan Financial Services, Inc.*,
58 A.D.3d 785, 788 (2nd Dept. 2009)……………………………………………….…… 13

*Celotex Corp. v. Catrett*
 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)………………………..4

*Cerabono v. Price,*
7 A.D.3d 479, 480 (2d Dep't 2004)……………………………………………….....…. 10

*Cohen v. Koenig,*
25 F.3d 1168, 1172 (2d Cir. 1994) ............................................................................ 9

*Deutsche Bank Natl. Trust Co. v. Sinclair,*
68 A.D.3d 914, 916 (2d Dep't 2009)………………………………………………….. 10

*Escoett & Co. v. Alexander & Alexander, Inc.,*
31 A.D.2d 791, 791, 296 N.Y.S.2d 929, 929 (1st Dep't 1969) ...................................... 8

*Eurycleia Partners, LP v. Seward & Kissel, LLP*
12 N.Y.3d 553 (2009)……………………………………………………………….9,10

*Giurdanella v. Giurdanella*
226 A.D.2d 342, 343 (2nd Dept. 1996)………………………………………………….13

*Green v. Mount Sinai Health Sys.,*
No. 17-CV-3999 (VEC), 2019 U.S. Dist. LEXIS 155908, at *5 (SDNY 2019) ...............…….….... 4

*Hyosung Am., Inc. v. Sumagh Textile Co.*,
137 F.3d 75, 78 (2d Cir. 1998) .................................................................... 12

*Keywell Corp. v. Weinstein*,
33 F.3d 159, 164 (2d Cir. 1994) ................................................................. 12

*Maier-Schule GMC v. General Motors Corp.*,
154 F.R.D. 47, 60 (W.D.N.Y. 1994)…………………………………………………15

*Mallis v. Bankers Trust Co.*,
615 F.2d 68, 80-81 (2d Cir. 1980) .............................................................. 12

*Marseille v. Mount Sinai Health Sys.*
No. 18-CV-12136 (VEC), 2021 U.S. Dist. LEXIS 147442, at *8 (SDNY 2021) ……................ 4

*Orlin v. Torf*,
126 A.D.2d 252, 254, 513 N.Y.S.2d 870, 872 (3d Dep't 1987) .................... 8

*Ryan Ready Mixed Concrete Corp. v. Coons*,
25 A.D.2d 530, 530, 267 N.Y.S.2d 627, 629 (2d Dep't 1966) .................... 8

*Schumaker v. Mather*,
133 N.Y. 590, 596, 30 N.E. 755, 757 (N.Y. 1892) .................................... 12

*Scotto v. Almenas*,
143 F.3d 105, 114 (2d Cir. 1998)…………………………………………………4

*Shaw v. Rolex Watch*
U.S.A., Inc., 673 F. Supp. 674 (SDNY 1987) …………………………………... 8

*Sista v. CDC Ixis N. Am., Inc.*,
445 F.3d 161, 169 (2d Cir. 2006)…………………………………………………4

*Thomas v. Westchester County Health Care Corp.*,
232 F. Supp. 2d 273 (SDNY 2002) .............................................................. 7

STATUTES

Fed. R. Civ. P. 56…………………………………………………………………… 1

Fed. R. Civ. P. 56(a)……………………………………………………………….... 4

Fed. R. Civ. P. 56(c)……………………………………………………………….... 4

Fed. R. Civ. P. 56(e)……………………………………………………………… 3

## PRELIMINARY STATEMENT

Defendants LEON GOLDENBERG ("Leon"), and ABI GOLDENBERG ("Abi"; Leon and Abi referred to collectively as "Defendants"), by and through their attorneys, Koss & Schonfeld, LLP, respectfully submit this memorandum of law in support of their motion, brought pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an Order:

    a)    Granting Summary Judgment as to Plaintiff's claims as against the Defendants and dismissing the allegations set forth against them in the Amended Complaint; and

    b)    Granting other and further relief as the Court may deem just and proper.

The case before the Court initially began as an action whereby Plaintiff sought recovery for several claims, including breach of contract and fraud. The majority of Plaintiff's claims have been dismissed by this Court and referred to arbitration (Ex. D). All that remains are claims for fraud against Abi and Leon. These claims should also be dismissed.

## STATEMENT OF FACTS

Plaintiff is in the business of selling and servicing intercoms for multi-family properties. Defendants are real estate owners and operators. Plaintiff alleges that GOLDMONT REALTY CORP. ("Goldmont") entered into a contract for the purchase and installation of intercom devices (the "Contract"). The validity, enforceability and provisions of the Contract are in dispute.

This action was initially commenced by Plaintiff in state court, seeking recovery for breach of contract against Goldmont and Leon Goldenberg. On or about February 1, 2020, Plaintiff filed a Verified First Amended Complaint (the "Amended Complaint"), adding Abi as a defendant and adding as cause of action for fraud against Leon and Abi (Exhibit A). A Notice of

Removal to this Court was filed on February 24, 2020 (Exhibit B). Defendants filed their Answer, previously filed in the state court action, with this Court on June 16, 2021 (Exhibit C).

With respect to the claims against Leon and Abi, Plaintiff alleges that they each agreed to "make a substantial financial investment into GateGuard" of up to $1 million (Exhibit A at ¶¶ 42-43). During the course of discovery, Ari Teman was deposed on behalf of the Plaintiff (Exhibit F). During his testimony, he confirmed that the claims for fraud as against Leon and Abi are without merit as a matter of law. Specifically, Teman testified that that only Leon was a proposed party to the potential investment agreement with GateGuard (Ex. F at 57:7-14; 70:6-13; 72:2-9). Teman's sworn testimony confirms that Abi never agreed to make any investment, and is itself dispositive.

Teman also testified that Leon agreed to invest money into "Friend or Fraud", a non-party, and not GateGuard (Ex. F at 61:19-24). Additionally, GateGuard alleges that it undertook "specific business activities including hiring staff, contracting for product manufacturing and office space, and promotional activities" based on a May 7, 2019 meeting with Leon and Abi (Ex. A at ¶21; ¶50). However, Teman testified that six days after the alleged meeting, he received an email from Leon stating Leon would not be investing in GateGuard, and during those six days, the only expense that GateGuard allegedly incurred was advertising in the Real Deal for an unspecified amount (Ex. F at 83:7-1).

While Plaintiff alleges to have "reasonably relied" upon Abi and Leon's purported representations, Teman admitted under oath that there was never a final agreement, the terms (which he could not recall with specificity) were never fully agreed to, and the damages claimed were not the result of the fraud alleged (Ex. F at 63:13-18).

Following discovery, defendants filed a motion to compel arbitration, based upon a clause set forth in the Contract. By Opinion and Order dated February 15, 2022, Magistrate Gabriel W. Gornstein granted the motion, granted the motion, ordering that the claim for breach of contract proceed to arbitration and that the fraud claim brought solely against Leon and Abi will proceed in this Court (Docket # 101, Exhibit D). As of the date hereof, Plaintiff has not commenced arbitration proceedings.

Following the close of discovery, Plaintiff moved for an order disqualifying the undersigned as counsel for defendants. In an Opinion and Order dated November 21, 2022, Magistrate Gornstein denied the motion, calling Plaintiff's arguments "not readily discernable" that "elude easy comprehension" (Exhibit G at page 6). Magistrate Gornstein noted in footnote 3 to his Opinion, that the motion itself was frivolous and could have been the subject of Rule 11 sanctions.

The only cause of action currently pending before this Court is the fraud claim as against both Leon and Abi. Goldmont has been dismissed form this action and, as such, is not a movant. Leon and Abi now move for summary judgment with respect to the fraud claims.

## **LEGAL STANDARD**

To succeed on summary judgment, a movant must show that "there is no genuine dispute as to any material fact and [that he] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Amaker v. Foley*, 274 F.3d 677, 680-81 (2d Cir. 2001); *Marseille v. Mount Sinai Health Sys.*, No. 18-CV-12136 (VEC), 2021 U.S. Dist. LEXIS 147442, at *8 (SDNY 2021).

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is warranted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the moving party meets its initial burden of demonstrating the absence of a disputed issue of material fact, the burden shifts to the nonmoving party to present "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Green v. Mount Sinai Health Sys.,* No. 17-CV-3999 (VEC), 2019 U.S. Dist. LEXIS 155908, at *5 (SDNY 2019) (citing *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006). The nonmoving party may not then rely solely on "conclusory allegations or unsubstantiated speculation" in order to defeat a motion for summary judgment. *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998). If the evidence favoring the nonmoving party is "merely colorable . . . or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 S. Ct. 2505, 2510 (1986) (internal citations omitted).

4

<u>ARGUMENT</u>

## I. PLAINTIFF ADMITTED THAT THERE IS NO BASIS FOR LIABILITY AGAINST DEFENDANTS.

Plaintiff's own admissions definitively dispose of its remaining claims and establish that Defendants were not liable in any capacity whatsoever to GateGuard. During Teman's deposition, he made it abundantly clear that no agreement – actual, potential, real, imagined or otherwise – ever existed between Plaintiff and Defendants. Teman also admitted that no discussion took place regarding a possible investment agreement between Plaintiff and either of the Defendants.

A.   <u>Plaintiff admitted there was never an agreement between GateGuard and Abi.</u>

Plaintiff alleges in ¶43 of the Amended Complaint that "Defendant Abi also represented to Teman that he (Abi) would participate in making a substantial financial investment into GateGuard, such investment totaling no less than $1 million dollars." Yet, Teman repeatedly testified that the only person who ever agreed to make any investment was Leon, and *not* Abi (Ex. F at 57:7-14; 70:6-13; 71:15-21; 72:2-13).

The following exchange appears on page 57 of the transcript of Teman's deposition (Exhibit F):

> Who, specifically, was going to invest the money, was it Abi Goldenberg, Leon Goldenberg, Goldmont, or something else?
> A.    It was going to Leon Goldenberg. Whether or not he put it in an LLC or something, it would have been up to him, you know, as many investors of funds do. But it was very clear it was Leon Goldenberg.

On page 70 of his deposition, Teman testified as follows:

> Q.    Okay.  Mr. Teman, my question was
> very specific.  It was, other than Leon
> Goldenberg, did anyone else ever agree to
> invest part of that million dollars?
> A.    No.  Other than, as I'm saying, Abi
> Goldenberg and Yechiel Bromberg representing
> and confirming to me that Leon was making the
> million dollar investment.

On page 71 of his deposition, Teman testified as follows:

> Q.    Let me just ask my question again.
> Did you have an agreement between yourself or
> GateGuard and any individual person other than
> Leon Goldenberg?
> A.    No.  The investment agreement was
> made between myself and Leon Goldenberg, face
> to face --

Teman emphasizes that Leon, and not Abi, was an alleged party to a purported

agreement. On page 72 of his deposition, Teman testified as follows:

> Q.    Okay.  Thank you.  Now, after that
> meeting that you had at the office of Omni, you
> then understood that you had an agreement with
> Mr. Goldenberg; correct?
> A.    No.  I Understood I had an
> agreement -- first of all, it should be clear
> it was Leon Goldenberg, because there's two Mr.
> Goldenbergs.  I understood that I had that
> agreement at Goldenberg's office.  That
> predated the Omni meeting.  And that
> understanding was confirmed multiple times by
> the -- as I've already explained.

6

The sworn testimony of Teman confirms without question that the allegations against Abi set forth in the Amended Complaint are categorically false, and therefore should be dismissed. That is, Teman testified repeatedly, emphatically and unequivocally, that Abi never proposed to invest any sums of money in GateGuard. As such, the claims of fraud as against Abi, which rely exclusively on the claim that Abi "would participate in making a substantial financial investment into GateGuard, such investment totaling no less than $1 million dollars" fail as a matter of law.

In light of the forgoing, it is respectfully submitted that the claims against Abi should be dismissed. *See AB v. Rhinebeck Cent. Sch. Dist.*, 361 F. Supp. 2d 312, 316 (SDNY 2005) ("just as the court should not accept an affidavit that contradicts deposition testimony, it should also not allow inconsistent allegations made in a complaint to defeat summary judgment in the face of contradictory testimony either"); *Thomas v. Westchester County Health Care Corp.*, 232 F. Supp. 2d 273 (SDNY 2002) ("Faced with [a] confounding contradiction [between the plaintiff's allegations in her complaint and her sworn testimony], the Court has no basis for accepting as true the vague statements in [the] complaint as opposed to [the plaintiff's] sworn testimony").

B.  Plaintiff admitted that there was never an agreement between GateGuard and Leon.

GateGuard alleges in ¶ 42 of its Amended Complaint that Leon "would participate in making a substantial financial investment *into GateGuard*, such investment totaling no less than $1 million dollars" (Ex. A at ¶42) (emphasis added). However, Teman testified that the purported agreement with Leon was that he would invest money into "Friend or Fraud", a nonparty, and not GateGuard (Ex. F at 61:19-24; 62:8-12).

On Page 61 of his deposition, Teman testified as follows (Exhibit F):

> Q.    We're not doing any math.  The 20
> percent was that of your interest in Friend or
> Fraud, or was that 20 percent of GateGuard,
> Inc.?
>         A.    It was Friend or Fraud.  The
> investment would have been the parent company.

On Page 62 of his deposition, Teman testified as follows:

> Q.    Okay.  But the investment was going
> to be made in Friend Or Fraud and that's how
> they would have their interest in GateGuard;
> correct?
>         A.    Yeah.

Thus, by Teman's own admission, Leon never agreed to invest in GateGuard; rather according to Teman's own testimony, Leon agreed to invest money into "Friend or Fraud", not GateGuard. Taking Teman's testimony as true for the purposes of this motion, GateGuard, by way of Teman's sworn testimony, admitted that the allegations set forth in its Amended Complaint against Leon are indubitably untrue. That is, Teman now claims that the purported pledge to invest as alleged in the Amended Complaint, was made to an entity that is not a party, and not to the Plaintiff. As this court held in *Shaw v. Rolex Watch, U.S.A., Inc.*, 673 F. Supp 674 (SDNY 1987) "New York courts have consistently held that a claim of fraud will not lie when premised on the reliance of a third party" *citing Orlin v. Torf*, 126 A.D.2d 252, 254, 513 N.Y.S.2d 870, 872 (3d Dep't 1987), *Escoett & Co. v. Alexander & Alexander, Inc.*, 31 A.D.2d 791, 791, 296 N.Y.S.2d 929, 929 (1st Dep't 1969), and *Ryan Ready Mixed Concrete Corp. v. Coons*, 25 A.D.2d 530, 530, 267 N.Y.S.2d 627, 629 (2d Dep't 1966).

In light of the forgoing, the claims of fraud as against Leon, which rely exclusively on the claim that Leon "would participate in making a substantial financial investment *into GateGuard*" (emphasis added) fail as a matter of law.

## II.  THE ALLEGATIONS AGAINST ABI AND LEON FAIL AS A MATTER OF LAW.

A fraud claim requires that: (1) defendant made a false representation of fact; (2) defendant was aware of the falsity; (3) the misrepresentation was made with the purpose of inducing plaintiff's reliance; (4) that plaintiff's reliance was justifiable; and (5) plaintiff suffered injury as a result. *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 12 N.Y.3d 553, 559 (N.Y. 2009).

The evidence produced during discovery demonstrates that the claims against the individual Defendants fail as a matter of law. As shown above, by Plaintiff's own admissions, Abi and Leon never represented that they would enter into an agreement with GateGuard nor did Plaintiff have any reason to rely on these admittedly nonexistent representations. (Ex. F at 57:7-14; 61:19-24; 62:8-12; 70:6-13; 71:15-21; 72:2-13).

### A.   There is No Basis for Liability Against Abi

Plaintiff's claim against Abi is expressly refuted by Plaintiff's own admissions. As stated above, Teman emphasized that Abi was not involved in a purported investment agreement with GateGuard (Ex. F at 72:2-13).

The elements of a fraud claim under New York law are: (1) a misrepresentation, (2) as to a material fact, (3) which was false, (4) and known to be false by the defendant, (5) that was made for the purpose of inducing the plaintiff to rely on it, (6) that the plaintiff did so rely, (7) in ignorance of its falsity, (8) to his detriment. *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994).

Based on Teman's own admissions, Abi did not take any actions that satisfy the criteria for a fraud claim. Plaintiff conceded that Abi never made any pledge to invest any money in any entity, and has produced no evidence to support the bare assertion against Abi set forth in the Amended Complaint. Moreover, GateGuard could not have relied upon fraudulent actions that did not occur. Thus, in addition to the reasons stated in Point I above, Plaintiff's claim against Abi fails to meet any of the criteria necessary to sustain a claim for fraud as a matter of law.

      B.    <u>There is No Basis for Liability Against Leon</u>

To sustain a claim based on fraud under New York law, "a plaintiff must allege a material misrepresentation of an existing fact." *Eurycleia Partners*, 12 N.Y.3d at 559, 883 N.Y.S.2d 147, 910 N.E.2d 976. "Mere promissory statements as to what will be done in the future, are not actionable." *Adams v. Clark*, 239 N.Y. 403, 410, 146 N.E. 642 (1925) (internal citations omitted). A fraud claim "must be based upon a misrepresentation of an existing fact," and not "upon an expression of future expectations." *Deutsche Bank Natl. Trust Co. v. Sinclair*, 68 A.D.3d 914, 916 (2d Dep't 2009). The failure to fulfill an alleged promise as to what a defendant will do in the future is not actionable as fraud. *Cerabono v. Price*, 7 A.D.3d 479, 480 (2d Dep't 2004).

Here, Plaintiff's fraud claim fails for several reasons. First, in its Amended Complaint, Plaintiff alleges to have relied on Leon's promissory statement of future investment (Ex. A at ¶¶42; 49). New York courts have made it clear that promissory statements regarding the future are not actionable.

Second, Plaintiff does not identify any misrepresentation of fact made by Leon that GateGuard could have reasonably relied upon. In fact, as demonstrated above, Plaintiff admitted that no agreement ever existed between GateGuard and Leon nor were any discussions had regarding Leon possibly investing in GateGuard (Ex. F 61:19-24).

Finally, no agreement was ever finalized between GateGuard and Leon. When asked about the details regarding the purported investment agreement, Teman was unable to provide terms, conditions, percentages allegedly agreed upon, or equity amounts.

On page 62 of his deposition, Teman testified as follows (Exhibit F):

> Q.   And were there any terms with
> respect to this investment relating to
> distributions, for example, were they entitled
> to a preferred return or anything like that?
> A.   Yeah.
> Q.   Okay.  What were those terms?
> A.   I couldn't tell you off the top of
> my head.  But in general every round gets
> preference over the next round.  So if there's
> another round, they get preference and they
> would get preference for leading the round.

Throughout his painstaking testimony, Teman could not explain what exactly was agreed to with respect to the terms of the investment. Specifically, he could not assert the priority of distribution, whether there was a preferred return, or even whether the "investment" would result in 20% equity, 17% equity or something else (see Exhibit F pages 54-74). Teman also testified that attorneys for Defendants would prepare the paperwork necessary to formalize the "investment" but that never happened, and no agreements were ever drafted, let alone signed (Exhibit F at 73-74).

If, and to the extent that GateGuard alleges to have relied on Leon's purported statements, any such reliance would be without justification. That is, insofar as no specific terms were finalized, and, more importantly, no agreement was ever drafted and circulated, taking action with respect to a seven-figure investment without so much as an agreed term sheet setting

11

forth its basic terms (see Exhibit F at 63:13-18), could not constitute justifiable reliance under any reasonable interpretation thereof. *See Hyosung Am., Inc. v. Sumagh Textile Co.*, 137 F.3d 75, 78 (2d Cir. 1998) ("justifiable reliance will not be found in cases in which plaintiff was placed on guard or practically faced with the facts").

In *Mallis v. Bankers Trust Co*., 615 F.2d 68, 80-81 (2d Cir. 1980), the Second Circuit, citing *Schumaker v. Mather*, 133 N.Y. 590, 596, 30 N.E. 755, 757 (N.Y. 1892), held that "where a plaintiff has the means of knowing, by the means of ordinary intelligence, the truth, or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations." In *Keywell Corp. v. Weinstein*, 33 F.3d 159, 164 (2d Cir. 1994), the Second Circuit, quoting *Allied Industries, Inc. v. Rohr Industries, Inc.*, 748 F.2d 729, 737 (2d Cir. 1984) noted that "'where sophisticated businessmen engaged in major transactions enjoy access to critical information but fail to take advantage of that access, New York courts are particularly disinclined to entertain claims of justifiable reliance.'"

Teman testified that he believed GateGuard to have had a valuation of $25 million at the time of the alleged investment discussions (Exhibit F at 59:10-21). Certainly, a person who built and operated a company of that [purported] value, is a sophisticated businessman. Regardless of which standard is applied, however, GateGuard's alleged reliance on the discussions he had with Leon cannot be deemed justifiable.

Teman certainly had the knowledge, wherewithal, business acumen and "ordinary intelligence" to understand that a purported agreement, never even reduced to an informal term sheet, never memorialized in any written or even electronic form, and for which he was expecting - but never received – documents to review and execute, should not be relied upon.

Moreover, Teman's testimony that he was expecting "an industry standard[1] agreement, the type you find on a Y Combinator website" (Exhibit F at 3:9-15) renders his acting prior to receiving such documents, all the more puzzling. Certainly, Teman himself could have created this document by using that same website he was supposedly expecting Leon's counsel to use, before GateGuard began to rely upon a million-dollar unfunded and undocumented pledge.

In light of the forgoing, it is clear that Plaintiff is unable to sustain its burden with respect to the fraud claim as against Leon as a matter of law. Leon made no specific false representations, no formal agreement was ever reached, no terms were ever finalized and the documentation that Teman claims he was waiting for, was never drafted. As such, no fraud occurred and any reliance, if at all, could not be deemed reasonable.

## III. NO DAMAGES RESULTED FROM ANY ALLEGED FRAUD.

It is well settled that in order to sustain a cause of action for fraud, a plaintiff must demonstrate that said plaintiff was injured as a result of the defendant's representations. *Giurdanella v. Giurdanella,* 226 A.D.2d 342, 343 (2nd Dept. 1996); *Cash v. Titan Financial Services, Inc.*, 58 A.D.3d 785, 788 (2nd Dept. 2009).

Plaintiff failed to produce any evidence whatsoever to corroborate its claims that it was actually injured as a result of Leon's representations. In fact, Teman testified that in an email from Leon dated March 13, 2019, Leon stated that he would not be investing in GateGuard (Ex. F at 79:9-25). According to ¶19 of the Amended Complaint, Plaintiff and Defendants' meeting

---

[1] To be sure, this testimony strains credulity. An investment of $1 million, in a $25 million company, which payment was to be made immediately and in one shot (Exhibit F at 62:24-63:1) is far from a standard business arrangement that can be memorialized in a form pulled from the internet.

took place on March 7, 2019, which was a Thursday. That leaves only a six-day period, which

includes a weekend, that could possibly be the subject of damages if fraud is proven. Yet, Teman

testified that GateGuard's largest expenditures, the hirings of two employees, took place on

February 24th (Ex. F at 85:6-14).

On page 85 of his deposition, Teman testified as follows (Exhibit F):

> Q.    And so -- and, again, what was the
> specific date that you hired the first person,
> specifically, in reliance on the agreement with
> Leon Goldenberg?
>                  MR. REINITZ:  Objection, asked
> and answered.
>                  THE WITNESS:  I think Levi was
> February 24, and Mr. Shachor was around the
> same time, plus or minus a day.  Again, to be
> clear, like, when the document was signed and
> countersigned, it was after the meetings with
> Leon.

Teman further testified that the only activity he could identify as having been

undertaken between March 7th and March 13th was advertising in the Real Deal (Exhibit F at

83:7-10).

On page 83 of his deposition, Teman testified as follows:

> Q.    Which specific activities were
> undertaken on or after March 7, 2019?
> A.    I believe the real deal advertising
> kicked off on March 12.  But the hiring, the
> office, even the negotiating of the advertising
> was based on the meeting in Leon Goldenberg's
> office with Leon and Abi and the confirmations
> that they gave me.

Thus, Teman's damages are, at most, *de minimis*.

 "[A] defendant may prevail on a motion for summary judgment where the plaintiff fails to provide evidence of damages, especially where damages are an essential element of a cause of action, such as breach of contract." *Maier-Schule GMC v. General Motors Corp*., 154 F.R.D. 47, 60 (W.D.N.Y. 1994). In *Maier-Schule GMC v. General Motors Corp*, the court found the plaintiffs' evidence was insufficient to defeat summary judgment when it consisted solely of self-serving testimony unsupported by admissible evidence. *Id*. The court concluded that "defendants met their summary judgment burden by indicating that plaintiff did not have a sufficient factual basis for its damages claims." *Id*.

Because Plaintiff cannot identify either a misrepresentation of fact made by the individual Defendants, or any damages compensable in a claim for fraud, its fraud allegations fail as a matter of law and must be dismissed.

## **CONCLUSION**

The facts, evidence and testimony produced during discovery confirm that the claims against the Defendants fail as a matter of law. Defendants have committed no wrongful acts against Plaintiff and Plaintiff has sustained no damages as a result of any wrongdoing by the Defendants. Therefore, and for the reasons set forth above, Defendants respectfully submit that their motion for summary judgment should be granted in its entirety and that the Court grant such other and further relief as it deems just and proper.

Dated: New York, New York
      February 9, 2023

                    Respectfully submitted,

                    Simcha D. Schonfeld, Esq.
                    Breana Harris, Esq.
                    **Koss & Schonfeld, LLP**
                    160 Broadway, 8th Floor
                    New York, NY 10038
                    Direct Dial: (212) 796-8916
                    *Attorneys for Defendants*
                    GOLDMONT REALTY CORP.,
                    LEON GOLDENBERG, and
                    ABI GOLDENBERG