UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GATEGUARD INC.,                                : Civil Case No.: 1:20-cv-01609
                                               : (VEC)(GWG)
      Plaintiff,                               :
                                               : Hon. Valerie E. Caproni
      - against -                              :
                                               : DEFENDANTS' RESPONSE
GOLDMONT REALTY, CORP.,                        : TO PLAINTIFF'S STATEMENT
LEON GOLDENBERG and                            : PURSUANT TO RULE 56.1
ABI GOLDENBERG                                 :
                             Defendants.    :
----------------------------------------------------------------X

        Defendants LEON GOLDENBERG ("L. Goldenberg"), and ABI GOLDENBERG ("A. Goldenberg"; L. Goldenberg and A. Goldenberg referred to collectively as "Defendants") by and through their undersigned attorneys, Koss & Schonfeld, LLP, submit the within response to Plaintiff's Statement of Additional Material Facts Under Rule 56.1(b) As To Which There Is No Genuine Issue to Be Tried (Docket #160-4 at ¶¶ 30-65) (the "Counterstatement"), which submission is made pursuant to this Court's Orders dated April 13, 2023 (Docket #163) and April 24, 2023 (Docket #165).

## PRELIMINARY STATEMENT

        By its terms, Rule 56.1 requires the parties to provide a "short and concise statement ... of the material facts as to which the moving party contends there is no genuine issue to be tried." As noted by the Second Circuit in *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001), "[t]he purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." *Holtz*, as cited in *CCO Condo Portfolio (AZ) Junior Mezzanine, LLC v. Feldman*, 2022 U.S. Dist. LEXIS 156277, at *8 (S.D.N.Y. 2022).

Throughout Plaintiff's submission, Plaintiff cites to inadmissible evidence and includes statements that contain multiple, independent and disparate collections of assertions of fact. Plaintiff also includes many assertions that are clearly in dispute, often citing the very testimony confirming the dispute, and thus attempting to utilize the Rule 56.1 statement as an additional tool to advance its arguments, in place of its designated and stated purpose. It is respectfully submitted that Plaintiff's submission is defective in substance and in form throughout and that such deficiencies render the statements therein to be improper, which should thus be discounted.

## GENERAL OBJECTIONS

General Objection #1.

Defendants object to any and all statements which are based upon the supplemental affidavit of Ari Teman (Docket #161), insofar as the affidavit is unsigned and, as such, inadmissible. *See Meimaris v. Royce*, No. 18-CV-4363 (GBD)(BCM), 2018 U.S. Dist. LEXIS 230744 (S.D.N.Y. 2018) ("[t]he Court cannot rely on the contents of an unsigned and unsworn affidavit").

General Objection #2.

Defendants object to any statement which is based upon a citation to inadmissible evidence (*see* Local Rule 56.1(d)).

General Objection #3.

Defendants object to each and every statement in the Counterstatement which contains multiple assertions, requiring separate responses, insofar as they violate the requirement in Rule 56.1(a) that each statement be "short and concise".

**DEFENDANTS' RESPONSES**

30. Undisputed that Abi is the son of Leon; Undisputed that Leon is the Chief Executive Officer and President of non-party Goldmont Realty Corp; disputed that Leon "is a prominent real estate developer with ownership interests in several hundred properties" insofar as the citations contained in ¶ 30 of the Counterstatement state otherwise (see e.g. Leon Dep.[1] 22:13-22, referencing unspecific interests in 60% of 80-100 properties; 46:20-23, testifying about entities, not properties; 231:10-25, discussing non-business related fundraising and community activities; 271:7-9, discussing a position he holds with Agudath Israel; Exhibit D, see General Objection #2; Ex E, see General Objection #2).

31. Disputed. The evidence cited in ¶ 31 of the Counterstatement (Ex. B, GG_00025) makes no reference to the assertion for which it is cited.

32. Objected to insofar as ¶ 32 of the Counterstatement contains multiple sentences and allegations. Disputed that "Abi then discussed the investment opportunity with his father" insofar as the citations are not supportive of the allegation. See Exhibit G, which says no such thing; Teman deposition citations as to what Abi and Leon said to each other are inadmissible hearsay and improper under Rule 56.1(c) and subject to General Objection #2.

33. Undisputed that a follow up meeting occurred on December 26, 2018 but disputed to the extent that references to "the investment" refers to a $5 million investment for the reasons stated in ¶ 32 above. Moreover, none of the citations in ¶ 33 of the Counterstatement reference a follow-up meeting with respect to a $5 million investment.

---

[1] Defendants reference the evidence and testimony in the manner that Plaintiff has done so in the Counterstatement for ease of reference.

34. Disputed that Teman presented himself as the CEO of GateGuard's parent company as this assertion is supported only by the Teman Declaration, which is subject to General Objection #1. There is no admissible evidence demonstrating the assertion set forth in ¶ 34 of the Counterstatement.

35. Undisputed that any investment was understood to be *in* GateGuard, as confirmed by the citations set forth in ¶ 35 of the Counterstatement. To the extent that the language in ¶ 35 stating that the investment would be "for" GateGuard seeks to imply that the investment would be made in a separate entity for the benefit of GateGuard, that is disputed as confirmed by the citations in ¶ 35. *See e.g.* Leon Dep. 140:16-25 (referencing investments "in GateGuard" and not "for" GateGuard); Abi Dep. 185:16-20, 244:15-20 (same).

36. Disputed. There was never an agreement as to an investment, nor were any terms agreed to. The testimony cited refers to estimates and speculations, not an actual agreement and disposes of the contention that this assertion is undisputed. *See* Teman Dep. 62:13-64:21; Leon Dep. 123:20-22 ("I shook his hand goodbye, but nobody shook hands we got a deal. Nobody indicated we had a deal"). *See also* Leon Dep. 116:8-117:11 ("And at that meeting, let me be very clear, no commitment was made by anybody to Mr. Teman that we're going to invest with him. Absolutely no commitment was made").

37. Disputed. Leon Dep. 114:17-21.

38. Disputed that Leon contradicted himself as confirmed by the testimony cited in ¶ 37 above. Further disputed that Leon contradicted himself insofar as the testimony cited in ¶ 37 of the Counterstatement referenced February (114:17-21) whereas the testimony alleged to be contradictory related to March and later (*see* Leon Dep. 239:16-22). Undisputed that the testimony cited verbatim was given by Leon.

39. Disputed. First, the testimony of Leon as to his belief of what Teman thought, is inadmissible as per General Objection #2 and, as such, there is no evidence in admissible form supporting the assertion in ¶ 39 of the Counterstatement. Second, the actual testimony cited in ¶ 39 of the Counterstatement states as follows: "Once you're ready to make an investment and you agree on -- on the valuation of the building, then there's a bunch of other things that get agreed to. We didn't get close. We didn't get close to an agreement. In his mind the minute he sat down with us the check was written. Forget about that he -- there was a meeting. The minute he sat down he was – he thought the check was written." The testimony confirms that no "firm deal" was reached and does not support the assertion that Leon *knew* that Teman *believed* "he had a firm deal for a million-dollar investment". Third, GateGuard does not cite any testimony of Teman himself making this assertion.

40. Disputed. First, the exhibits cited by GateGuard have no relation to the assertion of fact they are offered to support. Second, as noted in ¶¶ 38-39 above, there was no deal, no agreement and no reason for any party to "take any action to indicate to Teman that his belief was incorrect."

41. Undisputed to the extent that the assertion is that Leon organized a larger group to explore making a larger investment (of $1 million) which would give the group "power to negotiate" better terms of a potential investment. Leon Dep. 105:18-106:7.

42. Disputed. The deposition testimony cited in ¶ 42 of the Counterstatement does not support the assertion for which it is cited and, as such, the assertion is made without a citation to evidence in admissible form.

43. Disputed. See ¶¶ 37-38 above.

44. Undiputed that Jerry Weissman is a childhood friend of Leon's. Disputed that a meeting was organized for March 7, 2019 to discuss the $5 million round for the following reasons: First, Exhibit Z cited in support is barely legible, but appears (when significantly enlarged using software tools) to be a calendar invite with no mention of a $5 million raise. Second the Teman testimony cited does not state that the meeting was for the purpose of raising $5 million. Third, 115:9 of Teman's testimony, cited in the Counterstatement, references a "budget raise of 3 million to 5 million." Fourth, page 106 of Teman's testimony, cited in the Counterstatement, does not relate to a March 7, 2019 meeting. Fifth, Leon testified that the purpose of including Weissman and Pasternack was to potentially include them in a $1 million investment, not a $5 million investment (Leon Dep. 104:22-105:5).

45. Undisputed.

46. Disputed that the purpose of the meeting was to discuss "an additional investment in GateGuard" for two reasons. First, Leon testified that there was never any agreement to invest in GateGuard and, therefore, an "additional" investment is an impossibility. Leon Dep. 123:20-22. Second, the testimony cited by GateGuard does not relate to an "additional" investment. *See* Leon Dep. 43:7-11 (discussing "a possible investment in GateGuard"). Each citation to Leon's testimony refers to a discussion about a possible investment (which never came to pass; not an "additional" investment). There is no admissible evidence demonstrating the assertion set forth in ⁋ 46 of the Counterstatement.

47. Undisputed that Jerry Weissman indicated he was not interested in investing in GateGuard but disputed to the extent that Weissman is referred to as an "investor" as there is no evidence in admissible form cited to support that assertion.

48. Disputed. There is no admissible evidence demonstrating the assertion set forth in ¶ 48 of the Counterstatement. The exhibit cited makes no reference to any of the multiple assertions set forth in ¶ 48 of the Counterstatement.

49. Undisputed that on March 13, Leon informed Teman that potential investors would not be investing, but disputed to the extent that the term "the deal with the larger group of investors had fallen through" is intended to imply that a deal was ever reach, which it was not. Leon Dep. 123:20-22.

50. Disputed. Leon had never reached an agreement to invest in GateGuard. Leon Dep. 123:20-22.

51. Disputed. The testimony cited in ¶ 51 of the Counterstatement does not speak of expenditures being paid for "with the proposed investment" and makes no reference to the proposed investment at all. There is no admissible evidence demonstrating the assertion set forth in ¶ 51 of the Counterstatement.

52. Disputed for the reasons set forth in ¶¶ 39-40 above.

53. Objected to and disputed. Defendants object to this statement insofar as it relates to the contract claims concerning the purchase of intercoms, which claims have been dismissed and are not relevant to this motion. As such, this statement is improper. *See Faulkner v. Arista Records LLC*, 797 F. Supp. 2d 299 (S.D.N.Y. 2011) (denying, as moot, a motion to strike a statement in a Rule 56.1 Statement since the statement was "not relevant to the analysis" of the motion and, therefore, need not be considered). Disputed as none of the three exhibits cited in ¶ 53 of the Counterstatement support of the assertions for which they are cited. There is no admissible evidence demonstrating the assertion set forth in ¶ 53 of the Counterstatement.

54. Objected to and disputed. Defendants object to this statement insofar as it relates to the contract claims concerning the purchase of intercoms, which claims have been dismissed and are not relevant to this motion. As such, this statement is improper. *See Faulkner v. Arista Records LLC*, 797 F. Supp. 2d 299 (S.D.N.Y. 2011) (denying, as moot, a motion to strike a statement in a Rule 56.1 Statement since the statement was "not relevant to the analysis" of the motion and, therefore, need not be considered). Disputed as none of the exhibits cited in ¶ 54 of the Counterstatement in support of the multiple assertions for which they are cited. There is no admissible evidence demonstrating the assertion set forth in ¶ 54 of the Counterstatement.

55. Disputed. Neither the testimony nor the exhibit cited in ¶ 55 of the Counterstatement support of the multiple assertions for which they are cited. There is no admissible evidence demonstrating the assertion set forth in ¶ 55 of the Counterstatement.

56. Undisputed.

57. Objected to insofar as the statement is so vague as to render it unable to elicit a meaningful response. Specifically, it is unclear what is meant by "running the books" and to which company or what scenario it relates. Without waiving the objection, the testimony of Abi was that Leon said that if Abi was "helping running – running the books of the company, then *perhaps* we'd make an investment in the company" Abi Dep. 243:19-242:2 (emphasis added). The statement in ¶ 57 of the Counterstatement is undisputed only to the extent of the aforesaid testimony and disputed to the extent that it was intended to convey a factual allegation other than the cited testimony.

58. Undisputed.

59. Undisputed.

60. Undisputed that Abi participated in a meeting on December 26, 2018 and otherwise disputed for the reasons stated in ¶ 36 above. Disputed further since none of the testimony or evidence cited supports the assertion that a "$1 million promise was made" at said meeting. There is no admissible evidence demonstrating the assertion set forth in ¶ 60 of the Counterstatement.

61. Disputed since none of the testimony or evidence cited supports the assertions stated in ¶ 61 of the Counterstatement. Disputed further since Leon testified that there was never any agreement to invest. Leon Dep. 123:20-22, 116:8-117:11.

62. Disputed since none of the testimony or evidence cited supports the multiple assertions stated in ¶ 62 of the Counterstatement.

63. Undisputed, except that in the testimony cited, Abi stated "I was not pitching the investment". Abi Dep. 367:18.

64. Disputed for the reasons stated in ¶¶ 38-39 above.

65. Undisputed, except with respect to the citation to Leon Dep. 367:17 which says no such thing.

66. Undisputed.

Dated: New York, New York
April 26, 2023

Respectfully submitted,

_____
Simcha D. Schonfeld, Esq.
**Koss & Schonfeld, LLP**
160 Broadway, 8th Floor
New York, NY 10038
Direct Dial: (212) 796-8916
*Attorneys for Defendants*