

**MEMO ENDORSED**

September 25, 2025

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/26/2025____
```

**Via ECF**
Hon. Valerie E. Caproni
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   GateGuard, Inc. v. Goldmont Realty Corp., et al.
      Case No.: 1:20-cv-01609-VEC-GWG

Dear Judge Caproni:

      This office represents defendants Goldmont Realty Corp., Leon Goldenberg and Abi Goldenberg in the above-referenced action. I respectfully submit this joint letter, on behalf of all parties, in response to the Court's Order dated today (Docket No. 192).

    (i)    <u>Arbitration Proceedings Scheduled for August 4, 2025, Through August 8, 2025.</u>

      The arbitration proceedings scheduled to commence August 4, 2025, have not occurred. By email dated June 23, 2025, counsel for Plaintiff advised the arbitrator that he would be moving to withdraw from the arbitration and that GateGuard opposed his motion. By email that same day, the undersigned requested that "a conditional dismissal order be entered, if GateGuard does not retain new counsel within 30 days." Mr. Quainton responded requesting that GateGuard be afforded 90 days to retain counsel, which the undersigned opposed.

      A telephone conference was held on June 26, 2025, wherein Mr. Quainton was granted leave to file a formal motion to withdraw. During that conference, in light of the request by GateGuard's counsel, the hearing scheduled to commence August 4th was cancelled.

    (ii)    <u>Why Arbitration Has Not Occurred.</u>

      In addition to the reasons stated above, the arbitration has been delayed as a result of legal proceedings relating to GateGuard's founder and CEO, Ari Teman ("Teman") in his criminal case, *U.S.A. v. Teman*, 1:19-cr-00696 (SDNY) (the "Criminal Case"). In the Criminal Case, Teman was convicted of crimes unrelated to this action and was sentenced to serve one year and one day in federal prison (Criminal Case Docket No. 253). Teman reported to prison on October 10, 2023, and served his sentence (Criminal Case Docket Nos. 404, 405). He remains on supervised release.

160 Broadway, 8TH Floor, New York, NY 10038
o 212.796.8914    f 212.401.4757    w kandsllp.com

Since that time, Teman has been unavailable to attend arbitration proceedings as confirmed by the Criminal Case Docket. The relevant timeline follows.

By Order dated September 16, 2024, this Court, in the Criminal Case, granted Mr. Teman's request to travel to Israel "with a departure date of September 18, 2024, and a return date of November 6, 2024" (Criminal Case Docket No. 456). In light of Teman's anticipated return to the United States, an arbitration hearing was scheduled for between November 13, 2024, and November 18, 2024, as noted in the joint letter to this Court dated September 9, 2024 (Docket No. 178).

By Order dated November 7, 2024, Teman's return date from Israel was extended to January 15, 2025 (Criminal Case Docket No. 465). In light of the extension of Teman's absence, and given the progress of settlement discussions, the arbitration was adjourned on consent to January 2025. See joint letter to this Court dated December 3, 2024 (Docket No. 179).

By Order dated January 24, 2025, this Court, in the Criminal Case, denied Teman's motion to remain in Israel indefinitely but extended the date by which Teman was to return from Israel to February 28, 2025 (Criminal Case Docket No. 484). In light of Teman's updated anticipated return to the United States, an arbitration hearing was scheduled for May 14 through May 20, 2025.

By Order dated April 17, 2025, Teman's return date from Israel was extended to June 1, 2025 (Criminal Case Docket No. 531). In light of Teman's updated anticipated return to the United States, an arbitration hearing was scheduled for August 4 through August 8, 2025. Mr. Teman has not returned to the United States as of this writing.

On August 1, 2025, Mr. Quainton filed his motion to withdraw from representing GateGuard in the arbitration. On August 13, 2025, a conference was held with the arbitrator to discuss dates for a hearing at which Teman would appear. On August 15, 2025, Mr. Quainton advised the arbitrator that Teman withdrew his objection to Mr. Quainton's withdrawal. On September 17, 2025, a virtual conference was conducted. Mr. Teman appeared and advised that he was in the process of retaining new counsel. The arbitrator granted Mr. Quainton's application to withdraw and granted GateGuard 60 days to retain new counsel.

Teman's unavailability for extensive periods has delayed the arbitration hearing. As noted above, each hearing date was scheduled for a time when Teman was due to be present and available to proceed and each hearing was adjourned when he did not return. Insofar as Teman is GateGuard's founder, president and owns "over 95%" of the shares, his unavailability for deposition and hearing has resulted in delays in the prosecution of the case.

GateGuard is of the position that it should be afforded the right to retain new counsel and proceed with the arbitration. Defendants disagree.

Defendants are of the position that this action should be dismissed based upon GateGuard's failure to diligently prosecute the action and that the fugitive disentitlement doctrine is applicable to this proceeding. GateGuard disagrees. Mr. Teman advised the arbitrator that GateGuard was in the process of retaining a new general counsel and would be prepared to proceed with the arbitration once the general counsel has been onboarded.

I believe that the information set forth herein is responsive to this Court's Order of today.

Respectfully Submitted,

Simcha D. Schonfeld, Esq.

---

Not later than **Monday, October 27, 2025**, Plaintiff must show cause why this case should not be dismissed for failure to prosecute.

SO ORDERED.

9/26/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE