UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GATEGUARD INC.,

                       Plaintiff,

-against-

GOLDMONT REALTY, CORP., LEON GOLDENBERG, ABI GOLDENBERG,

                       Defendants.

20-CV-1609 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS on September 26, 2025, the Court ordered Plaintiff to show cause by October 27, 2025, why this case should not be dismissed for failure to prosecute *see* Dkt. 196;

WHEREAS on October 6, 2025, Ari Teman, Plaintiff's CEO, served upon Defendants a "Motion for Extension of Time to Retain New Counsel," in which he (1) requested a 60-day adjournment of all deadlines, (2) indicated that he is "in active discussions with prospective [new] counsel," and (3) argued that dismissal would be inappropriate in light of the parties' settlement negotiations, the details of which he proceeded to convey;

WHEREAS Mr. Teman's submission was docketed on October 15, 2025, *see* Dkt. 198;

WHEREAS on October 15, 2025, Defendant responded to Mr. Teman's submission, Dkt. 199, in which it (1) argued that any request for an extension premised on the need for Plaintiff to retain new counsel is not ripe because Plaintiff's current counsel, Eden Quainton, has not moved to withdraw, and (2) requested that the Court strike Mr. Teman's submission from the public docket because it contains confidential information relating to settlement and because he, a non-lawyer, is not permitted to represent in court GateGuard Inc.;

WHEREAS "a layperson may not represent a separate legal entity such as a corporation" in federal court, *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007); and

1

WHEREAS on September 25, 2025, the Court admonished Mr. Quainton that "[t]o the extent [he] no longer intends to represent GateGuard in this case, he is reminded that he must file, and the Court must grant, his motion to withdraw before he can be relieved as counsel," Dkt. 192 at 1; *see also* Local Civil Rule 1.4(b) ("[A]n attorney who has appeared for a party may be relieved or displaced only by order of the court.").

IT IS HEREBY ORDERED that the request filed at Dkt. 198 is DENIED. The request is not a valid motion because Mr. Teman cannot represent Plaintiff, a corporation, in federal court. It was also inappropriate to file publicly because it contains confidential settlement-related information. Accordingly, the Clerk of Court is directed to STRIKE the filing at Dkt. 198.

IT IS FURTHER ORDERED that, consistent with the Court's September 25, 2025, Order, Dkt. 192, and with Local Civil Rule 1.4(b), Mr. Quainton remains Plaintiff's lawyer unless and until he files, and the Court grants, a motion to withdraw. Concurrent with any such motion, Mr. Quainton may move to adjourn Plaintiff's deadline to respond to the September 26, 2025, Order to Show Cause, Dkt. 196, in order to allow Plaintiff to retain new counsel if his motion to be relieved were to be granted. As it stands, Plaintiff, represented by Mr. Quainton, remains obligated to show cause not later than **October 27, 2025,** why this case should not be dismissed for failure to prosecute. Mr. Quainton, who has already been sanctioned once in this case for failing to adhere to Court-ordered deadlines, is reminded yet again that failure to adhere to any of the Court's deadlines may result in additional sanctions and may result in any requested relief being denied solely because the request is untimely.

**SO ORDERED.**

Date: October 16, 2025
New York, New York

_____
VALERIE CAPRONI
United States District Judge