**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
..............................................................X
GUATEGUARD, INC.,

                    Plaintiff,

  -against-

GOLDMONT REALTY CORP.,
LEON GOLDENBERG,
ABI GOLDENBERG,

                    Defendants.
..............................................................X

Civil Case No.: 1:20-CV-01609 (VEC)(GWG)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/28/2025

## RESPONSE TO ORDER TO SHOW CAUSE

On September 26, 2025, the Court issued an Order to Show Cause, no later than October 27, 2025, why the above-captioned matter should not be dismissed for failure to prosecute. Dkt.196. The Court reiterated its Order on October 16, 2025. Dkt. 200. For the reasons set forth below, Plaintiff respectfully responds that dismissal of the matter at this stage in the proceedings would be premature and unwarranted.

By way of background, on February 15, 2022, the parties were ordered to arbitration with respect to the contract portion of the above-captioned matter. Dkt. 101. Litigation on the fraud portion of the claim continued in this Court, resulting in summary judgment briefing and, on May 4, 2023, a ruling by the Court dismissing Plaintiff's fraud claims. Dkt. 167. In the interim, the Court had granted the motions of former GateGuard counsel, Ronald David Coleman and Airel Reinitz, to withdraw. Dkts. 116 and 119.

Plaintiff commenced arbitration proceedings on February 28, 2023. The case was dismissed as a result of Plaintiff's failure to pay arbitration fees and Defendants' failure to agree to follow the Commercial Rules of the American Arbitration Association. Dkt 171. Both these defects were cured and the case was reopened on July 14, 2023. Dkt. 173. Following the selection of an arbitrator, a preliminary hearing was held on January, 16, 2024. Dkt. 176.

The parties then litigated the threshold issue of responsibility for payment of arbitration fees and expenses, with Plaintiff/Claimant prevailing on this issue. Dkt. 177. The hearing was then adjourned on consent to January of 2025 because the parties engaged in meaningful settlement discussions. Dkt 179. These discussions did not result in an agreement, and the matter was set for a hearing during the week of May 12, 2025. Dkt. 181. The matter was further adjourned to August 4-8, 2025 to accommodate the return to the United States of Ari Teman. Dkt. 194. Mr. Teman did not return to the United Staes and Mr. Quainton moved to withdraw as counsel to GateGuard in the arbitration. The application was granted on September 17, 2025, with GateGuard receiving 60 days to retain replacement counsel. Declaration of Eden P. Quainton, dated October 27, 2025 (the "Quainton Decl.") ¶ 3, Exhibit A. Mr. Quainton moved to withdraw from representation of GateGuard before this Corut on October 16, 2025. Dkt.201. This motion was denied without prejudice on October 17, 2024. Dkt. 202.

Over the past ten days, Mr. Quainton and GateGuard have had discussions on the continued representation of GateGuard by Mr. Quainton, but these discussions resulted in an impasse. Quainton Decl. ¶ 2. Mr. Quainton intended to renew his application to withdraw as counsel earlier today, but just before the filing of this response, GateGuard requested that Mr. Quainton wait until Wednesday to file his motion to withdraw. *Id.* Mr. Quainton has accepted GateGuard's request. *Id.*

As of the filing of this Response to Order to Show Cause, GateGuard has 21 days remaining to secure substitute counsel pursuant to the order of the arbitrator overseeing this matter following mandatory referral of the case to arbitration. Quainton Decl. ¶ 4, Exhibit A. In addition, GateGuard may seek, and the arbitrator may permit, additional time to find counsel as a result of the delay caused by the unsuccessful discussions between GateGuard and Mr. Quainton. Accordingly, dismissal for failure to prosecute at this juncture would be premature. Indeed, dismissal while GateGuard is still attempting to secure replacement counsel would undermine its due process rights and violate the Federal Arbitration Act. *See Katz v. Cellco*

*P'ship*, 794 F.3d 341, 347 (2d Cir. 2015) (stay is mandatory while arbitration proceedings are pending); *Fadlelseed v. ABM Aviation JFK*, 751 F. Supp. 3d 207, 217 (E.D.N.Y. 2024).

      Accordingly, this matter should not be dismissed for failure to prosecute, and no action should be taken by this Court until the arbitration in the pending court-ordered arbitration has concluded.

Dated: October 27, 2025
       New York, NY

Respectfully submitted,

*/s/ Eden P. Quainton*
Eden P. Quainton
Quainton Law, PLLC
2 Park Ave., 20th Fl.
New York, NY 10016
Tel: 212-419-0575
eden.quainton@quaintonlaw.net

---

The fact that Plaintiff's principal failed to return to the United States and appear for an arbitration, even after the arbitration had been adjourned *specifically for the purpose* of accommodating his return and appearance, makes clear that Plaintiff is failing to prosecute this case. To avoid dismissal, Plaintiff must adhere strictly to the following deadlines:

Not later than **Monday, November 17, 2025**, new counsel for Plaintiff must file: (1) a notice of appearance and (2) a declaration from Ari Teman confirming that he has returned to the United States and is prepared to participate in arbitration.

Not later than **Monday, December 15, 2025**, the parties must file a joint status update discussing the parties' efforts to schedule arbitration. The status update should demonstrate extraordinary diligence on the part of Plaintiff to resolve the case as expeditiously as possible.

Neither of the above-listed deadlines will be adjourned. Failure to adhere to either of them is likely to result in dismissal for failure to prosecute.

Defendants' motion for leave to respond to this letter is DENIED. The Clerk of the Court is respectfully directed to terminate the open motion at Dkt. 207.

SO ORDERED.

*[signature]* 10/28/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on October 27, 2025, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Goldmont Realty Corp., Leon Goldenberg and Abi Goldenberg. A copy of the foregoing document, together with the accompanying Declaration, was also emailed to Mr. Ari Teman at the email address he has been using to communicate with Mr. Quainton.

**QUAINTON LAW, PLLC**

*/s/ Eden Quainton*__
EDEN P. QUAINTON, ESQ.
2 Park Ave., 20th Floor
New York, New York 10016
Telephone: (212) 419-0575
eden.quainton@quaintonlaw.net
*Attorneys for Plaintiff GateGuard, Inc.*