UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
……………………………………………………………X
GUATEGUARD, INC.,

                                   Plaintiff,

               -against-

GOLDMONT REALTY CORP.,
LEON GOLDENBERG,
ABI GOLDENBERG,

                               Defendants.
……………………………………………………………X

Civil Case No.: 1:20-CV-01609
(VEC)(GWG)

**DECLARATION OF EDEN P. QUAINTON**

I, Eden P. Quainton, declare under penalty of perjury that the following is true and correct:

1.      I am an attorney duly admitted to practice before the courts of the State of New York and in the District Court for the Southern District of New York. I am currently counsel to Plaintiff GateGuard, Inc. ("Plaintiff" or "GateGuard") in the above-captioned matter.

2.      As the Court knows, I sought leave to withdraw as counsel in the pending matter before this Court on October 16, 2025. Dkt. 201. The basis for my motion was that there had been an irreparable breakdown in communication between me and GateGuard such that continued representation was impossible. *Id.*; Dkt 202 ¶ 3. The Court denied the motion without prejudice to my refiling the motion and specifying whether GareGuard consents to the motion. Dkt. 203.

3.      I respectfully direct the Court's attention to the last paragraph of Dkt. 201, in which I stated that GateGuard opposed the motion.

4. However, since the date of the Court's order, I have been engaged in discussions with GateGuard relating to my withdrawal. I have received conflicting information from GateGuard as to whether it consents to my withdrawal.

5. It appears that GateGuard no longer opposes my withdrawal. Mr. Ari Teman, speaking on behalf of GateGuard, wrote me on November 3, 2025 as follows:

6. "GateGuard has retained Mr. James Meaney, who has already filed an appearance in *GateGuard v MVI* on Friday and we ask the Court to please adjourn this issue of withdrawal for 1 week so that Mr. Meaney has time to file an appearance and we do not have to issue any statements regarding Mr. Quainton, which we feel will be mutually beneficial and respectful. It is possible Mr. Meaney will be able to file an appearance sooner, but he is in court on other matters so we ask the court to please delay this matter just 1 week so he can file and address any issues."

7. I understand this to mean that as far as I am concerned GateGuard does not oppose my withdrawal.

8. The reasons for my desire to withdraw remain unchanged.

9. I am, however, mindful of the interests of GateGuard, which remains my client. Therefore, although I am moving to withdraw, at the request of GateGuard, I am also requesting that the Court adjourn its decision on the motion to withdraw to November 24, 2025.

10. In addition, I have stated to GateGuard that if GateGuard has not found substitute counsel by the date specified by the Court, I agree to remain its counsel for purpose of the pending arbitration.

11. Of course, if Mr. Meaney enters his appearance by November 17, 2025 or such later date as the Court may specify, this offer may be moot.

12.     I have also communicated the Court's order that Mr. Teman return to the United States by November 17, 2025 or face dismissal of GateGuard's action separately from the issue of GateGuard's representation.

13.     I apologize to the Court for the confusion in this situation. I desire only to provide effective representation. It appears that is impossible under the circumstances and that my withdrawal is necessary. However, I reiterate my availability to continue the representation should GateGuard so direct in order that the arbitration not be dismissed solely for failure to designate new counsel.

14.     I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 7th day of November, 2025 in New York, NY.

By: _Eden P. Quainton_
         EDEN P. QUAINTON