**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

……………………………………………………………X

GUATEGUARD, INC.,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/10/2025

Plaintiff,

Civil Case No.: 1:20-CV-01609
(VEC)(GWG)

-against-

GOLDMONT REALTY CORP.,
LEON GOLDENBERG,
ABI GOLDENBERG,

Defendants.

……………………………………………………………X

## MOTION TO WITHDRAW AS COUNSEL

Undersigned counsel, Eden P. Quainton, respectfully renews his application for an order permitting him to withdraw as counsel for Plaintiff GateGuard, Inc. ("Plaintiff"). An irreconcilable breakdown in communication has occurred between counsel and Plaintiff, such that continued representation is no longer tenable and would materially impair counsel's ability to provide effective representation, as set forth in the attached Declaration of Eden P. Quainton, dated November 7, 2025 (the "Quainton Decl.").

On October 16, 2025, undersigned counsel made an application to withdraw. Dkt. 202. On October 17, 2025, the Court denied counsel's application without prejudice to an indication as to whether the motion would be opposed. Dkt. 203. Counsel respectfully directs the Court's attention to the last sentence of his initial application stating Plaintiff opposes the withdrawal. Dkt. 202. The Court most recently directed new counsel to appear by November 17, 2025 and for Mr. Teman to return to the United States by the same date or face dismissal of GateGuard's action. Dkt. 208.

Since the date of the Court's order, Counsel has been engaged in discussions with GateGuard relating to his withdrawal. Quainton Decl. at ¶ 4. Counsel has received conflicting information from GateGuard as to whether it consents to his withdrawal. *Id.*

It appears that GateGuard no longer opposes Counsel's withdrawal. Quainton Decl.¶ 5.

Mr. Ari Teman, speaking on behalf of GateGuard, stated to counsel the following:

> "GateGuard has retained Mr. James Meaney, who has already filed an appearance in *GateGuard v MVI* on Friday and we ask the Court to please adjourn this issue of withdrawal for 1 week so that Mr. Meaney has time to file an appearance and we do not have to issue any statements regarding Mr. Quainton, which we feel will be mutually beneficial and respectful. It is possible Mr. Meaney will be able to file an appearance sooner, but he is in court on other matters so we ask the court to please delay this matter just 1 week so he can file and address any issues."

Quainton Decl. ¶ 6.

Counsel understands this to mean that as far he is concerned, GateGuard does not oppose the withdrawal. Accordingly, counsel hereby renews his motion to withdraw as counsel for the reasons previously set forth and identified in the accompanying Declaration of Eden P. Quainton.

Consistently with GateGuard's instructions, however, counsel respectfully requests that the Court adjourn the date for compliance with its appearance of counsel order by one week.

Counsel is mindful of the interests of his client and has stated that if GateGuard has not found substitute counsel by the date specified by the Court, he will resume representation of GateGuard in the arbitration if so directed by GateGuard and permitted by the Court. Quainton Decl. at ¶ 10.

Finally, Counsel respectfully submits that any further information relating to this application should be provided *ex parte* to the Court, as was done recently in the matter of *GateGuard v. Amazon, Inc. et al.*, 21-cv-9321. Dkt. 286. The practice to hold *ex parte* proceedings or review documents in camera is "a practice both long-standing and routine" in disputes implicating the attorney-client privilege. *See, e.g., In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 386 (2d Cir.2003).

Dated: November 7, 2025
      New York, NY

                    */s/ Eden P. Quainton*_____
                    Eden P. Quainton
                    Quainton Law, PLLC
                    2 Park Ave., 20th Fl.

New York, NY 10016
Tel: 212-419-0575
eden.quainton@quaintonlaw.net

**NOTICE TO**:

Simcha D. Schonfeld
Koss & Schonfeld, LLP
160 Broadway 8th Floor
New York NY 10038
(212) 796-8916
*Counsel for Defendants*
*Goldmont Realty Corp.,*
*Leon Goldenberg and Abi Goldenberg*

Mr. Ari Teman
GateGuard, Inc.
1521 Alton Road #888
Miami Beach FL 33139
ari@teman.com

Application DENIED.  In denying Mr. Quainton's original motion to withdraw, the Court ordered that any subsequent motion to withdraw must indicate whether Plaintiff consents to withdrawal and, if it does not, to "explain Plaintiff's position why withdrawal is inappropriate as well as Mr. Quainton's position why it is." Dkt. 203.  This motion fails to do either:  Plaintiff's position is inscrutable even to Mr. Quainton, and Mr. Quainton's position is internally inconsistent, inasmuch as he says that there has been an "irreparable breakdown in communication" between himself and Plaintiff, but also that "he will resume representation of GateGuard in the arbitration" if it fails to secure new counsel.  Either there has been an irreparable breakdown in communication that renders Mr. Quainton's continued representation of GateGuard impossible, or there has not.  The Court is, once again, baffled by Mr. Quainton's submission.

In all events, given that the deadline for Plaintiff to secure new counsel and for its principal to return to the United States is just a week away, and given that Mr. Quainton apparently might continue to represent Plaintiff after all, the Court finds it inappropriate to grant Mr. Quainton's motion to withdraw at this time.  If Plaintiff secures new counsel by November 17, Mr. Quainton can move to withdraw at that time, presumably with his client's consent.  If Plaintiff does not secure new counsel by November 17 because Mr. Quainton will continue representing it, Mr. Teman can indicate as much in his declaration confirming that he has returned to the United States and is ready to arbitrate.  And if Plaintiff does not secure new counsel by November 17 but does not intend for Mr. Quainton to continue representing it, then the case as a whole will likely be dismissed, thereby mooting the issue of Mr. Quainton's withdrawal.

To the extent the message from Mr. Teman in Paragraph 6 of Mr. Quainton's Declaration, Dkt. 210, is meant to function as a request to adjourn any of the deadlines set forth in the Court's October 28, 2025, Order, Dkt. 208, that request is DENIED.


SO ORDERED.

11/10/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE