

November 17, 2025

**Via ECF**
Hon. Valerie E. Caproni
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *GateGuard, Inc. v. Goldmont Realty Corp., et al.*
      Case No.: 1:20-cv-01609-VEC-GWG

Dear Judge Caproni:

    This office represents defendants Goldmont Realty Corp., Leon Goldenberg and Abi Goldenberg in the above-referenced action. I write in response to "LETTER MOTION for Leave to File Declarations" filed today by Plaintiff, Docket No. 214.

    Plaintiff has not complied with this Court's Order, and dismissal of the action is warranted.

1. ***This Court And The Court Of Appeals For The Second Circuit Have Ruled That Teman's Claim Of Medical Inability To Return To The United States Is "Pretextual" And "Frivolous."***

    Ari Teman has repeatedly disregarded multiple orders of this Court. Specifically, as set forth in great detail in U.S. v. Teman, Case No. 1:19-cr-00696 (PAE), Teman was ordered to return to the United States numerous times to comply with the terms of his supervised release in a criminal matter. He has violated each such Order. The assertions in ¶ 3 of both Teman and his counsel's affirmation stating that he is unable to return to the United States for medical reasons is false.

    Annexed hereto as Exhibit A is an Order and Mandate of the Court of Appeals for the Second Circuit dated October 30, 2025, stating, *inter alia*, that "we agree with the district court that Teman's proffered medical reason for failing to comply with the district court's orders to return to the United States is pretextual, and thus, he is flouting judicial process." Teman moved – again – to vacate that Order, which motion was denied as frivolous by Judge Engelmayer of this Court by Order dated November 4, 2025. See Exhibit B.

    This Court's Order of October 28, 2025, was clear: "Not later than Monday, November 17, 2025, new counsel for Plaintiff **must** file ... a declaration from Ari Teman confirming that he has returned to the United States and is prepared to participate in arbitration" (emphasis added). New counsel has filed no such declaration from Ari Teman and the action should therefore be dismissed.

### 2. *Teman's Sworn Statement That He Is No Longer The CEO Of Gateguard And Was Replaced "Nearly Two Years Ago" Is False And Of No Consequence.*

Teman's sworn statement he is "no longer the CEO of plaintiff as [he] was replaced by David Taxman nearly two years ago" is directly contradictory to his statements to Judge Furman. In a letter motion filed on September 12, 2025 in the action *Teman & GateGuard v. Deel, Inc. et al*, Case No. 1:25-cv-05852-JMF, Teman wrote to Judge Furman of this Court: "My final day as Chief Executive Officer of GateGuard will be Monday, September 14, 2025" (see Exhibit C). The statement to Judge Furman that he would remain CEO until September 14, 2025, and the statement to this Court that he was "replaced" as CEO of GateGuard "nearly two years ago" cannot possibly both be true. At least one statement submitted to this Court by Teman is false.

Moreover, Teman's current status with the Plaintiff company is immaterial. Teman was the only witness identified, produced and deposed concerning the facts and circumstances that gave rise to this action. GateGuard's claims are based on allegations made by Teman about his personal discussions, interactions, expectations and deliberations with the defendants (regardless of their truth). Teman was the only witness produced during discovery and the arbitration cannot proceed in his absence.

### 3. *Teman's Status as a Fugitive Precludes Accommodation.*

Ari Teman has made a habit of using the judiciary to air his personal grievances. He has sued his trial attorneys (see e.g. *Teman v. Biale et al*, Case No. 1:25-cv-05454-MKV, stayed based on Teman's status as a fugitive, by Order dated October 21, 2025, Docket No. 20), his appellate attorneys (*Teman v. Marmur* et al, Case No. 1:25-cv-08220-LJL) attorneys representing unrelated parties (*Teman & GateGuard v. Deel, Inc. et al*, Case No. 1:25-cv-05852-JMF, dismissed as to GateGuard for failure to prosecute by Order dated October 21, 2025, Docket No. 23) and Judge Engelmayer (Case No. 1:25-cv-05454-MKV cited above).

Insofar as Teman is and remains a fugitive of justice, his request to be afforded the right to remain a fugitive and continue to prosecute this action despite violating this Court's Order would amount to yet another example of "flouting [the] judicial process." Moreover, as a fugitive overseas with no apparent intent to return, Teman would suffer no consequences for lying under oath during a virtual proceeding.

As noted in this Court's Order of October 28, 2025 (Docket No. 208), "[t]he fact that Plaintiff's principal failed to return to the United States and appear for an arbitration, *even after the arbitration had been adjourned specifically for the purpose of accommodating his return* and appearance, makes clear that Plaintiff is failing to prosecute this case" (emphasis added).

The arbitration was adjourned numerous times to allow for Teman to return to the United States and proceed with the action. He has now violated multiple orders in multiple actions pending in this Court and uses such violations as a pretext to ask for an accommodation to which he is not entitled. Teman's violation of the Orders of this Court should not be a basis to grant him an unwarranted accommodation.

In light of Plaintiff's failure to comply with this Court's October 28, 2025 Order, and for the reasons detailed above, Defendants respectfully request that the Court dismiss this action.

Respectfully Submitted,

Simcha D. Schonfeld, Esq.