

David Yeger
dyeger@frymanpc.com

November 17, 2025

**VIA ECF**
Hon. Valerie E. Caproni, U.S.D.J.
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:   *GateGuard Inc. v. Goldmont Realty Corp. et al.*
              **Case No. 1:20-CV-01609 (VEC) (GWG)**

Your Honor,

      We were retained on November 13, 2025 to represent plaintiff GateGuard Inc. in the above-referenced matter and in the related pending arbitration proceeding. In accordance with the Orders of the Court, dated September 26, 2025 (Dkt. 196) and October 28, 2025 (Dkt. 208), we are respectfully submitting herewith a Declaration of Ari Teman, as well as a Declaration from Plaintiff's current CEO, Mr. Daniel Gabbay. We respectfully request that the Court deem these Declarations as complying with such pending Orders.

      We are also advising the Court that we notified the designated arbitrator and defendant's counsel on November 14, 2025 of our representation of Plaintiff in the arbitration. We are also concurrently contacting Plaintiff's prior counsel to obtain the case file for this matter. It is our intent to proceed expeditiously to resolve all outstanding pre-hearing matters in the arbitration proceeding so that the parties may schedule a final hearing in that proceeding.

      We remain available for a conference with the Court at the Court's convenience should that be beneficial.

                                              Respectfully submitted,

                                              */s/ David Yeger*

                                              David Yeger

Encls.

cc:    All Counsel

The application for leave to file Mr. Teman and Mr. Gabbay's declarations is GRANTED.

The Court cannot square Mr. Teman's current representation that he is no longer affiliated with GateGuard with the trajectory of this case. In a joint letter submitted on September 25, 2025, the parties wrote, "Teman's unavailability for extensive periods has delayed the arbitration hearing. . . . [E]ach hearing date was scheduled for a time when Teman was due to be present and available to proceed and each hearing was adjourned when he did not return. Insofar as Teman is GateGuard's founder, president and owns 'over 95%' of the shares, his unavailability for deposition and hearing has resulted in delays in the prosecution of the case." Dkt. 194 at 2. As recently as October 10, 2025, Mr. Teman filed a *pro se* letter in this case (which the Court has since stricken from the docket) in which he identified himself as GateGuard's "representative" and disclosed alleged details from settlement negotiations. It is utterly disingenuous for Mr. Teman now to assert, under penalty of perjury, that it is "unclear to [him] what possible knowledge defendant contends [he] ha[s] concerning plaintiff's claims for breach of contract," Dkt. 214-1 ¶ 8, and that his only role at GateGuard is to "advise them voluntarily in a limited capacity when requested," *id*. ¶ 2.

The Court further notes that Mr. Teman's sworn representation that he has not been the CEO of GateGuard for "nearly two years," *id*. ¶ 5, is flatly inconsistent with his September 2025 representation to Judge Furman that his "final day as Chief Executive Officer of GateGuard will be Monday, September 14, 2025." *Teman et al. v. Deel, Inc. et al.* (S.D.N.Y. 25-cv-5852), Dkt. 21 at 1. Simply put, Mr. Teman has lied to the Undersigned, Judge Furman, or both. The Court is persuaded that Mr. Teman's self-serving representation about his illness, which Judge Engelmayer and the Second Circuit have already dismissed as a pretext he invented to avoid returning to the United States and risking arrest as a fugitive, is yet another fabrication. *See United States v. Teman* (S.D.N.Y. 19-cr-696), Dkt. 579 at 2.

Regardless, the Court's October 28, 2025, Order was simple. It stated, "The fact that Plaintiff's principal failed to return to the United States and appear for an arbitration, even after the arbitration had been adjourned *specifically for the purpose of accommodating his return and appearance*, makes clear that Plaintiff is failing to prosecute this case." Dkt. 208 at 3 (emphasis in original). Accordingly, Plaintiff was ordered to file "a declaration from Ari Teman confirming that he has returned to the United States and is prepared to participate in the arbitration," and was advised that failure to do so would "likely result in dismissal for failure to prosecute." *Id*. Because no such declaration was filed, this case is DISMISSED for failure to prosecute. The Clerk of the Court is respectfully directed to terminate the case.

Mr. Schonfeld and Mr. Quainton are reminded that they remain obligated to comply with the Court's September 22, 2025, Sanctions Order, Dkt. 187.


SO ORDERED.

*[signature]*   11/17/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE