# David and Suzan Teman

Hon. Valerie Elaine Caproni
United States District Court
Southern District of New York

**Re:**     **Urging the Court to Address the Withholding of Material Evidence and Restore the Integrity of These Proceedings**

GateGuard, Inc. v. Goldmont Realty Corp., No. 1:20-cv-01609

Your Honor:

We write as parents and friends of Ari Teman with a concern that the court's process was used — through repeated violations of its own orders — to delay and suppress material evidence.

We believe that the record now before this Court—including this Court's own findings of repeated violations of its orders, and the materials reflected in Dkt. 295 in United States v. Teman—shows the following:

Responsive evidence existed.
It was shared among parties.
It was not produced.

As one filing states plainly: "Soleimani had not produced these responsive documents. There is no excuse…"

The underlying communications confirm this reality. For example:

- ❖ "Teman Suicide Note.pdf • 3 pages"
- ❖ "Just got this from another management company being sued by Teman… You and I are personally mentioned."
- ❖ "I wonder what his game is now, or if he will actually do it."

Followed immediately by:

- ❖ "Hi Joe. Please give me a call as soon as you can. About Teman. Just need to be sure of something."

These are not ambiguous. They reflect possession of relevant materials, awareness of their significance, and movement of discussion off written channels.

The record also reflects motive. A principal witness admitted under oath that he hoped criminal proceedings would prevent Mr. Teman from continuing to pursue his claims. (Dkt. 222-3, P. 6)

1

What is now before the Court—through the pending Motion to Intervene and for Relief under Rule 60(b) (Dkt. 222) —is, we believe, the consequence of those repeated violations.

That motion presents the issue directly: whether those violations coincided with and contributed to the suppression or delayed disclosure of material evidence affecting the integrity of the proceedings. It may be that a sanction requiring a CLE is insufficient to address the harm.

The Court possesses, we believe, the authority to act in these circumstances. Under Rule 60(b), Rule 37, and the Court's inherent authority (Chambers v. NASCO, Inc., 501 U.S. 32 (1991)), and where appropriate the doctrine of fraud on the court (Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)), courts may:

- reopen proceedings,
- restore claims,
- permit intervention,
- order discovery, and
- impose sanctions sufficient to remedy prejudice and protect the integrity of the judicial process.

Respectfully, we ask this Court to do so here.

Specifically, we respectfully urge the Court to grant the relief already before it in Dkt. 222, including:

- permitting Ari Teman to intervene and be heard;
- granting Rule 60(b) relief where appropriate;
- making findings as to whether the conduct constitutes fraud on the Court;
- ordering targeted discovery and an evidentiary hearing; and
- restoring GateGuard's ability to pursue its claims on a full and accurate record.

**Respectfully submitted,**

David and Suzan Teman, Ari's parents

CC via email, mail, or message

| | | |
|---|---|---|
| Professor Lawrence Lessig, Harvard University | Rabbi Yaakov Florans, Yehudi | Rabbi Aryeh Weil, Bnai Yeshurun |
| Rabbi Reuben Koolyk, Esq., MD, Yeshiva University | Rabbi Jeffrey Shron, Yeshiva University | Rabbi Moishe Korf, Chabad |
| | Chaplain Rabbi Zvi Karpel, Daughters of Israel, | Rabbi Moshe Klar, Chabad |
| Rabbi Steven Pruzansky, Esq., Yeshiva University | | Rabbi Eliezer Tewel, Chabad |

2

Rabbi Moshe Klar, Chabad

Rabbi Yonah Blum,
  Columbia University

Rabbi Michoel Gross

Chaim Gross

Raymond Arking

Grace Arking

Aaron Liberman

Reuben Koolyk

Chana Simmonds

Phil Billet

Rabbi Meir Horden

Dr. Jon Harrison

Nicole Hochner

Michael Mellinger

Ira Brenner

Aaron Israel

Manny Ruchelsman

Michael Rosenthal

Menachem Barak

Robert Klein

Monnie Shambayati

Helen Ickowicz

Dr. Dan Kalker

Phil Borsekofsky

Greg Bratshpis

Harold Davies

Stuart Forman

Bob Goldberger

Ira Greenfest

Simon Kahn

David Laker

Dr. Alfred Neugut

Charles Popper

Yvonne Serota

Jerry Slutzky

Frady Steinhaus

Jacob Teller

Alan Weick

Isaac Filler

CB Davies

Dr. Maurice Budow

Yuval Fuchs

Helen Pincus

Tahg Adler

Lois Weiss

Manny Landau

Rabbi Jeff Shron

David Raab

Rabbi Andrew Schein

Elliott Cahan

Dr. Jonathan Fleischman

Ande Harkov

Bayla Haskel

Itzik Maron

Yolanda Schaefer-Kropsky

Mikki Dorn

Jesse Freeman

Gideon Israel

Allan Weiss

dteman@gmail.com.

May 1, 2026

via    Temporary_Pro_Se_Filing@nysd.uscourts.gov

3