**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GateGuard Inc.,
Plaintiff,

 **MEMO ENDORSED**

v.

Goldmont Realty Corp., et al.,
Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/5/2026_____

Case No. 1:20-cv-01609 (VEC)

**ARI B. TEMAN'S MOTION FOR RECONSIDERATION OF ORDER DENYING INTERVENTION**

Ari B. Teman respectfully moves for reconsideration of the Court's April 30, 2026 Order denying his motion to intervene pursuant to Local Rule 6.3 and Rule 60(b).

**Preliminary Statement**

Reconsideration is warranted because the Court overlooked (i) controlling law governing fugitive disentitlement, (ii) the factual basis for timeliness, and (iii) the undisputed reason Teman lacks personal knowledge of the contract at issue.

This motion does not relitigate prior arguments. It addresses specific matters the Court misapprehended that materially affect the outcome.

**Argument**

**I. The Court Overlooked the Correct Timeliness Standard**

The Court measured timeliness from dismissal. That is not the governing standard.

Timeliness runs from when the intervenor knew or reasonably should have known of the basis for intervention.

Here, that point is recent:

- Prior counsel failed to provide the client file;
- Prior counsel failed to inform Teman of missed deadlines and sanctions;
- Prior counsel submitted an untimely declaration revealing that the case had not been handled as represented;
- These failures were not discoverable by Teman until new counsel became involved.

Teman reasonably relied on counsel's representations that the case was proceeding and that issues before the Court were being addressed. Only upon learning of counsel's failures did the basis for intervention become apparent.

That is the operative date for timeliness.

## II. The Court Overlooked Controlling Law: No Nexus Exists Between Fugitivity and This Proceeding

The Court's reliance on fugitivity conflicts with controlling law.

In *Teman v. Zeldes Needle Cooper LLP*, Judge Liman held:

"the instant case lacks the expressly required nexus between fugitivity and the course of the proceedings."

That principle is dispositive. The fugitive disentitlement doctrine applies only where there is a direct nexus between the litigant's status and the proceeding.

There is none here:

- This motion concerns discovery misconduct and suppression of evidence in this civil action;

- It does not implicate enforcement of any criminal judgment;

- It does not depend on Teman's physical presence;

- Proceedings can be conducted remotely. **(In fact, Abi Goldenberg was deposed remotely!)**

- Teman is fully engaged with the court in this and other districts, able to attend hearings by phone and video, and *has done so* before Judge Liman and others, judges, mediators, and arbitrators.

- Teman is pending surgery at Sheba Medical Center for his Eustacian Tubes before he is permitted to fly. This is a non-pretextual reason for non-presence backed by multiple board-certified experts and an objected ETF test at Sheba.

Denying intervention on this basis improperly extends the doctrine beyond its limits.

## III. The Court Misapprehended Teman's Lack of Knowledge of the Contract

The Court's finding of inconsistency is incorrect.

Teman's lack of knowledge is intentional and undisputed:

- The contract was negotiated exclusively between counsel (Ariel Reinitz and Goldmont's counsel);

- Goldmont required, as a condition, that Teman not be involved;
- Performance and enforcement were handled by counsel and third parties.

Teman's prior statement that he had no additional knowledge regarding the breach remains accurate because that was the structure imposed by Defendants.

Defendants cannot exclude Teman from negotiations and then rely on that exclusion to argue against his participation.

Teman seeks to intervene not to dispute the contract or Goldmont's willful failure to pay, but to seek fair and just hearings as to why exculpatory evidence in the hands of Schonfeld and the Goldenbergs was intentionally withheld in violation of multiple discovery deadlines in this matter for *years -- and some continues to be withheld.*

## IV. The Court Overlooked That the Relevant Evidence Is Documentary

The Court concluded Teman's participation would not add meaningful information. That misstates the issue.

Teman does not seek to testify about negotiations he was excluded from. He seeks:

- Access to documentary evidence;
- Inquiry into delayed or withheld production;
- Examination of communications bearing on credibility, intent, and performance.

The record already reflects discovery failures, including delayed or missing productions.

These issues cannot be resolved without reopening the record.

## V. Reconsideration Is Necessary to Prevent Manifest Injustice

The Order leaves unresolved:

- Whether material evidence was withheld;
- Whether discovery violations affected the integrity of the record;
- Whether misconduct prevented full adjudication.

Where the integrity of the judicial process is implicated, reconsideration is appropriate.

## VI. The Record Presents a Single Coherent Pattern Linking Discovery Failures, Subpoena Noncompliance, and Overlapping Proceedings

The record reflects a unified pattern—not isolated errors—connecting

(i) repeated delays by Schonfeld and related actors,

(ii) failures to comply with subpoenas and to timely produce responsive materials, and

(iii) the same subject matter and communications that overlap with the proceedings in *United States v. Teman*.

The Court has already identified that critical materials—including subpoenaed communications and evidence bearing on contractual performance and witness credibility—were not produced during the period they were actively sought.

Those materials concern the same relationships, representations, and events that formed the basis of positions taken in parallel proceedings.

This temporal and substantive overlap supports a reasonable inference that the delays and nonproduction were not random, but operated to prevent contemporaneous scrutiny of evidence central to credibility, intent, and contractual performance.

At minimum, this convergence raises a substantial question as to whether the integrity of the record has been affected, warranting targeted discovery and an evidentiary hearing.

## VII. **Teman Previously Timely Sought Court Intervention, but Was Unable to Be Heard**

Teman did not sit on his rights. He previously attempted to bring these issues to the Court's attention, including through a detailed submission regarding discovery misconduct, withheld evidence, and related concerns. That submission was transmitted to Chambers and the Pro Se Office but was not docketed or otherwise acted upon, and Teman—lacking ECF access and proceeding pro se—was unable to ensure its formal filing.

At the same time, as the Court has recognized, counsel failed to meet deadlines, failed to comply with discovery obligations, and failed to adequately represent the client's interests.

This combination—Teman's attempt to raise the issues, coupled with counsel's failure to act and the absence of a docketed record—explains both the timing of the present motion and why the issues were not addressed earlier. Teman should not be prejudiced for attempting to alert the Court while being procedurally unable to ensure docketing and substantively unprotected by counsel.

Under these circumstances, intervention is not only timely, but necessary to ensure that the issues previously raised—but never heard—can now be properly presented and adjudicated

## **Conclusion**

Your Honor,

This motion squarely presents a question the Court cannot sidestep: whether it will examine credible evidence that the record in this case may be incomplete due to delayed production, subpoena noncompliance, and the withholding of materials bearing directly on intent and credibility.

The record is not speculative. It includes sworn testimony that Defendants viewed Teman's potential incarceration as a strategic lever in this litigation—i.e., that if he were imprisoned, the dispute might resolve in their favor. That evidence does not stand alone. It sits alongside a documented pattern of missed deadlines, delayed productions, and failures to disclose materials during the period when they were actively sought.

**When such facts are presented, the Court's role is not passive. The Court has an obligation to ensure that its proceedings are not affected by incomplete discovery or the suppression of material evidence. Where there is a reasonable basis to question the integrity of the record, the appropriate response is limited inquiry—not closure.**

This is particularly so here, where Teman did not have access to the relevant materials at the time they should have been produced, and where prior counsel failed to meet obligations that the Court itself imposed. The combination of (i) late-discovered evidence, (ii) prior discovery failures, and (iii) overlapping subject matter with parallel proceedings presents precisely the type of circumstance in which reconsideration is warranted.

Denying intervention without allowing any inquiry would not resolve these issues—it would leave them unexamined. A refusal to permit limited inquiry in the face of record-based evidence risks affirming a record that may be materially incomplete.

Teman is not asking the Court to accept his conclusions. He is asking the Court to exercise its supervisory responsibility and permit a narrowly tailored inquiry into whether material evidence was withheld or delayed to impact a related proceeding and deny a defendant in this district access to relevant documents covered by subpoena.. That is a modest request, grounded in the record, and necessary to protect the integrity of the proceedings.

If no issues exist, limited discovery will confirm that. If issues do exist, the Court will be positioned to address them based on evidence rather than inference. In either case, the Court fulfills its obligation.

For these reasons, reconsideration is not only appropriate—it is necessary.

For the foregoing reasons, Teman respectfully requests that the Court:

1.      Grant reconsideration;
2.      Permit intervention;
3.      Reopen the matter for limited discovery; and
4.      Order an evidentiary hearing.

Respectfully submitted,

s/Ari Teman
Plaintiff, Pro Se
Tel Aviv, Israel

May 1, 2026

Application DENIED. "[T]he standard for granting [a Rule 59 motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012). Mr. Teman's frivolous submission falls far short of meeting this standard.

His first assertion that the Court "[o]verlooked the [c]orrect [t]imeliness [s]tandard" is not supported with citation to any legal authority or any evidence.

His second assertion regarding "[t]he Court's reliance on fugitivity" is incoherent. The Court dismissed GateGuard's case for failure to prosecute, not because Mr. Teman, GateGuard's former CEO, is a fugitive.

His third assertion that he "seeks to intervene not to dispute the contract or Goldmont's willful failure to pay, but to seek fair and just hearings as to why exculpatory evidence . . . was intentionally withheld" only further supports the Court's conclusion that intervention is inappropriate. Intervention is warranted where the prospective intervenor has "a valid and sufficient interest in a litigation." *MasterCard Int'l. Inc. v. Visa Int'l Serv. Ass'n. Inc.*, 471 F.3d 377, 382 (2d Cir. 2006). Mr. Teman has expressly disclaimed any such interest; instead, he wishes to litigate a collateral issue regarding the parties' alleged failure to disclose evidence to him, a non-party.

His fourth assertion that "[t]he Court concluded Teman's participation would not add meaningful information" is baseless. The Court made no such conclusion.

His fifth assertion that the Court's Order "leaves unresolved" various issues is irrelevant. This case was dismissed because GateGuard failed to prosecute the case, inasmuch as it failed to make its CEO and key witness available for arbitration. Nothing in Mr. Teman's submission alters that conclusion.

His sixth assertion that "[t]he record reflects a unified pattern" of delays and other discovery errors is also irrelevant. GateGuard's failure to prosecute this case was unrelated to any of the supposed errors Mr. Teman identifies in his submission.

His seventh assertion that he previously sought intervention but was unable to do so is not supported by any evidence. Further, his assertion that the Court has recognized that GateGuard's counsel "failed to adequately represent the client's interest" is unsupported by any citation to the record, and is not accurate. Although the Court was frustrated by GateGuard's attorney's failure to comply with Court orders, it has never found that counsel failed to represent GateGuard's interests.

In short, nothing in Mr. Teman's submission (or that purportedly from his parents, *see* Dkt. 231) compels the Court to reconsider its April 30, 2026, Order.

The Clerk of Court is respectfully directed to mail a copy of this order to Mr. Teman at 1521 Alton Road #888, Miami Beach, FL 33139.

SO ORDERED.

5/5/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE