**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GateGuard, Inc.,
Plaintiff,

v.                                                                    Case No. 1:20-cv-01609 (VEC)

Goldmont Realty Corp., et al.,
Defendants.

**ARI B. TEMAN'S MOTION FOR RECONSIDERATION, INTERVENTION NUNC PRO TUNC, AND RELATED RELIEF**

Ari B. Teman respectfully moves pursuant to Local Civil Rule 6.3, Federal Rules of Civil Procedure 24 and 60(b), and the Court's inherent authority, for reconsideration of the Court's denial of intervention and for entry of an Order granting intervention nunc pro tunc effective October 21, 2021, the date on which Teman first formally requested judicial intervention and docketing of his allegations concerning withheld evidence, delayed discovery, subpoena noncompliance, and related misconduct affecting this matter and parallel proceedings.

**Preliminary Statement**

The Court's prior denial of intervention rested substantially on timeliness and the conclusion that Teman failed to timely seek intervention. The documentary record now establishes the opposite.

**On October 21, 2021 through November 3, 2021** --Teman transmitted detailed submissions directly to SDNY chambers and **expressly requested docketing, judicial intervention, and to intervene himself _pro se_** regarding alleged discovery



misconduct, delayed productions, withheld subpoenaed materials, and suppression of evidence relevant both to this action and to United States v. Teman. (Dkt 230-1)

That submission was not speculative. It expressly alleged that Defendants and related actors had:

"intentionally delayed production of discovery in this matter specifically to prevent the proof of subpoena violations and Brady violations from coming to light in US v Teman until after sentencing."

Teman simultaneously requested that the matter be formally docketed and addressed by the Court.

**The Court therefore overlooked that Teman did, in fact, seek intervention and judicial action at the earliest practicable moment after becoming aware of the alleged misconduct and overlap between the proceedings.**

The issue before the Court is no longer whether Teman acted timely. The record establishes that he did.

The only remaining question is whether the failure to docket or adjudicate that earlier request should now prejudice Teman. It should not.

Accordingly, intervention should be granted nunc pro tunc effective October 21, 2021.

**Argument**

**I. Teman Previously Sought Intervention and Judicial Action in October 2021**

The documentary record establishes that Teman did not wait until 2026 to raise these issues, and identified himself clearly as Pro Se:



**VI. The 2021 Submissions Explicitly Requested Judicial Intervention, Docketing, and Relief in GateGuard v. Goldmont**

The documentary record conclusively establishes that Teman sought judicial intervention more than four and a half years ago and expressly requested that his submissions be docketed in this matter.

On October 21, 2021 (EXHIBIT 1, the attachment to the email at 320-1), Teman wrote directly to Judge Nathan regarding alleged discovery misconduct and withholding of evidence relevant to GateGuard v. Goldmont:

> **"We respectfully write to inform you of willful Rule 5F violations, Rule 16 violations, Brady and other disclosure violations…"**

The submission expressly requested docketing:

> **"We respectfully request that this letter be filed to the Docket."**

Teman further warned that:

> **"Documents in discovery, which has already been greatly delayed (and continues to be delayed) through Government disclosure violations in US v Teman…"**

The submission specifically tied those delays to alleged interference with discovery and production of exculpatory evidence in this civil matter:

> **"Documents in discovery ... prove clearly that AUSA Bhatia and his office reached into this case before Your Honor ... to delay discovery and encourage witnesses to delay production of exculpatory evidence…"**

Critically, the letter made explicit that Teman was not improperly seeking intervention in the criminal proceeding itself, but rather judicial action concerning discovery and evidence relevant to this civil case:

> **"We are not asking Your Honor to intervene in US v Teman ... but respectfully to ask Your Honor to order SDNY to honor their disclosure obligations to me, CEO of GateGuard…"**

Teman further emphasized:

> **"However, I am writing to Your Honor because SDNY continues to hide evidence [relevant to] GateGuard v Goldmont…"**

And:

> **"We respectfully request Your Honor's independent action on these matters relevant to GateGuard v Goldmont..."**

These statements directly refute any conclusion that Teman failed to timely seek intervention or judicial relief concerning the discovery issues raised in the present motion.

On November 3, 2021, Teman wrote directly to Judge Gorenstein and Judge Nathan and related SDNY personnel in email:

> **"my life is being destroyed by the willful collusion between SDNY and Simcha Schoenfeld and his clients to hide evidence from a federal criminal trial."**

He further alleged:

> **"[Goldmont] intentionally delayed production of discovery in this matter specifically to prevent the proof of subpoena violations and Brady violations from coming to light in US v Teman until after sentencing."**

Teman requested judicial action, including hearings and sworn statements:

> **"Please. Enough of the leniency in allowing them to lie and cheat and delay discovery... I ask the Court to take this matter seriously and hold a hearing, bringing in the participating AUSA's and demanding sworn statements with specificity as to the allegations and proof provided in the attached letter."**

Further, Teman copied the Clerk requesting that the materials be formally docketed:

> **"I respectfully request that the Clerk file the attached letter to the Docket..."**

Thus, the present motion does not represent a newly asserted theory or delayed request.

Teman sought judicial intervention approximately 4.5 years earlier.

**Ari B. Teman** <ari@teman.com>                                         Wed, Nov 3, 2021 at 3:45 PM
To: Gorenstein NYSD Chambers <GorensteinNYSDChambers@nysd.uscourts.gov>
Cc: Nathan NYSD Chambers <NathanNYSDChambers@nysd.uscourts.gov>, Ariel Reinitz
<Ariel.Reinitz@fisherbroyles.com>, "damian.williams@usdoj.gov" <damian.williams@usdoj.gov>, Lois Weiss
<lois@betweenthebricks.com>, Bob Van Voris <rvanvoris@bloomberg.net>, Joseph Palazzolo <joe.palazzolo@wsj.com>,
Coulter Jones <coulter.jones@wsj.com>, Ben Weiser <Weiser@nytimes.com>, Ron Kampeas <rkampeas@jta.org>, Jacob
Schindelheim <jjs@kandsllp.com>, Shira Goldman Moyal <shira@kandsllp.com>, David Teman <dteman@gmail.com>

Respectfully, Your Honor, the letter was acknowledged for being submitted to the docket via the Pro Se office on October
27th via the temporary intake email. Perhaps there is a technical glitch. I have forwarded proof of the acknowledgement
from that office. As I am pro se and representing myself as an individual (not as a representative of GateGuard Inc), I do
not have ECF permissions in this case and so I cannot file the letter to the docket via ECF. If Your Honor prefers to order
the Clerk to grant such permission, I would be happy to re-submit the letter via ECF. My username is "ariteman".

Thank you.

Please let me know how I can be helpful.

https://mail.google.com/mail/u/0/?ik=3b0eb3a0c0&view=pt&search=all&permthid=thread-a:r7850380893683064534&simpl=msg-a:r359410103710707...     5/8

---

4/30/26, 5:11 PM    Case 1:20-cv-01609-VEC-GWG    Document 230-1    Filed 04/30/26    Page 6 of 8 ... Goldman Realty Corp. (1:20-cv-01...

Ari

**Ari Teman | Founder |** teman™
We make Real Estate proactive with Artificial Intelligence
212-203-3714 | teman.com | ari@teman.com

Featured in:
ABC, NBC, PIX, FOX, Pando, Curbed, Observer, The Real Deal, Cooperator, BISNOW,

Visit us for a demo:
NYC: Herald Square
Miami: Lincoln Road

All conversations are off-the-record. Social Media, too.
Terms apply to each service. Each service is a different entity.
Terms cannot be changed via email or oral agreement.

---

**Ari B. Teman** <ari@teman.com>                                         Wed, Nov 3, 2021 at 9:32 AM
To: GorensteinSettlement@nysd.uscourts.gov, NathanNYSDChambers@nysd.uscourts.gov
Cc: Ariel Reinitz <Ariel.Reinitz@fisherbroyles.com>, damian.williams@usdoj.gov, Lois Weiss <lois@betweenthebricks.com>,
Bob Van Voris <rvanvoris@bloomberg.net>, Joseph Palazzolo <joe.palazzolo@wsj.com>, Coulter Jones
<coulter.jones@wsj.com>, Ben Weiser <Weiser@nytimes.com>, Ron Kampeas <rkampeas@jta.org>, Jacob Schindelheim
<jjs@kandsllp.com>, Shira Goldman Moyal <shira@kandsllp.com>, David Teman <dteman@gmail.com>

Judge Gorenstein,

My life is being destroyed by the willful collusion between SDNY and Simcha Schonfeld and his clients to hide evidence
from a federal criminal trial. I write to you as an UNREPRESENTED pro se individual and ask that this letter be docketed
and addressed. Your Honor, Judge Nathan, has gone after SDNY for exactly this kind of cheating in US v Nejad and US v
Pizzaro (and it's the same AUSA Graham involved). Here, SDNY hid their communications with Schonfeld from the
defense in US v Teman and collaborated with his clients Joseph Soleimani and Abi Goldenberg (Goldmont) to hide
exculpatory evidence and these clients intentionally delayed production of discovery in this matter *GateGuard v
Goldmont* to prevent the proof of subpoena violations and brady violations from coming to light in US v Teman until after
sentencing. That is, Simcha Schonfeld participated in intentional obstruction of justice *through a case before Your Honors*,
to cheat me into prison.

Please. Enough of the leniency in allowing them to lie and cheat and delay discovery in case we filed long before trial in
US v Teman.This matter belongs before the Court, not in arbitration, because the abuse of the system by Schonfeld and
his clients extends far beyond simply entering contracts they have no intention of honoring. I have lost a child, I have been
torn from my family for years, and my life is destroyed... Schonfeld is the ringleader of this with his clients and I ask the
court to take this matter seriously and hold a hearing, bringing in the participating AUSAs and demanding sworn
statements with specificity as to the allegations and *proof* provided in the attached letter.

Please.

Thank you,

ps://mail.google.com/mail/u/0/?ik=3b0eb3a0c0&view=pt&search=all&permthid=thread-a:r7850380893683064534&simpl=msg-a:r359410103710707...     2/8

## II. The Court Overlooked Material Facts Concerning Timeliness

The Court's prior ruling measured timeliness from formal filing rather than from Teman's actual efforts to invoke judicial review.

But intervention analysis under Rule 24 examines when the applicant knew or reasonably should have known that his interests were inadequately protected.

Here, Teman attempted to raise the issue contemporaneously -- more than 4 years ago! Repeatedly! To BOTH judges AND the Clerk!

The reconsideration motion correctly explained:

**"Teman did not sit on his rights. He previously attempted to bring these issues to the Court's attention, including through a detailed submission regarding discovery misconduct, withheld evidence, and related concerns."**

The motion further stated:

**"That submission was transmitted to Chambers and the Pro Se Office but was not docketed or otherwise acted upon…"**

And:

**"This combination—Teman's attempt to raise the issues, coupled with counsel's failure to act and the absence of a docketed record—explains both the timing of the present motion and why the issues were not addressed earlier."**

The Court therefore overlooked material documentary evidence directly relevant to timeliness.

## III. Intervention Should Be Granted Nunc Pro Tunc

Federal courts possess inherent authority to grant relief nunc pro tunc where necessary to correct procedural irregularities and prevent prejudice caused by administrative or procedural failures outside a litigant's control.

Teman attempted to invoke judicial intervention in October 2021.

The failure of that submission to become formally docketed should not extinguish substantive rights or defeat intervention.

Granting intervention nunc pro tunc is especially appropriate because:

1. The earlier submission expressly requested docketing and judicial action;



2. Teman lacked ordinary ECF access and was proceeding pro se;

3. The alleged discovery misconduct concerns evidence central to the integrity of the record;

4. The overlap between this matter and parallel proceedings was disclosed contemporaneously rather than retrospectively; and

5. Defendants cannot plausibly claim prejudice from intervention where the allegations were already known to them in October 2021 **-- in fact, their counsel, Schonfeld, replied to that thread (Dkt. 230-1):**

> Judge Nathan – it is unclear to me as to why a party, represented by counsel, is communicating directly with the court instead of via his counsel. I would ask that his counsel be directed to state whether this submission is joined by him or made by the litigant, pro se, without the consent and approval of his counsel.
>
> **SIMCHA D. SCHONFELD, ESQ.** | KOSS & SCHONFELD LLP
> 90 John Street | Suite 503 | New York, New York 10038
> O: 212-796-8916 | F: 212-401-4757 | Email: sds@kandsllp.com
>
> www.kandsllp.com

### IV. The Integrity of the Proceedings Requires Intervention

The reconsideration motion demonstrated that the issues raised are not isolated disputes but part of a broader pattern involving delayed discovery and withheld materials:

"This temporal and substantive overlap supports a reasonable inference that the delays and nonproduction were not random, but operated to prevent contemporaneous scrutiny of evidence central to credibility, intent, and contractual performance."

The Court further cannot ignore that Teman's earlier submissions specifically warned that relevant evidence was being withheld before sentencing in a parallel criminal proceeding.

Whether those allegations ultimately prove meritorious is not presently the issue.

The issue is whether Teman timely sought intervention and judicial review.

The documentary record establishes that he did.

Rule 24 timeliness cannot be measured solely from docket appearance where a pro se litigant previously transmitted the same request to chambers and the Clerk but lacked the ability to independently ensure ECF filing.

## V. The Court Misapprehended the CEO Availability Issue and the Nature of AAA Proceedings

The Court's conclusion that intervention or related relief was unwarranted because GateGuard's CEO was allegedly unavailable for arbitration is factually and legally incorrect.

Teman has never been unavailable to participate in arbitration proceedings. To the contrary, Teman has consistently remained available to participate remotely and has repeatedly appeared remotely in federal courts, mediations, arbitrations, and related proceedings.

The premise underlying the Court's ruling—that physical presence was required in order for arbitration to proceed—is inconsistent with both modern AAA practice and the realities of contemporary arbitration procedure.

AAA proceedings routinely permit participation by video conference, teleconference, and other remote means. Neither the Federal Arbitration Act nor AAA procedures impose a blanket requirement that a corporate officer physically appear in a particular jurisdiction in order for arbitration proceedings to continue.

Indeed, the Court already acknowledged elsewhere in the record that remote proceedings are entirely feasible. As the reconsideration motion noted:

"Proceedings can be conducted remotely. (In fact, Abi Goldenberg was deposed remotely!)"

Likewise:

"Teman is fully engaged with the court in this and other districts, able to attend hearings by phone and video..."

Thus, any finding that arbitration could not proceed because Teman was allegedly "unavailable" rests on a materially incorrect factual premise.

The issue is especially significant because the Court relied upon that premise in denying relief. Where a ruling is based upon a clearly erroneous factual assumption central to the disposition, reconsideration is warranted.

Moreover, because Teman remains available today—and has remained available throughout—for all AAA proceedings by remote means, the rationale underlying denial of intervention and related relief no longer exists even assuming arguendo it previously had merit.

Accordingly, the Court should vacate the prior ruling and grant intervention nunc pro tunc.

**VI. Judge Liman's Subsequent Ruling Constitutes Intervening SDNY Authority Directly Undermining the Basis for Dismissal**

The Court incorrectly concluded that there was no intervening change in law or authority relevant to the dismissal and denial of intervention.

The point of Teman's prior submission was not merely that Judge Liman used the phrase "fugitivity." The point was that Judge Liman issued a subsequent SDNY ruling expressly recognizing that Teman may continue participating in unrelated civil litigation notwithstanding his status in *United States v. Teman*, because those unrelated proceedings lack the required nexus to fugitivity.

Specifically, Judge Liman held that:

> "the instant case lacks the **expressly required** nexus between fugitivity and the course of the proceedings."

That ruling is materially significant here because the dismissal and related rulings in this matter rested substantially on the premise that Teman's participation in arbitration and related proceedings was improper or unavailable due to his absence from the United States.

**But Judge Liman's later ruling clarified precisely the opposite: participation in unrelated civil proceedings is permissible where the proceeding itself lacks a nexus to fugitivity.**

That is directly applicable here.

The AAA proceedings at issue are unrelated civil proceedings. They are not criminal proceedings, sentencing proceedings, surrender proceedings, or proceedings seeking enforcement of the criminal judgment in United States v. Teman.

Moreover, AAA rules expressly permit remote participation. Teman therefore did not need to be physically present in any jurisdiction in order for arbitration proceedings to continue. The Court's prior reasoning—that arbitration could not proceed because the CEO was supposedly unavailable—was based on a factual and legal premise subsequently undermined by Judge Liman's ruling.

Judge Liman's decision confirms that Teman may participate remotely in unrelated civil matters notwithstanding the criminal case, so long as those proceedings lack the required nexus to fugitivity.

That is exactly the circumstance here.

The Court therefore misunderstood the significance of the intervening authority. The relevance of Teman v. Zeldes is not semantic repetition of the word "nexus." Rather, the relevance is that another SDNY judge subsequently applied that doctrine to Teman himself and concluded that unrelated civil litigation may proceed notwithstanding his remote participation from abroad.

That intervening SDNY authority directly undercuts the rationale for dismissal here.

Indeed, the logic of Judge Liman's ruling applies with even greater force in the AAA context because:

1. AAA proceedings routinely occur remotely;
2. physical presence is not required;
3. video participation is expressly permitted;

4. Teman continues to engage with the AAA in a timely manner;
5. and no aspect of the arbitration depended on Teman surrendering in United States v. Teman.

Accordingly, the Court's prior conclusion that there was "no intervening law" overlooked the actual substance of Judge Liman's ruling and its direct impact on the legal premise underlying dismissal. The ruling constitutes intervening persuasive SDNY authority demonstrating that Teman's remote participation in unrelated civil and arbitral proceedings cannot properly serve as a basis for dismissal.

**Conclusion**

Teman has been asking this court to intervene for over 4.5 years. He has filed to the Clerk, and emailed Judge Nathan and Judge Gorenstein, identifying himself as filing pro se.

For the foregoing reasons, Teman respectfully requests that the Court:

1. Grant reconsideration;
2. Vacate the prior denial of intervention;
3. Grant Teman intervention pursuant to Rule 24;
4. Deem intervention effective nunc pro tunc as of October 21, 2021, when Teman first transmitted his request for docketing and judicial intervention. (Or, Alternatively, October 27, 2026 when the Temp Pro Se email account acknowledged receipt of Teman's filing.)
5. Reopen the record for limited discovery concerning delayed or withheld productions; and
6. Grant such other and further relief as the Court deems just and proper.

Dated: May 6, 2026
Tel Aviv, Israel

Respectfully submitted,

/s/ Ari B. Teman
Ari B. Teman
Pro Se

**[PROPOSED] ORDER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GateGuard, Inc.,
Plaintiff,

V                                                                    . Case No. 1:20-cv-01609 (VEC)

Goldmont Realty Corp., et al.,
Defendants.

**ORDER**

Upon consideration of Ari B. Teman's Motion for Reconsideration, Intervention Nunc Pro Tunc, and Related Relief, and the record herein, the Court finds that Teman previously sought judicial intervention and docketing of the relevant allegations on or about October 21 through Nov 3, 2021, and that the prior ruling overlooked material evidence concerning timeliness.

Accordingly, it is hereby ORDERED that:

1.  The Motion is GRANTED;
2.  The Court's prior denial of intervention is VACATED;
3.  Ari B. Teman is granted intervention pursuant to Federal Rule of Civil Procedure 24;
4.  Such intervention shall be deemed effective nunc pro tunc as of October 21, 2021, the date Mr. Teman submitted his request for intervention to the Temp Pro Se Clerk email;
5.  The matter is reopened for limited proceedings consistent with this Order; and
6.  The Court shall schedule such further proceedings as necessary to address discovery issues raised in the motion papers.

SO ORDERED.

Dated: _____, 2026

_____

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE