

**MEMO ENDORSED**

June 24, 2026

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/25/2026

**Via ECF**
Hon. Valerie E. Caproni
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    GateGuard Inc. v. Goldmont Realty Corp., et al.
       Case No.: 1:20-cv-01609-VEC-GWG

Dear Judge Caproni:

This office represents defendants Goldmont Realty Corp., Leon Goldenberg, and Abi Goldenberg (collectively, "Defendants") in the above-referenced action. We respectfully write to request clarification from the Court regarding the scope and effect of the Court's Order of Dismissal, dated November 17, 2025 (Dkt. 216), which dismissed this action.

By way of background, this action was commenced in February 2020 and, pursuant to the Court's prior orders, certain claims were referred to arbitration while the Court retained supervisory jurisdiction. The arbitration has not proceeded to any final hearing or award. On November 17, 2025, plaintiff's newly-retained counsel filed a letter with the Court (Dkt. 216), which the Court endorsed "SO ORDERED" and which resulted in the dismissal and closure of this case on the docket.

Defendants respectfully seek clarification as to whether the Court's Order of Dismissal (i) terminated only the Court's active supervisory role over the arbitration proceeding, or (ii) dismissed and terminated the underlying claims themselves-and, by extension, the arbitration proceeding predicated upon those claims.

Defendants note that the Order was entered on the docket as an Order of Dismissal, and that the case was marked as closed. The customary meaning of a dismissal order is that the claims asserted in the action have been terminated and are no longer pending. In the absence of any explicit language limiting the Order's effect solely to the Court's supervision of a collateral arbitration proceeding-while leaving the underlying claims and arbitration otherwise intact-the Order would appear, on its face, to constitute a final disposition of this action and the claims contained therein.

As the arbitration proceeding derives its existence from, and is wholly dependent upon, the claims asserted in this Court, Defendants respectfully submit that a dismissal of those claims would necessarily preclude any further arbitration. If the Court intended the dismissal to have such effect, Defendants would respectfully request that the Court confirm that the arbitration may not proceed. Alternatively, if the Court intended only to terminate its supervisory oversight while preserving the underlying claims and arbitration, Defendants would respectfully request

160 Broadway, 8TH Floor, New York, NY 10038
o 212.796.8914   f 212.401.4757   w kandsllp.com

clarification to that effect so that all parties may proceed with certainty as to their rights and obligations.

Defendants further advise the Court that, as of the date of this writing, plaintiff Ari Teman has not returned to the United States.

In light of the foregoing, Defendants respectfully request that the Court issue a brief order or endorsement clarifying the intended scope and effect of its November 17, 2025 Order of Dismissal.

Respectfully Submitted,

Simcha D. Schonfeld, Esq.

This action was dismissed with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  This Court, therefore, will play no role in compelling arbitration or enforcing an award.  Beyond that, the Court expresses no view on how its ruling affects any private agreements between the parties to arbitrate.

SO ORDERED.

6/25/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE